UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:14-cv-21385-JAL

WREAL, LLC, a Florida Limited Liability Company,

    Plaintiff,

v.

AMAZON.COM, INC., a Delaware corporation,

    Defendant.

JURY TRIAL DEMANDED

## ANSWER AND ADDITIONAL DEFENSES OF AMAZON.COM, INC.

Defendant Amazon.com, Inc. ("Amazon"), by and through its attorneys, answers and asserts additional defenses as follows to the Complaint filed by Plaintiff WREAL, LLC ("WREAL") on April 17, 2014:

### NATURE OF CLAIM

1.    Amazon admits that FyreTV is marketed to audiences who wish to specifically view pornography under the name FyreTV and via the website FyreTV.com, that WREAL purports to be the registered owner of U.S. Trademark Nos. 3517534 and 3517535, and that the U.S. Patent and Trademark Office acknowledged declarations of incontestability for these marks; except as specifically admitted, Amazon lacks information sufficient to admit or deny the allegations in this paragraph and, therefore, denies such allegations.

2.    Amazon admits that Amazon is one of the largest online retailers in the United States and that it sells a broad variety of merchandise, that Amazon markets digital content and provides streaming audio and video services, that on approximately April 2, 2014, Amazon launched the Amazon Fire TV, and that the Amazon Fire TV is a device that, among other

things, permits consumers to stream on-demand content over the internet to their televisions; except as specifically admitted, Amazon denies the allegations in this paragraph.

## PARTIES

3. Amazon lacks information sufficient to admit or deny the allegations in this paragraph, and, therefore, denies such allegations.

4. Amazon admits the allegations in this paragraph.

## JURISDICTION AND VENUE

5. Amazon admits that this Court has subject-matter jurisdiction over this action.

6. Amazon denies that it has committed any acts of infringement; however, Amazon consents to the personal jurisdiction of this Court for the purpose of this action.

7. Amazon denies that it has engaged in any conduct that would give rise to a valid claim; however, Amazon consents to venue in this district for the purpose of this action.

## FACTUAL ALLEGATIONS

8. Amazon lacks information sufficient to admit or deny the allegations in this paragraph, and, therefore, denies such allegations.

9. Amazon admits that FyreTV now appears reachable through websites www.fyretv.com and www.firetv.com; except as specifically admitted, Amazon lacks information sufficient to admit or deny the allegations in this paragraph, and, therefore, denies such allegations.

10. Amazon lacks information sufficient to admit or deny the allegations in this paragraph, and, therefore, denies such allegations.

11. Amazon lacks information sufficient to admit or deny the allegations in this paragraph, and, therefore, denies such allegations.

12. Amazon lacks information sufficient to admit or deny the allegations in this paragraph, and, therefore, denies such allegations.

13. Amazon lacks information sufficient to admit or deny the allegations in this paragraph, and, therefore, denies such allegations.

14. Amazon lacks information sufficient to admit or deny the allegations in this paragraph, and, therefore, denies such allegations.

15. Amazon lacks information sufficient to admit or deny the allegations in this paragraph, and, therefore, denies such allegations.

16. Amazon lacks information sufficient to admit or deny the allegations in this paragraph, and, therefore, denies such allegations.

17. Amazon admits that Exhibit 1 purports to be copies of trademark status pages for the marks FyreTV and FyreTV.com under U.S. Patent and Trademark Office Registration Nos. 3517534 and 3517535; except as specifically admitted, Amazon lacks information sufficient to admit or deny the allegations in this paragraph, and, therefore, denies such allegations.

18. Amazon admits that the U.S. Patent and Trademark Office acknowledged declarations of incontestability for U.S. Trademark Nos. 3517534 and 3517535; except as specifically admitted, Amazon lacks information sufficient to admit or deny the allegations in this paragraph, and, therefore, denies such allegations.

19. Amazon admits that FyreTV now appears reachable through www.firetv.com; except as specifically admitted, Amazon lacks information sufficient to admit or deny the allegations in this paragraph, and, therefore, denies such allegations.

20. Amazon admits that Amazon launched the Amazon Fire TV on approximately April 2, 2014 and that Amazon describes the Amazon Fire TV as "Amazon's brand new

streaming media player," except as specifically admitted, Amazon denies the allegations in this paragraph.

