UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 14-cv-21385-Lenard/Goodman

WREAL, LLC, a Florida Limited
Liability Company,

       Plaintiff,
vs.

AMAZON.COM, INC., a Delaware
Corporation

       Defendant.
_____/

## JOINT SCHEDULING REPORT

Pursuant to paragraph 6 of the Court's June 13, 2014, Order Referring Preliminary Status Conference, Discovery Disputes and Certain Pretrial Motions to Magistrate Judge; Directing Parties to File Certificates of Interested Parties; Directing Parties to File a Notice of Refiling and/or of Related Cases; Requiring Completion of Form Consenting to Jurisdiction by Magistrate Judge; and Requiring Completion of Joint Scheduling Report and Form (the "Order") and Local Rules 16.1(b)(2) and (3), the attorneys of record hereby file their Joint Conference Report accompanied by the enclosed proposed Joint Scheduling Form with Plaintiff's and Defendant's proposed dates listed side by side.

**(A)**     **Likelihood of settlement:**

        The parties have not discussed settlement, but are open to and will explore settlement opportunities. The parties will immediately advise the Court of any settlement.

Case No. 14-21385-CIV-LENARD/GOODMAN

**(B)     The likelihood of appearance in the action of additional parties:**

    Unlikely at this time, however, information gathered during discovery may reveal the necessity for new parties.

**(C)     The necessity or desirability of amendments to the pleadings:**

    The parties do not anticipate amending their respective pleadings at this time, but reserve the right to do so on the basis of information revealed during discovery.

**(D)     A proposal for the formulation and simplification of issues, including the elimination of frivolous claims or defenses:**

    Throughout the proceedings, counsel for the parties will communicate to narrow the scope of issues and defenses raised in the litigation and pleadings.

**(E)     Suggestions for the avoidance of unnecessary proof and of cumulative evidence:**

    Throughout the proceedings, counsel for the parties will communicate to avoid unnecessary proof or cumulative evidence. If the parties are unable to reach an amicable solution prior to trial, this issue will be brought to the Court's attention prior to trial.

**(F)     A discussion of possible admissions of fact; of stipulations regarding the authenticity of documents; and of the need for advance rulings from the Court on the admissibility of evidence:**

    The parties anticipate that after discovery they may be able to stipulate to facts and the authenticity of documents reviewed by all counsel. The parties will communicate regarding possible stipulations of fact throughout the proceedings, and will advise the Court if advance rulings regarding the admissibility of evidence are necessary.

**(G)     A Preliminary Estimate of the Time Required for Trial:**

    Approximately 7-10 days.

Case No. 14-21385-CIV-LENARD/GOODMAN

**(H)** Any other information that might be helpful to the Court:

The parties conferred in writing and by phone and were unable to agree on dates for the Joint Scheduling Form. Therefore, the parties have submitted a Joint Scheduling Form attached as Exhibit "A" hereto with each party's proposed dates side by side. In support thereof, each party states as follows:

**Plaintiff's Statement**:

This is a relatively simple trademark infringement case. It involves only two parties and reverse confusion, which occurs when a large junior user such as Amazon.com saturates the market with a brand name similar or identical to that of a smaller, senior user such as Wreal, LLC. In this case, Amazon.com saturated the market with its new name "Fire TV" for a set top box for video streaming services. That name is substantially similar, if not identical, to Plaintiff's "FyreTV®"and "FyreTV.com®" protected marks for video streaming services. Amazon's new name "Fire TV" differs by only one letter, and is spoken exactly the same, as Wreal's protected mark "FyreTV®".

Accordingly, Plaintiff believes that this case must be resolved as early as possible. Plaintiff opines that this action belongs in the Standard Track, which requires discovery to be completed within 180 to 269 days from the Scheduling Order (i.e., approximately 6 to 9 months after the entry of the Scheduling Order). Moreover, the parties have agreed that the time reasonably required for trial is ten (10) days or less.

Based on the foregoing, the parties must complete discovery by April 2015. Plaintiff has proposed a trial date of October 14, 2015, which provides six

3

Case No. 14-21385-CIV-LENARD/GOODMAN

(6) months after the close of fact discovery for expert discovery to be completed, dispositive motions to be filed, and mediation to be completed. Defendant, on the other hand, proposes a trial date in mid-2016, more than a year after fact discovery must be completed under the Standard Track. Such a delay is unwarranted based on the circumstances of this case. Accordingly, Plaintiff respectfully requests that the Court adopt the deadlines and dates proposed by Plaintiff, as presented on the first column of the Joint Scheduling Form.

