UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 14-cv-21385-Lenard/Goodman

WREAL, LLC, a Florida Limited
Liability Company,

        Plaintiff,
vs.

AMAZON.COM, INC., a Delaware
corporation,

        Defendant.
_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO SET EXPEDITED
SCHEDULING CONFERENCE IN CONNECTION WITH
<u>PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION</u>**

On September 29, 2014, Plaintiff WREAL, LLC ("WREAL") requested an expedited scheduling conference in connection with its motion for preliminary injunction (DE 28) and submitted a proposed discovery and briefing schedule with its request. DE 32. Defendant Amazon.com, Inc. ("Amazon") joins the request for an expedited scheduling conference but opposes the other relief WREAL requests, and, in support, states as follows:

1.    WREAL filed its Complaint in this action, alleging trademark infringement from Amazon's "Fire TV" device, which enables the streaming of media to a television set, on April 17, 2014. DE 1. On September 22, 2014—over five months after filing the Complaint—WREAL filed a motion for a preliminary injunction enjoining Amazon from using the "Fire TV" name. DE 28. This was a surprising development: WREAL's Complaint prays for an array of relief, including a preliminary injunction, but WREAL did not raise the possibility of a preliminary injunction motion in the parties' Joint Scheduling Report (DE 22), filed in mid-July,

where WREAL's counsel instead stated simply that it anticipated a six to nine month discovery period followed by a seven to ten day trial (*id.* at 3), nor in late August, when the parties jointly filed an Amended Joint Scheduling Form in which they agreed to complete fact discovery by June 1, 2015 and expert discovery by August 31, 2015 (DE 25).

2. Now, however, after waiting over five months, WREAL has suddenly decided not only that it needs preliminary injunctive relief but also that it needs discovery on an expedited schedule from Amazon—even though WREAL has, to date, served exactly zero discovery on Amazon.  WREAL thus asks this Court to enter a schedule where both parties respond to discovery in a compressed two-week time frame and Amazon's response to the preliminary injunction motion is due on the same date it is now (October 23).

3. WREAL's five-month delay in seeking a preliminary injunction is alone sufficient reason for the Court to deny its request for an injunction.  "[A] plaintiff's delay in seeking an injunction in a trademark case tends to neutralize any presumption that infringement alone will cause irreparable harm pending trial, and such delay alone may justify denial of a preliminary injunction for trademark infringement."  *Seiko Kabushiki Kaisha v. Swiss Watch Int'l*, 188 F. Supp. 2d 1350, 1355–56 (Lenard, J.) (internal quotation marks and citation omitted).

4. WREAL's delay is also a reason to deny its request to conduct discovery and brief its motion on the accelerated schedule it proposes.  A party seeking expedited discovery must demonstrate "good cause," which includes a consideration of "(1) whether a motion for preliminary injunction is pending; (2) the breadth of the requested discovery; (3) the reason(s) for requesting expedited discovery; (4) the burden on the opponent to comply with the request for discovery; and (5) how far in advance of the typical discovery process the request is made."  *St. Jude Medical S.C., Inc. v. Biosense Webster, Inc.*, No. 13-cv-333-ORL-28TBS, 2013 WL

1502184, at *1 (M.D. Fl. Apr. 12, 2013). Here, after serving no discovery at all in the case to date, WREAL suddenly wants the Court to order Amazon to produce documents and otherwise respond to discovery requests (which will, apparently, be served tomorrow) on an extremely compressed schedule, at a time when Amazon is already responding to WREAL's preliminary injunction motion.

5. This is enormously burdensome. WREAL could have used the several months since the Rule 26(f) conference to pursue discovery from Amazon and write a motion based on that discovery. Instead, WREAL chose to sit on its hands, not serve any discovery on Amazon, and then write a preliminary injunction motion relying largely on public-source information (most, if not all, of which was available to WREAL many months ago) and a self-serving declaration from its Chief Operating Officer. WREAL's tactical decision to litigate its motion in this fashion does not constitute "good cause" for ordering Amazon to submit to expedited discovery.

