UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 14-CIV-21385-LENARD/GOODMAN

WREAL, LLC, a Florida Limited
Liability Company,

    Plaintiff,

vs.

AMAZON.COM, INC., a Delaware
Corporation

    Defendant.
_____/

**PLAINTIFF'S REPLY IN SUPPORT OF ITS
MOTION TO SET EXPEDITED SCHEDULING CONFERENCE
<u>IN CONNECTION WITH ITS MOTION FOR PRELIMINARY INJUNCTION</u>**

Plaintiff WREAL, LLC ("WREAL") hereby submits its Reply in Support of Its Motion to Set Expedited Scheduling Conference in Connection with its Motion for Preliminary Injunction and states as follows:

Defendant Amazon.com, Inc.'s ("Amazon") response fundamentally misconstrues the nature of the relief sought by WREAL and the conversations between counsel that led to WREAL's request for an expedited scheduling conference. WREAL is ready to proceed with a hearing on its motion for preliminary injunction. During the parties' meet and confer calls, it was Amazon, not WREAL, that insisted upon taking limited discovery. WREAL agreed, on the condition that it could also take its own, limited discovery from Amazon. WREAL sought reciprocity, and nothing more.

As WREAL explained, the discovery requests that Amazon served on September 26, 2014, are anything but limited. Amazon served 70 separate requests for production, along with

interrogatories. (*See* Ex. 1, Amazon's First Requests for Production). WREAL did not agree to full-blown merits discovery, which Amazon now seeks. Nevertheless, WREAL intends to respond to Amazon's non-objectionable requests on the timetable that it proposed. By comparison, WREAL will serve a far more limited set of document requests on Amazon, narrowly tailored to the issues in front of the Court on Plaintiff's Motion for Preliminary Injunction. To be sure, WREAL will not seek anything remotely as irrelevant and overbroad as, for example:

> **Amazon's Request for Production No. 27:**
> Documents sufficient to show your investors and/or owners and their percentages of ownership.
>
> **Amazon's Request for Production No. 52:**
> All documents related to Amazon.[1]
>
> **Amazon's Request for Production No. 68:**
> All documents related to the facts you allege in your Complaint.

Even more, Amazon now attempts to seize upon what it claims is WREAL's purported unreasonable delay in filing its motion for preliminary injunction to push a hearing on WREAL's motion out even further than the reasonable schedule that WREAL proposed. As an initial matter, there has been no unreasonable delay. Amazon launched its "Fire TV" streaming video device and service on April 2, 2014. WREAL, which operates a nearly identical streaming video service called FyreTV, and owns the registered marks FyreTV® and FyreTV.com®, was completely blindsided by Amazon's announcement that it was launching a video streaming device and service confusingly called "Fire TV." Yet, WREAL filed its Complaint in this case only two weeks later, on April 17, 2014, and that Complaint put Amazon on notice that WREAL

---

[1] WREAL will produce documents related to Amazon, including those that show that Amazon was working with WREAL as far back as 2011 to sell FyreTV alongside the vast selection of adult-oriented items Amazon stocks on its virtual shelves.

sought preliminary injunctive relief. Moreover, WREAL first disclosed its full motion for preliminary injunction on September 19, 2014, barely five months later.

Amazon mistakenly believes that the time WREAL took to further investigate and prepare its case for a preliminary injunction "neutralize[s] any presumption that infringement alone will cause irreparable harm pending trial…." *Seiko Kabushiki Kaisha v. Swiss Watch Intern., Inc.*, 188 F. Supp. 2d. 1350, 1355-56 (S.D.Fla. 2002) (Lenard, J.) *Seiko* is completely inapposite, however. In that case, the plaintiff waited *at least* a full year (and possibly 16 years) after learning of the defendant's infringement before filing a lawsuit. *Id.* at 1353, 1356. It then waited an additional four months before filing its motion for preliminary injunction *Id.* at 1353. And in that case this Court found that the plaintiff had not shown a likelihood of success on the merits. *Id.* at 1355-56.

In stark contrast, in this case, as demonstrated in WREAL's motion for preliminary injunction, it has an overwhelming likelihood of success on the merits, and is being irreparably harmed. Under these circumstances, "a five-month delay is neither substantial nor egregious…." *Philip Morris, Inc. v. Allen Distributors, Inc.,* 48 F. Supp. 2d 844, 854 (S.D. Ind. 1999). In fact, in *Bellsouth Advertising and Publishing Corp. v. Real Color Pages*, 792 F. Supp. 775, 785 (M.D. Fla. 1991), the court held that Plaintiff's delay of **seven to eight** months in filing its motion for preliminary injunction "is not an unreasonable amount of delay, and does not necessitate the preclusion of a finding of irreparable injury." *See also Original Appalachian Artworks, Inc. v. Topps Chewing Gum, Inc.,* 642 F. Supp. 1031, 1040 (N.D. Ga. 1986) (entering preliminary injunction in a trademark infringement case that was *filed* 10 months after notice of infringement, in part because "defendant knew … that it was intentionally violating plaintiff's rights…").

