UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-21385-CIV-LENARD/GOODMAN

WREAL LLC,

    Plaintiff,

v.

AMAZON.COM, INC.,

    Defendant.

_____/

### ORDER ON PLAINTIFF'S REQUEST FOR AN EVIDENTIARY HEARING ON ITS MOTION FOR PRELIMINARY INJUNCTION

This matter is before the Court on Plaintiff WREAL LLC's ("WREAL") Request for an Evidentiary Hearing on its Motion for Preliminary Injunction [ECF No. 29] (the "Motion"), which was referred to the Undersigned by the District Court [ECF No. 35]. The Undersigned has reviewed the Motion and it is **Ordered and Adjudged** that the Motion is **Granted in part and Denied in part**.

The Undersigned will hold an evidentiary hearing on WREAL's Motion for Preliminary Injunction [ECF No. 28] on a date to be determined in Courtroom 3 (room 1104) on the 11th Floor of the James Lawrence King Federal Justice Building, 99 Northeast Fourth Street, Miami, Florida.

The Undersigned will set aside 6 hours of testimony time for this hearing. Each side will have a total of 3 hours for all of their direct, cross and redirect examinations of

all witnesses, to be used in whatever manner the parties choose. WREAL or Defendant Amazon Inc., for example, may decide to cross-examine a single witness for three hours, leaving no time to question any other witness. Because this is an evidentiary hearing and not a jury trial, the Undersigned may ask questions of the witnesses. If that happens, then the time the witnesses spend in answering my questions will not be used in the time tally.

The Undersigned was earlier today about to upload this Order, scheduling the evidentiary hearing on the preliminary injunction for **December 17, 2014,** when Plaintiff's counsel filed [ECF No. 37] a "Notice of Unavailability," announcing his unavailability from December 15, 2014 through January 7, 2015. The Notice also says that it "shall constitute an application and request for continuance, extension of time, and/or protective order as appropriately required for the above reason."

Without commenting on the viability, propriety or effectiveness of such a Notice -- e.g., some judges in this district routinely strike these types of notices as having no effect and as being unduly burdensome on the Court's staff -- the Undersigned is willing to schedule the preliminary hearing on a date other than December 17 -- but, given Plaintiff's lengthy absence, it might not be until late January or early February 2015.

So Plaintiff and its counsel have a choice: they can have a preliminary injunction hearing on December 17, 2014 with another one of the attorneys besides Mr. Nunez-

Vivas, they can have the hearing on December 17, 2014 with Mr. Nunez-Vivas (who would have changed his plans so that he *is* available that day) or they can have the hearing in late January or early February 2014.

The Undersigned observes that the CM/ECF docket sheet reflects **four** attorneys for Plaintiff, so it appears that Mr. Nunez-Vivas' planned absence of more than three weeks may not unduly affect his client if he were absent from the hearing.

Plaintiff shall file a Notice **by tomorrow, October 3, 2014, at 5:00 p.m.,** advising of its selection from the alternatives listed above.

**DONE AND ORDERED** in Chambers, in Miami, Florida, October 2, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record