UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 14-CIV-21385-LENARD/GOODMAN

WREAL, LLC, a Florida Limited
Liability Company,

      Plaintiff,
vs.

AMAZON.COM, INC., a Delaware
Corporation

      Defendant.
_____/

**PLAINTIFF'S REPONSE IN OPPOSITON TO DEFENDANT'S
MOTION TO RE-SET EVIDENTIARY HEARING ON
<u>PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION</u>**

Plaintiff WREAL, LLC ("WREAL") submits its Response to Defendant's Motion to Re-Set Evidentiary Hearing on Plaintiff's Motion for Preliminary Injuntion, and states as follows:

WREAL seeks a preliminary injunction because it is being irreparably harmed by Amazon's intentional infringement on its marks. When the Court determined that it would schedule the evidentiary hearing on WREAL's Motion for Preliminary Injunction on December 17, 2014, WREAL's lead counsel immediately altered his family vacation plans to conform to this Court's availability.

In its Order on Plaintiff's Request for an Evidentiary Hearing on its Motion for Preliminary Injunction, the Court wisely observed that the CM/ECF docket sheet lists four attorneys for WREAL, and that WREAL may not be unduly prejudiced if Mr. Nunez-Vivas were absent for the hearing. [ECF No. 38]. The CM/ECF docket sheet also reflects four attorneys for Amazon, and thus Amazon may not be unduly prejudiced if Mr. Nelson is absent for the hearing.

Moreover, as Amazon acknowledges, the potential conflict is premature, as Mr. Nelson's scheduled trial may not happen. As to Amazon's witnesses, for the first time, it claims "a hearing on December 17 would significantly disrupt the availability of Amazon's *witnesses* who may testify at the hearing." [ECF No. 42 at p. 1 (emphasis added)]. This is insufficient. First, Amazon failed to identify any of these witnesses. Second, Amazon failed to state whether any of these witnesses are material to its defense. Third, Amazon failed to state how many material witnesses it intends to call in the three hours allotted by the Court to each side for the evidentiary hearing. Finally, Amazon failed to specify why each material witness who will testify at the hearing would be too busy to accommodate this Court's schedule. It only says, in general, that the week before Christmas is the busiest time for Amazon.

The fact is that Amazon should be able to move forward with the scheduled December 17, 2014, hearing, possibly without its lead counsel, but still represented by at least three other attorneys (Amazon is represented by two law firms in this case). Or, if the Court's schedule can accommodate an evidentiary hearing during the first week of December, WREAL and its attorneys will also accommodate their schedules to a new date set by the Court.

Furthermore, undersigned never agreed to Amazon's request that WREAL agree to a date other than December 17, 2014, for the evidentiary hearing. Indeed, as mentioned before, Mr. Nunez-Vivas, upon receiving this Court's Order on Plaintiff's Requests for an Evidentiary Hearing on Its Motion for Preliminary Injunction [ECF No. 38], immediately altered his family vacation plans in order to accommodate the Court's schedule, and have this matter heard on December 17, 2014. And, undersigned advised Amazon's counsel that WREAL did not agree to a continuance of the evidentiary hearing.

Finally, WREAL objects to the alternative dates suggested by Amazon's counsel for the

evidentiary hearing, to wit: January 8 or 9, 2015.  Amazon is aware that in Mr. Nunez-Vivas' Notice of Unavailability [ECF No. 37], he would be returning to his office from his preplanned family vacation on January 8, 2015.  Accordingly, scheduling the hearing on January 8 or 9, 2015, would provide no time for Mr. Nunez-Vivas to prepare prior the hearing.[1]

Accordingly, WREAL respectfully requests that this Court deny Amazon's motion, and grant any other relief that this Court deems just and proper.

Respectfully submitted,

WNF LAW, P.L.
*Attorneys for WREAL, LLC*
1111 Brickell Avenue, Suite 2200
Miami, Florida 33131
Phone: (305) 760-8500
Fax: (305) 760-8510

By: */s/ John Marfoe*
Carlos Nunez-Vivas
Florida Bar No. 128181
can@wnflaw.com
Daniel Foodman
Florida Bar No. 337160
df@wnflaw.com
Dennis J. Wouters
Florida Bar No. 28692
djw@wnflaw.com
John G. Marfoe
Florida Bar No. 101535
jgm@wnflaw.com

---

[1] Obviously, Amazon is mistaken in saying that "[r]escheduling to a date January 8, 2015 or thereafter also would accommodate Plaintiff's original scheduling request."  [ECF No. 42 at 2]. Originally, WREAL requested an evidentiary hearing in November 2014.

CASE NO.: 14-21385-CIV-LENARD/GOODMAN

## CERTIFICATE OF SERVICE

I certify that on October 2, 2014, this document was served by transmission of Notice of Electronic Filing generated by CM/ECF on all counsel of record on the Service List below.

/s/   John Marfoe

## SERVICE LIST

| | |
|---|---|
| Justin A. Nelson, Esq.<br>Drew D. Hansen, Esq.<br>Patrick C. Bageant, Esq.<br>*Co-counsel for Defendant*<br>Susman Godfrey L.L.P.<br>1201 Third Avenue<br>Suite 3800<br>Seattle, WA 98101<br>Tel. 206-516-3880<br>Fax 206-516-3883<br>jnelson@susmangodfrey.com<br>dhansen@susmangodfrey.com<br>pbageant@susmangodfrey.com | Jamie Z. Isani, Esq.<br>Shannon Shaw, Esq.<br>*Co-counsel for Defendant*<br>Hunton & Williams LLP<br>1111 Brickell Avenue<br>Suite 2500<br>Miami, FL 33131<br>Tel. 305-810-2500<br>Fax 305-810-2460<br>jisani@hunton.com<br>sshaw@hunton.com |