UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 14-21385-CIV-LENARD/GOODMAN

WREAL, LLC, a Florida limited liability
company,

       Plaintiff,

vs.

AMAZON.COM, INC., a Delaware
corporation,

       Defendant.
_____/

**WREAL'S MEMORANDUM OF LAW IN**
**OPPOSITION TO AMAZON'S MOTION FOR PROTECTIVE ORDER**

The parties have agreed, with one exception, to a protective order that will ensure that their trade secrets remain secret.[1]  It provides that highly confidential information may only be shared with the parties' outside counsel, as well as outside experts that agree to be bound by its terms.  Courts have repeatedly found these protections to be sufficient.  But Amazon is not satisfied and demands that Wreal identify and give Amazon the opportunity to object to even *non-testifying* experts that must view Amazon's highly confidential documents.  Amazon's proposed "expert identification" requirement is unnecessary, will interfere with Wreal's ability to prepare its case, violates Fed. R. Civ. P. 26(b)(4)(D), and will lead to unnecessary litigation over objections to possible experts.  Amazon cannot show good cause for this unnecessary and burdensome requirement, and its motion for protective order should be denied.

### 1. Courts Routinely Reject *Contested* Expert Identification Provisions.

Courts recognize the role that consulting experts play in a party's litigation strategy, and reject contested expert identification provisions.  In *RyMed Technologies v. ICU Medical, Inc.*, No. 3:10-1067, 2013 WL 1729209 (M.D. Tenn. April 22, 2013), the parties were "competitors and bitter rivals" that made needle-free IV connectors.  *Id.* at *1.  ICU insisted on an expert identification provision as part of a Rule 26(c) protective order, in part because RyMed had, in past litigation with ICU, designated an expert that prosecuted patents on behalf of a competitor.  *Id.* at *2.  The court disagreed, finding that the other protections in the protective order – which mirror the other protections here – were "sufficient to reasonably protect the parties from wrongful disclosure of their confidential information."  *Id.* at *3.  The court then held that an expert identification provision "is unnecessary, unduly restrictive, and should not be included in the protective order."  *Id.*  The same reasoning applies here.

---

[1] The proposed protective order, without the "expert identification" provision demanded by Amazon, is attached as Exhibit 1.

1

In *MGP Ingredients v. Mars, Inc.*, No. 06-2318-JWL-DJW, 2007 WL 756645 (D. Kan. March 8, 2007)[2], MGP sued Mars for patent infringement and misappropriation of trade secrets related to the popular Greenies® dog treat. 2007 WL 756645 at *3. Both parties agreed that a protective order was appropriate to protect their respective trade secrets. *Id.* One of the provisions that the parties *did not* agree on was an expert identification provision just like the one at issue here. MGP, like Wreal, maintained that the expert identification requirement was "wholly unnecessary because any concerns regarding the expert/consultant's position as a competitor…" was addressed by the requirement that any expert or consultant agree to abide by the terms of the stipulated protective order. *Id.* at 3.

Mars took the same position that Amazon takes here. It argued that it "must have the ability to assert an objection…" prior to disclosure "because once the confidential information is disclosed to a competitor, the damage … is complete and cannot be undone." *Id.* The court was not persuaded by Mars' argument, and held that "the forced disclosure of the identities of a party's non-testifying experts and consultants represents an unwarranted intrusion into the party's litigation strategy and would provide the opposing party with an unjust advantage." *Id.* at *4. The same reasoning applies here, and the expert identification provision that Amazon demands would "subvert the principle of fairness underlying…" Rule 26(b)(4)(D). *Id.*

In *United States v. AT&T*, Case No. 1:11-cv-01560-ESH (D.D.C. 2011), Google sought to intervene in litigation brought by the government to stop the then-pending merger between AT&T and T-Mobile. Google wanted to intervene in order to modify the protective order in place in that case. One of the modifications that Google asked for was an expert identification

---

[2] Amazon argued in the draft that it shared with Wreal on November 6, 2014, that *Mars* does not apply because that court found that the *parties* were not competitors. But Amazon and Wreal have agreed that documents designated highly confidential may only be viewed by the parties' counsel and not by the parties, who are competitors.

provision. The court allowed Google to intervene, but made it perfectly clear that the court did not "suggest that any of Google's proposed modifications should be adopted." *See* Ex. 2 at 2. The *AT&T* court then singled out for criticism Google's request for an expert identification provision, explaining that Google's proposal "could interfere with defendants' ability to prepare their case, violate Federal Rule of Civil Procedure 26(b)(4)(D), and provide for unnecessary litigation over objections to possible experts." *Id.*

An expert identification provision will "bog down" discovery in this case. *Medtronic, Inc. v. Guidant Corp.*, 2001 WL 34784493 at *3 (D. Minn. Dec. 20, 2001). In *Medtronic,* the circumstances were identical to this case. The parties agreed on a protective order that required non-testifying experts to be bound by the parties' agreed confidentiality provisions. *Id.* But Medtronic, like Amazon, sought a protective order requiring identification and the opportunity to object before disclosure of confidential material to non-testifying experts. *Id.* The *Medtronic* court recognized that "[f]inding an appropriate expert can be a time consuming and expensive process," and denied the request. It explained that "[t]o rule otherwise creates the potential for a long series of expert vetoes" that "would cause discovery to drag on needlessly." *Id.*

The Court should reject Amazon's needless proposal for the same reasons. Amazon's competition is not limited to Google and Netflix. Amazon competes with virtually everyone, including retailers from Wal-Mart to small local bookstores. Amazon's proposed expert identification provision casts a broad net, and could lead to a needless string of objections. This will hamper Wreal's ability to prepare its case. Wreal would be forced to disclose the identity of its non-testifying experts, which provides a wealth of information to Amazon about Wreal's litigation strategy. Then Amazon can simply object, and block Wreal from consulting with that expert until the Court rules otherwise. This entire exercise can be avoided without jeopardizing

3

Amazon's trade secrets if the Court enters the parties' stipulated protective order, absent the unnecessary "expert identification" provision.