21. Amazon admits that Amazon launched the Amazon Fire TV on approximately April 2, 2014; except as specifically admitted, Amazon lacks information sufficient to admit or deny the allegations in this paragraph, and, therefore, denies such allegations.

22. Amazon admits that Amazon Technologies, Inc., applied to register the name "FIRETUBE" with the U.S. Patent and Trademark Office on approximately September 25, 2013; except as specifically admitted, Amazon denies the allegations in this paragraph.

23. Amazon admits that Amazon Fire TV was introduced on its launch day on the amazon.com home page and that the Amazon Fire TV announcement presented Amazon Fire TV as, among other things, a set-top box capable of providing streaming video content to end users. Amazon lacks information sufficient to admit or deny the allegations in the second sentence of the paragraph, and, therefore, denies such allegations. Except as specifically admitted, Amazon denies any remaining allegations in this paragraph.

24. Amazon admits that, at the time of the launch of the Amazon Fire TV, Amazon often placed the word "Amazon" near "Fire TV". As they relate to WREAL, Amazon lacks information sufficient to admit or deny the allegations in this paragraph, and, therefore, denies such allegations; otherwise, and except as specifically admitted, Amazon denies the allegations in this paragraph.

25. Amazon admits that Amazon Technologies, Inc., registered the domain name amazonfiretv.com; except as specifically admitted, Amazon denies the allegations in this paragraph.

26. Amazon lacks information sufficient to admit or deny the allegations in this paragraph, and, therefore, denies such allegations.

27. Amazon admits that it describes the Amazon Fire TV as "a tiny box that plugs into your HDTV" and that Amazon has used the following language in connection with Amazon Fire TV: "instant access to over 200,000 TV episodes and movies, plus all your favorite subscriptions and streaming services, you can watch what you want, when you want".

28. Amazon admits that Amazon claims the Amazon Fire TV "connects your HDTV to a world of online entertainment".

29. Amazon denies the allegations in this paragraph.

30. Amazon admits that the Amazon Fire TV launch was covered by Engadget, Mashable, Gizmodo, and TechCrunch; except as specifically admitted, Amazon lacks information sufficient to admit or deny the allegations in this paragraph, and, therefore, denies such allegations.

31. Amazon admits that the Amazon Fire TV launch was covered by The New York Times, NBC News, and CNBC; except as specifically admitted, Amazon lacks information sufficient to admit or deny the allegations in this paragraph, and, therefore, denies such allegations.

32. Amazon admits that Amazon advertised Amazon Fire TV on television, including with ads featuring Gary Busey, which aired during the NCAA Men's Division I Basketball Tournament; except as specifically admitted, Amazon denies the allegations in this paragraph.

33. Amazon denies the allegations in this paragraph.

34. Amazon admits that on April 5, 2014, Amazon Fire TV was the #1 best seller at Amazon in Electronics and the #3 best seller on amazon.com; except as specifically admitted, Amazon denies the allegations in this paragraph.

35. Amazon admits that on April 11, 2014, Amazon was sold out of the Amazon Fire TV on amazon.com.

36. Amazon admits that an industry analyst has suggested that Amazon will sell approximately 5.8 million Amazon Fire TV products in 2014 and that Amazon Fire TV currently retails at $99; except as specifically admitted, Amazon denies the allegations in this paragraph.

37. Amazon admits it generates revenue from certain content sales, that Amazon Prime has millions of subscribers, that Amazon Prime provides customers with two-day shipping in certain instances, and that Amazon Prime members receive free Prime Instant Video access in the United States and Puerto Rico; except as specifically admitted, Amazon denies the allegations in this paragraph.

38. Amazon admits that Amazon launched the Amazon Fire TV on approximately April 2, 2014 and that CNBC.com ran an article on April 2, 2014 entitled "Amazon TV shares name with online porn site", as reflected in Exhibit 2; except as specifically admitted, Amazon denies the allegations in this paragraph.

39. Amazon admits that Exhibit 3 to the Complaint contains the language quoted in the first sentence of this paragraph. Amazon lacks information sufficient to admit or deny the remaining allegations in the first sentence of this paragraph. Amazon lacks information sufficient to admit or deny the allegations in the second sentence of this paragraph. Amazon denies the allegations in the third sentence of this paragraph.