**Defendant's Statement**:

The parties conferred by phone on July 8, 2014, exchanged scheduling proposals in writing over the following days, and conferred once more by phone on July 11, 2014. Defendant's initial written proposal assumed a 12-month fact discovery period and a trial in July 2016; Plaintiff's initial written proposal assumed a 9-month fact discovery period and a trial in October 2015. In the telephone conference on July 11, Defendant's counsel proposed splitting the difference on fact discovery (i.e., a 10.5-month fact discovery period) and moving the trial date up accordingly to May 2016. (Defendant proposes a fact discovery period of at least ten-and-a-half months because it anticipates that this case will be fact-intensive, that the claims and defenses at issue will be legally complex, and that discovery into those issues (an undertaking that has not even begun) will require significant time from both parties to complete.) Plaintiff's counsel stated they would not accept a trial date after December 2015, which--in Defendant's view--gives insufficient time for the Court to consider dispositive and *Daubert* motions before the trial date.

Case No. 14-21385-CIV-LENARD/GOODMAN

Defendant therefore respectfully proposes the dates in the "Defendant" column of the Joint Scheduling Form, which (1) assume a fact discovery period of 10.5 months (in between the parties' initial 9-month and 12-month proposals), (2) set dispositive and *Daubert* motions to be filed in mid-October 2015, and (3) suggest trial on the first Monday in May 2016, four months from when dispositive and *Daubert* motions will be fully briefed (the end of 2015, as Defendant informed Plaintiff that Defendant would agree to an extension of the usual briefing deadlines to 30 days for responses and 14 days for replies given the likelihood that Defendant will file substantial motions). Defendant respectfully requests that the Court adopt its proposed schedule.

**(I)     Suggestions on the advisability of referring matters to a Magistrate Judge or master:**

Pursuant to paragraph 2 of the Order, this cause was referred to United States Magistrate Judge Jonathan Goodman to take all necessary and proper actions as required by law with respect to all discovery disputes and discovery motions as well as non-case dispositive motions filed under Fed. R. Civ. P. 12-15. The parties have stated their positions on Fed. R. Civ. P. 73 referral to a magistrate judge in the separate Consent to Magistrate form filed herewith.

Case No. 14-21385-CIV-LENARD/GOODMAN

Respectfully submitted,

| WNF LAW, P.L.<br>*Attorneys for WREAL, LLC*<br>1111 Brickell Avenue, Suite 2200<br>Miami, Florida 33131<br>Phone: (305) 760-8500 / Fax: (305) 760-8510<br><br>By: /s/ John G. Marfoe<br>Carlos Nunez-Vivas  (FL. Bar No.: 128181)<br>can@wnflaw.com<br>Daniel Foodman (FL. Bar No.: 337160)<br>df@wnflaw.com<br>Dennis J. Wouters (FL. Bar No.: 28692)<br>djw@wnflaw.com<br>John G. Marfoe (FL. Bar No.: 101535)<br>jgm@wnflaw.com | By:  /s/Jamie Zysk Isani               /<br>Jamie Zysk Isani (Fla. Bar No. 728861)<br>Shannon Shaw (Fla. Bar No. 0092806)<br>HUNTON & WILLIAMS LLP<br>1111 Brickell Avenue, Suite 2500<br>Miami, Florida  33131<br>Telephone: (305) 810-2500<br>Facsimile: (305) 810-1675<br>jisani@hunton.com<br>sshaw@hunton.com<br><br>Justin A. Nelson (admitted pro hac vice)<br>Drew D. Hansen (admitted pro hac vice)<br>Patrick C. Bageant (admitted pro hac vice)<br>SUSMAN GODFREY L.L.P.<br>1201 Third Ave, Suite 3800<br>Seattle, Washington 98101<br>Telephone: (206) 516-3880<br>Facsimile:  (206) 516-3883<br>jnelson@susmangodfrey.com<br>dhansen@susmangodfrey.com<br>pbageant@susmangodfrey.com<br><br>*Counsel for Defendant Amazon.com* |