6. All the same, Amazon's counsel has told WREAL's counsel that they are willing to work together on an appropriate schedule. This schedule would incorporate discovery from WREAL—WREAL's roughly 180-page filing is rife with factual assertions that Amazon is entitled to test through discovery—and there appears to be no dispute on this point: WREAL has already offered, both in conversations with Amazon's counsel and in its motion, to complete its document production by October 14. There should then be a reasonable time—about 30 days—for Amazon's counsel to review documents, take at least one deposition (of WREAL's declarant, its Chief Operating Officer), and conduct whatever additional work is appropriate based on the document productions, which may include working with experts. Amazon would then request a reasonable time (about 14 days) to write a response brief based on this work. Amazon therefore

proposes the following schedule, which it discussed with WREAL's counsel on Friday, September 26, before WREAL filed its motion:

    a.    WREAL shall complete its responses to Amazon's discovery requests, served September 26, 2014, by **October 14, 2014.**

    b.    Amazon shall complete any depositions of WREAL personnel by **November 11, 2014.**

    c.    Amazon's response to WREAL's Motion for Preliminary Injunction shall be due on **November 25, 2014.**

    d.    WREAL's reply brief shall be due on **December 5, 2014**.

7.    This schedule would give Amazon sufficient time to conduct discovery based on the factual assertions in WREAL's motion and write a responsive brief based on that discovery. Given that WREAL waited over five months since filing the Complaint to move for a preliminary injunction, it is difficult to see how an additional 30 days or so—the difference in the total schedule time between WREAL's proposal (reply brief due November 3) and Amazon's proposal (reply brief due December 5)—is material, particularly where that time would give Amazon a reasonable opportunity to conduct discovery and prepare its response.

8.    Amazon respectfully requests that the Court rather than the Magistrate Judge conduct any evidentiary hearing on the preliminary injunction motion. As the ultimate determination of the preliminary injunction motion will be for the Court to decide, it would conserve judicial resources for the Court to review the factual evidence and hear any testimony in the first instance.

**WHEREFORE**, Defendant Amazon respectfully joins in WREAL's request for an expedited scheduling conference and requests the entry of Amazon's proposed discovery and briefing schedule, as outlined above.

Dated:  September 29, 2014                HUNTON & WILLIAMS LLP

By:  /s/Jamie Z. Isani
　　　Jamie Zysk Isani
　　　jisani@hunton.com
　　　Florida Bar No. 728861
　　　Shannon Shaw
　　　sshaw@hunton.com
　　　Florida Bar No. 0092806
　　　1111 Brickell Avenue, Suite 2500
　　　Miami, FL 33131
　　　Telephone: (305) 810-2500
　　　Facsimile: (305) 810-2460

Justin A. Nelson (admitted *pro hac vice*)
Drew D. Hansen (admitted *pro hac vice*)
Patrick C. Bageant (admitted *pro hac vice*)
SUSMAN GODFREY L.L.P.
1201 Third Ave, Suite 3800
Seattle, Washington 98101
Telephone: (206) 516-3880
Facsimile:  (206) 516-3883
jnelson@susmangodfrey.com
dhansen@susmangodfrey.com
pbageant@susmangodfrey.com

*Counsel for Defendant Amazon.com*

## CERTIFICATE OF SERVICE

I hereby certify that September 29, 2014, a true and correct copy of the foregoing was served by transmission of Notice of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below.

/s/Jamie Z. Isani 
Jamie Zysk Isani

## SERVICE LIST

Carlos Nunez-Vivas
can@wnflaw.com
Daniel Foodman
df@wnflaw.com
Dennis J. Wouters
djw@wnflaw.com
John G. Marfoe
jgm@wnflaw.com
WNF Law, P.L. - Waserstein Nunez & Foodman
1111 Brickell Avenue
Suite 2200
Miami, Florida 33131
Tel.: (305) 760-8500
Fax: (305) 760-8510

*Attorneys for Plaintiff WREAL, LLC*