Moreover, Amazon can hardly claim prejudice. It readily admitted that it knew about WREAL's marks when it was deciding on the name for its new device and service. Indeed, Amazon admitted that "[w]ithout waiving any attorney-client privilege,… it knew of the FyreTV and FyreTV.com marks at the time Amazon was deciding on the name of the Amazon Fire TV…." (D.E. 10 at ¶ 47). This admission suggests that Amazon's lawyers knew of WREAL's rights and that Amazon was ready, even then, for a claim to be brought by WREAL.

But Amazon chose to willfully infringe upon WREAL's marks anyway, presumably because it believed that it could steamroll a small, Florida-based tech startup into submission. One of the relatively few categories of documents WREAL will seek if the Court permits limited discovery is exactly when Amazon became aware of WREAL's rights to use the FyreTV name – which is exactly how long Amazon had to prepare for this litigation. In all likelihood, Amazon knew of its planned infringement for far longer than five months. Amazon did not bother to check with WREAL to see if it was a good time to unlawfully take its name.

Amazon's response is self-contradictory as well. It claims that it needs 30-days to review documents produced by WREAL *before* it starts to write its response brief, while at the same time claiming that WREAL's preliminary injunction motion relies "largely on public source information (most, if not all, of which was available to WREAL [**and Amazon obviously**] many months ago)." (D.E. 33 at 3). Thus, not only did Amazon have months to prepare for this inevitable litigation before it released its infringing device and service, which release blindsided WREAL, it also readily admits that WREAL's motion is based largely on an investigation Amazon could have, and should have, done itself.

WREAL is prepared to engage in limited discovery, along the timetable that it suggested in its motion. And WREAL will respond to each of Amazon's 70 document requests, and

interrogatories, within that timeframe. WREAL will serve Amazon with a far more limited, tailored request for production of documents, and will not seek any additional discovery from Amazon ahead of the hearing on the motion for preliminary injunction.

Finally, there is nothing in the rules that entitles Amazon to take discovery before it prepares its brief. Indeed, L.R. 7.1(c) provides Amazon with 14 days in which to file and serve its response to WREAL's motion. WREAL agreed in good faith to a 14 day enlargement of time, and was willing to agree to a limited discovery period. As Amazon admits, it was aware that WREAL intended to seek a preliminary injunction, as WREAL said so in its Complaint. Thus, Amazon was on full notice that WREAL intended to seek a preliminary injunction. It was Amazon, not WREAL, that sat on its hands, and failed to seek any discovery from WREAL, when it easily could have.

Thus, if Amazon believes that it will be extremely prejudiced by having to respond to WREAL's comparatively modest requests for production, WREAL will gladly withdraw its motion to set a scheduling conference, and proceed along the current schedule, which would make Amazon's response due on October 23, 2014, WREAL's reply due on November 3, 2014, and discovery responses due as provided by the Federal Rules of Procedure.

Accordingly, WREAL respectfully requests that this Court set an expedited discovery and briefing schedule as it proposed in its motion, or, in the alternative, leave the briefing schedule as it stands, and set a hearing on WREAL's motion for preliminary injunction within 10 days after briefing is complete, or as soon thereafter as is convenient for the Court.

CASE NO.: 14-21385-CIV-LENARD/GOODMAN

Respectfully submitted,

WNF LAW, P.L.
*Attorneys for WREAL, LLC*
1111 Brickell Avenue, Suite 2200
Miami, Florida 33131
Phone: (305) 760-8500
Fax: (305) 760-8510

By: */s/ John Marfoe*
    Carlos Nunez-Vivas
    Florida Bar No. 128181
    can@wnflaw.com
    Daniel Foodman
    Florida Bar No. 337160
    df@wnflaw.com
    Dennis J. Wouters
    Florida Bar No. 28692
    djw@wnflaw.com
    John G. Marfoe
    Florida Bar No. 101535
    jgm@wnflaw.com

CASE NO.: 14-21385-CIV-LENARD/GOODMAN

## CERTIFICATE OF SERVICE

I certify that on September 30, 2014, this document was served by transmission of Notice of Electronic Filing generated by CM/ECF on all counsel of record on the Service List below.

/s/ John Marfoe

## SERVICE LIST

| | |
|---|---|
| Justin A. Nelson, Esq. | Jamie Z. Isani, Esq. |
| Drew D. Hansen, Esq. | Shannon Shaw, Esq. |
| Patrick C. Bageant, Esq. | *Co-counsel for Defendant* |
| *Co-counsel for Defendant* | Hunton & Williams LLP |
| Susman Godfrey L.L.P. | 1111 Brickell Avenue |
| 1201 Third Avenue | Suite 2500 |
| Suite 3800 | Miami, FL 33131 |
| Seattle, WA 98101 | Tel. 305-810-2500 |
| Tel. 206-516-3880 | Fax 305-810-2460 |
| Fax 206-516-3883 | jisani@hunton.com |
| jnelson@susmangodfrey.com | sshaw@hunton.com |
| dhansen@susmangodfrey.com | |
| pbageant@susmangodfrey.com | |