### 2. Amazon's Reliance on Stipulated Protective Orders is Misplaced.

Amazon focuses on model *stipulated* protective orders from various district courts across the country. This authority is not persuasive. The parties are not in agreement, and Wreal is not willing to compromise its ability to prepare its case and risk stalling discovery.

Indeed, Amazon cites only two cases where a court ruled on a contested expert identification provision in this context[3], *In re Neubauer,* 173 B.R. 505, 508 (D. Md. 1994) and *Oregon Health & Sciences Univ. v. Vertex Pharm.,* No. Civ. 01-1272-HU, 2002 WL 31968995 (D. Or. Oct. 24, 2002). Both were decided before the recent amendments to Rule 26 that recognize the important role that experts play in litigation preparation and strategy, and are otherwise easily distinguished.

In *Neubauer*, the court ordered an individual debtor in a bankruptcy proceeding to disclose the identity of experts that would view the bank's internal policies and procedures on loan decisions. *Neubauer*, 173 B.R. at 507. The debtor in *Neubauer*, however, conceded that it would be "difficult to withhold…" the bank's confidential information from its competitors. *Id.* And the concern that the court identified in *Neubauer* simply is not present here:

> [Y]ou [Neubauer's counsel] may go to an officer or someone you think who is a consultant or an officer of a competitor of this bank and that person may get all this information and say I won't be your expert. Now how do we protect the bank...

*Id.* at 508. Wreal's proposed protective order, like the ones in *RyMed*, *Mars,* and *Meditronic*, requires any expert be bound by the protective order *before* seeing any confidential information.

---

[3] The court in *Ibrahim v. Dep't of Homeland Sec.*, 669 F.3d 983 (9th Cir. 2012) also required disclosure of non-testifying experts, but that case is inapposite because the information that the government sought to protect was designated as "Sensitive Security Information" by the Department of Homeland Security, and its disclosure was restricted by law. *Id.* at 998.

4

In *Oregon Health*, the defendant, Vertex, was a pharmaceutical company that was concerned that its competitors would have access to "confidential pharmaceutical research." 2002 WL 31968995 at *2. Vertex apparently wanted the court to require Oregon Health to disclose the name and curriculum vitae of its non-testifying experts. The *Oregon Health* court did require disclosure of "the name and city of residence…" of each expert, but, in an apparent attempt to lower the risk that the protective order would impair the ability of the parties to litigate their case, did *not* require disclosure of the curriculum vitae of non-testifying experts. *Id.* at *3. Thus, Vertex could determine whether the disclosed expert was a competitor in its field, but otherwise would not have any easily obtainable information on that expert.

A compromise like the one in *Oregon Health* may have been sufficient twelve years ago, but would be unworkable today. The identity of an expert gives more than just a name. For example, Thomson Reuters provides access to "a growing collection of more than 500,000 expert profiles…" that allows litigators to obtain a wealth of information and "[l]ook far beyond the expert's resume…." *See* Ex. 3. (emphasis added). The mere disclosure of an expert's identity provides the opposing side with a wealth of knowledge that goes far beyond the expert's curriculum vitae, something the *Oregon Health* court would not require. It follows that *Oregon Health* would be decided differently today, as that court would be unable to reach the same compromise that it did twelve years ago given how much information now comes along with a name.

Accordingly, Amazon's motion for protective order should be denied, and the Court should enter the parties' stipulated protective order without an unnecessary, prejudicial, and burdensome expert identification provision.

5

Respectfully submitted,

WNF LAW, P.L.
*Attorneys for WREAL, LLC*
1111 Brickell Avenue, Suite 2200
Miami, Florida 33131
Phone: (305) 760-8500
Fax: (305) 760-8510


By: ___*/s/   John G. Marfoe*___
      Carlos Nunez-Vivas
      Florida Bar No. 128181
      can@wnflaw.com
      Daniel Foodman
      Florida Bar No. 337160
      df@wnflaw.com
      Dennis J. Wouters
      Florida Bar No. 28692
      djw@wnflaw.com
      John G. Marfoe
      Florida Bar No. 101535
      jgm@wnflaw.com

## CERTIFICATE OF SERVICE

I certify that on November 10, 2014, this document was served by transmission of Notice of Electronic Filing generated by CM/ECF on all counsel of record on the Service List below.

By: */s/   John G. Marfoe*

## SERVICE LIST

| | |
|---|---|
| Justin A. Nelson, Esq.<br>Drew D. Hansen, Esq.<br>Patrick C. Bageant, Esq.<br>*Co-counsel for Defendant*<br>Susman Godfrey L.L.P.<br>1201 Third Avenue<br>Suite 3800<br>Seattle, WA 98101<br>Tel. 206-516-3880<br>Fax 206-516-3883<br>jnelson@susmangodfrey.com<br>dhansen@susmangodfrey.com<br>pbageant@susmangodfrey.com | Jamie Z. Isani, Esq.<br>Shannon Shaw, Esq.<br>*Co-counsel for Defendant*<br>Hunton & Williams LLP<br>1111 Brickell Avenue<br>Suite 2500<br>Miami, FL 33131<br>Tel. 305-810-2500<br>Fax 305-810-2460<br>jisani@hunton.com<br>sshaw@hunton.com |