40. Amazon denies the allegations in this paragraph.

41. Amazon lacks information sufficient to admit or deny the allegations in this paragraph, and, therefore, denies such allegations.

42. Amazon admits that a search for the term "Fire TV" in the Trademark Electronic Search System at the U.S. Patent and Trademark Office reveals the word marks "FYRETV.COM" and "FYRETV," as shown in the image in this paragraph of the Complaint; except as specifically admitted, Amazon denies the allegations in this paragraph.

43. Amazon admits that firetv.com now appears to be a domain used to market "FyreTV;" except as specifically admitted, Amazon denies the allegations in this paragraph.

44. Amazon admits that kindlefire.com redirects to the product page for Amazon's Kindle Fire tablet, that kindle.com redirects to the product page for Amazon's Kindle e-reader, and that kindlepaperwhite.com redirects to the product page for Amazon's Kindle Paperwhite; except as specifically admitted, Amazon denies the allegations in this paragraph.

45. Amazon admits that firetv.com now appears to be a domain used to market "FyreTV;" except as specifically admitted, Amazon denies the allegations in this paragraph.

46. Amazon admits that Amazon Technologies, Inc. registered the domain name amazonfiretv.com; except as specifically admitted, Amazon denies the allegations in this paragraph.

47. Without waiving any attorney-client or any other privilege, Amazon admits that it knew of the FyreTV and FyreTV.com marks at the time Amazon was deciding on the name of the Amazon Fire TV; except as specifically admitted, Amazon denies the allegations in this paragraph.

48. Amazon denies the allegations in this paragraph.

49. Amazon denies the allegations in this paragraph.

50. Amazon lacks information sufficient to admit or deny the allegations in this paragraph, and, therefore, denies such allegations.

51. Amazon lacks information sufficient to admit or deny the allegations in this paragraph, and, therefore, denies such allegations.

52. Amazon denies the allegations in this paragraph.

53. Amazon denies the allegations in this paragraph.

54. Amazon denies the allegations in this paragraph.

### Count I – Lanham Act – Infringement of a Federally Registered Mark

55. Amazon incorporates the responses in paragraphs 1–54 above as if set forth fully herein.

56. Amazon admits that WREAL purports to be the owner of the federally registered trademarks FyreTV and FyreTV.com; except as specifically admitted, Amazon denies the allegations in this paragraph.

57. Amazon denies the allegations in this paragraph.

58. Amazon admits Amazon does not have WREAL's explicit permission, consent, or authorization to use the Amazon Fire TV name; except as specifically admitted, Amazon denies the allegations in this paragraph.

59. Amazon denies the allegations in this paragraph.

60. Amazon denies the allegations in this paragraph.

61. Amazon denies the allegations in this paragraph.

62. Amazon denies the allegations in this paragraph

63. Amazon denies the allegations in this paragraph.

64. Amazon denies the allegations in this paragraph.

65. Amazon denies the allegations in this paragraph.

66. Amazon denies the allegations in this paragraph.

## Count II – Lanham Act – False Designation of Origin

67. Amazon incorporates the responses in paragraphs 1–54 above as if set forth fully herein.

68. Amazon denies the allegations in this paragraph.

69. Amazon denies the allegations in this paragraph.

70. Amazon denies the allegations in this paragraph.

71. Amazon denies the allegations in this paragraph.

72. Amazon denies the allegations in this paragraph.

73. Amazon denies the allegations in this paragraph.

74. Amazon denies the allegations in this paragraph.

## Count III – Florida Deceptive and Unfair Trade Practices Act

75. Amazon incorporates the responses in paragraphs 1–54 above as if set forth fully herein.

76. Amazon denies the allegations in this paragraph.

77. Amazon admits that the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") states that one of its "purposes" is "to protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202.

78. Amazon admits that Amazon Fire TV is sold nationwide; except as specifically admitted, Amazon denies the allegations in this paragraph.

79. Amazon denies the allegations in this paragraph.

80. Amazon denies the allegations in this paragraph.

81. Amazon denies the allegations in this paragraph.

### Count IV – Florida Trademark Infringement

82. Amazon incorporates the responses in paragraphs 1–54 above as if set forth fully herein.

83. Amazon lacks information sufficient to admit or deny the allegations in this paragraph, and, therefore, denies such allegations.

84. Amazon lacks information sufficient to admit or deny the allegations in this paragraph, and, therefore, denies such allegations.

85. Amazon denies the allegations in this paragraph.

86. Amazon denies the allegations in this paragraph.

87. Amazon denies the allegations in this paragraph.

88. Amazon denies the allegations in this paragraph.

89. Amazon admits Amazon does not have WREAL's explicit permission, consent, or authorization to use the Amazon Fire TV name; except as specifically admitted, Amazon denies the allegations in this paragraph.

90. Amazon denies the allegations in this paragraph.

91. Amazon denies the allegations in this paragraph.

92. Amazon denies the allegations in this paragraph.

### Count V – Florida Common Law Unfair Competition

93. Amazon incorporates the responses in paragraphs 1–54 above as if set forth fully herein.

94. Amazon denies the allegations in this paragraph.

95. Amazon denies the allegations in this paragraph.

96. Amazon denies the allegations in this paragraph.

## ADDITIONAL DEFENSES

Further answering the complaint, and as additional defenses thereto, Amazon asserts the following additional defenses, without assuming the burden of proof when the burden of proof on any issue would otherwise rest with WREAL. Amazon expressly reserves the right to amend its answer and defenses as additional information becomes available and/or is otherwise discovered.

### First Additional Defense

The Complaint fails to state a claim against Amazon upon which relief can be granted.

### Second Additional Defense

Amazon has not infringed and does not infringe any of the trademarks in suit because, at a minimum, there is no likelihood of confusion.

### Third Additional Defense

WREAL's claims for relief are barred in whole or in part by the equitable doctrine of unclean hands.

### Fourth Additional Defense

WREAL is not entitled to any injunctive relief because WREAL has, at a minimum, no likelihood of success on the merits, no irreparable injury, and cannot show that the balance of harm to it outweighs the damage of the injunction to Amazon and that an injunction would be in the public interest.

### Fifth Additional Defense

WREAL is not entitled to recover damages or other monetary relief because, at a minimum, it has suffered no damages or economic harm, its damages are uncertain, contingent, and speculative, and it has failed to mitigate damages.

### PRAYER FOR RELIEF

Wherefore, Amazon denies that WREAL is entitled to any relief as prayed for in the complaint or otherwise, and, accordingly, respectfully requests that this Court:

a. Dismiss WREAL's Complaint with prejudice;

b. Deny all relief sought by WREAL;

c. Adjudge, declare, and decree that the trademarks-in-suit have not been infringed by Amazon;

d. Issue a judgment awarding Amazon its costs incurred in this Action; and grant Amazon such other relief to which it may be entitled, including all attorney's fees and costs recoverable by law.

Dated: June 11, 2014

Respectfully submitted,

By: /s/Jamie Z. Isani
Jamie Zysk Isani (Florida Bar No. 728861)
HUNTON & WILLIAMS LLP
1111 Brickell Avenue, Suite 2500
Miami, Florida  33131
Telephone: (305) 810-2500
Facsimile: (305) 810-1675
jisani@hunton.com

Justin A. Nelson
Drew D. Hansen
Patrick C. Bageant
SUSMAN GODFREY L.L.P.
1201 Third Ave, Suite 3800
Seattle, Washington 98101
Telephone: (206) 516-3880
Facsimile:  (206) 516-3883
jnelson@susmangodfrey.com
dhansen@susmangodfrey.com
pbageant@susmangodfrey.com

*(Motions for pro hac vice admission forthcoming)*

*Counsel for Defendant Amazon.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 11, 2014, a true and correct copy of the foregoing was served by transmission of Notice of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below.


/s/Jamie Z. Isani
Jamie Zysk Isani

## SERVICE LIST

Carlos Nunez-Vivas
can@wnflaw.com
Daniel Foodman
df@wnflaw.com
Dennis J. Wouters
djw@wnflaw.com
John G. Marfoe
jgm@wnflaw.com
WNF Law, P.L. – Waserstein Nunez & Foodman
1111 Brickell Avenue
Suite 2200
Miami, Florida 33131
Tel.: (305) 760-8500
Fax: (305) 760-8510

*Attorneys for Plaintiff WREAL, LLC*