UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:14-cv-21385-JAL

| | |
|---|---|
| WREAL, LLC, a Florida Limited Liability Company,<br><br>    Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>    Defendant. | JURY TRIAL DEMANDED<br><br>**AMAZON'S SUPPLEMENTAL BRIEF ON ITS MOTION FOR A PROTECTIVE ORDER** |

## CONTENTS

I. INTRODUCTION ..........................................................................................................................1

II. LEGAL STANDARD..................................................................................................................1

III. ARGUMENT...............................................................................................................................2

    A. Good Cause for Expert Identification Exists Because Wreal's Discovery Requests Target Amazon's Competitively Sensitive Information. ..................................................................................................................2

    B. Courts Endorse Expert Identification Routinely in Cases Like this One.................3

    C. Wreal's Counterarguments Do Not Outweigh the Good Cause Shown. .................4

# AUTHORITIES

**Cases**

*American Standard Inc. v. Pfizer*,
    828 F.2d 734 (Fed. Cir. 1987)................................................................................................ 2

*Beam Sys., Inc. v. Checkpoint Sys., Inc.*,
    No. cv-95–4068, 1997 WL364081 (C.D. Cal. Feb. 6, 1997)............................................... 3

*Brown Bag Software v. Symantec Corp.*,
    960 F.2d 1465 (9th Cir. 1992) ............................................................................................. 3

*Centurion Industries Inc. v. Steurer*,
    665 F.2d 323 (10th Cir. 1981) ............................................................................................. 2

*Farnsworth v. Procter & Gamble*,
    758 F.2d 1545 (11th Cir. 1985) ................................................................................... 1, 4, 5

*Ibrahim v. Dep't of Homeland Security*,
    669 F.3d 983 (9th Cir. 2012) ............................................................................................... 3

*In re Deutsche Bank Trust Co. Americas*,
    605 F.3d 1373 (Fed. Cir. 2010)............................................................................................ 4

*In re Neubauer*,
    173 B.R. 505 (D. Md. 1994)........................................................................................ 3, 4, 5

*Kelora Sys., LLC v. Target Corp.*,
    No. C-11-02284, 2011 WL 6000759 (N.D. Cal. Aug. 29, 2011) .................................... 3, 4

*McCarthy v. Barnett Bank of Polk Cnty.*,
    876 F.2d 89 (11th Cir. 1989) ..................................................................................... 1, 2, 4, 5

*MGP Ingredients, Inc., v. Mars Inc.*,
    No. 06–2318, 2007 WL 756645 (D. Kan. March 8, 2007).................................................. 4

*Oregon Health & Sci. Univ. v. Vertex Pharm., Inc.*,
    Civ-01-1272, 2002 WL 31968995 (D. Or. Oct. 24, 2002) .................................................. 3

*RyMed Techs., Inc. v. ICU Medical, Inc.*,
    3:10-1067, 2013 WL 1729209 (M.D. Tenn. April 22, 2013) .............................................. 4

*Seattle Times Co. v. Rhinehart*,
    467 U.S. 20 (1984)............................................................................................................... 3

*United States v. AT&T, Inc.*,
    No. 11-1560, Doc. No. 56 (D.D.C. Oct. 13, 2011).............................................................. 4

**Rules**

Fed. R. Civ. P. 26(b)(4) ................................................................................................................. 5

Fed. R. Civ. P. 26(c) ........................................................................................................... 1, 2, 3, 5

## I.  INTRODUCTION

Amazon requests that the protective order in this case include an "expert identification" provision requiring the parties to disclose the identities of experts or consultants who receive an opposing party's most sensitive business or financial information. Expert identification, in intellectual property cases like this one, is such a standard provision in model protective orders that the U.S. Patent and Trademark Office and federal courts across the country encourage parties to stipulate to them outright, and is warranted under the good cause standard that governs this motion. The Court's ruling should be guided by the five following undisputable points:

a) First, this Motion does not seek to withhold any discovery – nothing in the protective order Amazon urges here would narrow the scope of discovery in any manner.

b) Second, nothing in this Motion requires disclosure of every consulting expert – only those experts who are to receive material marked "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" are subject to identification. Recipients of material marked "CONFIDENTIAL" or material that is not marked need not be identified.

c) Third, expert identification is utterly common in intellectual property suits – it is in federal courts' model orders nationwide, and in the USPTO's model trademark order.

d) Fourth, exceedingly good cause exists for expert identification. Wreal's discovery requests seek Amazon's sales data, marketing plans, and its strategy and approach for branding its products – information of the utmost commercial sensitivity.

e) Fifth, this motion is not meant to suggest that Wreal or its experts will act in bad faith; rather, this motion recognizes that industry players likely to consult in this matter are few and may work for Amazon's competitors. It is unreasonable to expect such an expert to compartmentalize his or her knowledge, or un-ring a bell.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) authorizes protective orders that govern how sensitive commercial information may be disseminated. Fed. R. Civ. P. 26(c)(1)(G). The Eleventh Circuit requires district courts evaluating cause for issuance of a protective order under Rule 26(c) to "balance the interests of those requesting the order." *McCarthy v. Barnett Bank of Polk Cnty.*, 876 F.2d 89, 91 (11th Cir. 1989) (citing *Farnsworth v. Procter & Gamble*, 758 F.2d 1545 (11th Cir. 1985)). Put another way, once a party shows that there is good cause to apply Rule 26(c)'s protective provisions, the burden shifts to the party opposing them to explain why

they are not warranted. *American Standard Inc. v. Pfizer*, 828 F.2d 734, 741 (Fed. Cir. 1987); *Centurion Industries Inc. v. Steurer*, 665 F.2d 323, 325 (10th Cir. 1981).

### III. ARGUMENT

Good cause exists to require expert identification in this case. First, there is no dispute that Wreal's discovery requests target exactly the type of information that Rule 26(c)(1) protects. Second, the competing interests Wreal has articulated in opposition do not even approach – much less "balance" – the legitimate threat inadvertent disclosure poses to Amazon. *McCarthy*, 876 F.2d at 91 (when protective orders are contested, courts must balance the parties' interests).

### A. Good Cause for Expert Identification Exists Because Wreal's Discovery Requests Target Amazon's Competitively Sensitive Information.

Wreal's discovery requests target Amazon's financial, business, and marketing strategies that, if made known to its competitors, would harm Amazon substantially. Wreal seeks:

- Documents to show Amazon's internal sales figures.
- Documents to show Amazon's target market.
- Documents and communications related to Amazon's internal branding decisions in naming its "Fire TV" product and service.
- Documents to show how Amazon uses information it receives from users.[1]

It cannot be disputed that the material these requests targets is "trade secret [and] other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The risk that such highly sensitive information would fall into the hands of Amazon's competitors provides good cause for a protective order requiring expert identification. The "total sales" of Amazon's new streaming video set-top box and service, for example, would be valuable to a competitor as that competitor makes pricing and advertising decisions in the fast-moving business of capturing consumers for streaming video. Knowing Amazon's "target market" and the contents of "all documents and communications" related to Amazon's decision to brand that product with its name would compound the commercial value of that information.

---

[1] Amazon does not concede that these requests are reasonable. Many are objectionable on various grounds, and Amazon expects the parties will work through those issues informally.

Similarly, how Amazon uses information it receives from consumers (e.g., to structure searches) – is also "confidential research, development or commercial information" that would harm Amazon if learned by competitors, even inadvertently. *Id*.

### B. Courts Endorse Expert Identification Routinely in Cases Like this One.

Amazon's proposal is neither unprecedented nor unique. In fact, it is a standard term in model protective orders governing intellectual property and complex commercial litigation across the country.[2] See Ex. 1; DE-48-1.  It is also a standard term in the United States Patent and Trademark Office's model protective order for trademark disputes. See Ex. 2; DE-48-1. These authorities deserve great weight: none of these courts, or the Patent and Trademark Office, has a stake in these disputes one way or the other; they recommend the provision Amazon proposes because that provision is fair, justified, balanced and – in the words of one federal judge – "presumptively reasonable." *Kelora Sys., LLC v. Target Corp.*, No. C 11-02284, 2011 WL 6000759, at * 2 (N.D. Cal. Aug. 29, 2011). Indeed, "[i]t is commonplace for experts and consultants on both sides of any ordinary civil action to be vetted so that trade secrets and other sensitive information will not fall into the hands of someone with an adverse position to the owner of the sensitive information." *Ibrahim v. Dep't of Homeland Security*, 669 F.3d 983, 999 (9th Cir. 2012).[3] In short, Amazon's concerns are warranted by the nature of the case and the discovery Wreal seeks. Amazon's proposed solution – an expert identification provision in the parties' stipulated protective order – is endorsed by other jurisdictions, where it is "presumptively reasonable." *Kelora*, 2011 WL 6000759, at * 2; *see also Neubauer*, 173 B.R. at 508. Expert identification should be adopted here as well.

---

[2] U.S. District Court for the Southern District of Ohio, District of Columbia, District of Minnesota, District of Utah, Eastern District of Missouri, Northern District of California, Northern District of New York, Southern District of California, Southern District of Texas, and Western District of Pennsylvania.

[3] *See also Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1469-70 (9th Cir. 1992); *Beam Sys., Inc. v. Checkpoint Sys., Inc.*, No. cv-95–4068, 1997 WL364081, at *1 (C.D. Cal. Feb. 6, 1997); *In re Neubauer*, 173 B.R. 505, 508 (D. Md. 1994); *Oregon Health & Sci. Univ. v. Vertex Pharm., Inc.*, Civ-01-1272, 2002 WL 31968995, at *3 (D. Or. Oct. 24, 2002).

### C.  Wreal's Counterarguments Do Not Outweigh the Good Cause Shown.

None of Wreal's arguments square with the governing legal standard: none challenge the good cause shown, or balance harms. That is because Wreal has no compelling argument on those points. Rather, Wreal argues that the agreed protective order is adequate without need for expert identification. Wreal is wrong. Expert identification is not imposed because experts and consultants disrespect tribunals or lack integrity. It is imposed because experts are human beings with human failings and, best intentions notwithstanding, none of us can promise to unlearn a secret. *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1378 (Fed. Cir. 2010) ("extremely potent" information is "of such a nature that it is 'humanly impossible' to control its inadvertent disclosure. . ." and "it is very difficult for the human mind to compartmentalize and selectively suppress information . . . no matter how well-intentioned the effort may be to do so").

Wreal's counsel has relied on *RyMed Technologies, Inc. v. ICU Medical, Inc.*, 3:10-1067, 2013 WL 1729209 (M.D. Tenn. April 22, 2013). But the *RyMed* court did not evaluate whether the arguments in favor of expert identification rose to the level of good cause, nor did it weigh the competing arguments against that standard. *Id*. Both of those steps are part of the analysis that Eleventh Circuit case law requires, and as such *RyMed* likely would have reached a different result had it been litigated in this circuit. *See McCarthy v. Barnett Bank of Polk Cnty.*, 876 F.2d 89, 91 (11th Cir. 1989) (courts must "balance the interests of those requesting the order") (citing *Farnsworth v. Procter & Gamble*, 758 F.2d 1545 (11th Cir. 1985)).

Wreal has also cited to *MGP Ingredients, Inc., v. Mars Inc.*, No. 06–2318, 2007 WL 756645 (D. Kan. Mar. 8, 2007), but that case plainly does not apply. There, the court analyzed similar issues, but only after finding that the two parties were not competitors. *Id*. at *2. Wreal obviously is estopped from arguing that here, because it has asserted claims for trademark infringement and "unfair competition." Doc. No. 1. Finally, Wreal's citation to *United States v. AT&T, Inc.*, No. 11-1560, Doc. No. 56 (D.D.C. Oct. 13, 2011) has no weight. The *AT&T* order involves an intervener, not a party, and has no holding: it merely instructs the parties to work with a special master to negotiate a protective order. *Id*. The two-page order is thus *dicta*.

Wreal's last argument is that expert identification would intrude upon work-product.[4] This argument has no merit. Rule 26(b)(4) governs what may and may not be discovered from an expert and, by the express language of its opening sentence, prohibits only <u>interrogatories or depositions</u> of consulting experts, and even then only if they seek <u>facts and opinions</u>. Fed. R. Civ. P. 26(b)(4); *see also Neubauer*, 173 B.R. at 507-08; *Ibrahim*, 669 F.3d at 999.[5] Subsection (b)(4)'s discovery bar does not extend to an expert's <u>name</u>, and disclosure of a name does not jeopardize the rule's purpose. *Neubauer*, 173 B.R. at 507 (analyzing the issue at length); *Ibrahim*, 669 F.3d at 999 (even background checks reveal no "facts known or opinions held").

Finally, the work-product rule itself does not prevent disclosure of the identity of a non-testifying expert. Fed. R. Civ. P. 26(b)(3)(B) (preventing disclosure of "mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation"). Amazon's request is wholly in line with Rule 26(b)(4), which controls – and bars – Wreal's "work-product" argument. *See Neubauer*, 173 B.R. at 507. Model protective orders from other courts reinforce this conclusion: the work-product doctrine exists in each of those federal jurisdictions, yet each recommends expert identification as a matter of course.

The counterarguments and interests Wreal asserts on its behalf in response to the good cause Amazon has shown do not "balance" the risk of harm inadvertent disclosure poses to Amazon. *McCarthy*, 876 F.2d at 91; *Farnsworth*, 758 F.2d at 1545. The Court should apply Rule 26(c), follow *McCarthy* and *Farnsworth*, and order a protective order containing Amazon's reasonable, tested, and commonplace proposal for expert identification. *See* Exhibit 3 (Amazon's proposed order).

---

[4] Wreal also asserts that Amazon will use expert identification as a bad faith litigation tactic to "block" Wreal's experts. Wreal has no basis to assert that Amazon's counsel will act in any manner inconsistent with integrity and good faith. That should be the end of the matter.

[5] Wreal fails in its attempt to use amendments to the Federal Rules to distinguish the cases holding that the discovery bar in Rule 26(b) does not forbid expert identification. Wreal cannot explain <u>why</u> rule changes had anything to do with those courts' holdings (because they did not), nor can Wreal explain why federal courts across the country <u>currently</u> encourage parties to stipulate to expert identification, years after the rule changes went into effect.

Dated: November 10, 2014                    Respectfully submitted,

                                            By:     s/Jamie Zysk Isani
                                            Jamie Zysk Isani (Florida Bar No. 728861)
                                            HUNTON & WILLIAMS LLP
                                            1111 Brickell Avenue, Suite 2500
                                            Miami, Florida 33131
                                            Téléphone: (305) 810-2500
                                            Facsimile: (305) 810-1675
                                            jisani@hunton.com

                                            Justin A. Nelson *(pro hac vice)*
                                            Drew D. Hansen *(pro hac vice)*
                                            Patrick C. Bageant *(pro hac vice)*
                                            SUSMAN GODFREY L.L.P.
                                            1201 Third Ave, Suite 3800
                                            Seattle, Washington 98101
                                            Telephone: (206) 516-3880
                                            Facsimile: (206) 516-3883
                                            jnelson@susmangodfrey.com
                                            dhansen@susmangodfrey.com
                                            pbageant@susmangodfrey.com

                                            *Counsel for Defendant Amazon.com*

## CERTIFICATE OF GOOD FAITH MEET-AND-CONFER

**I CERTIFY** that the parties have made extensive efforts to resolve this issue informally through telephonic and email meet-and-confer process that began in July 2014 – as reflected by the fact that they are able to stipulate to every element of a protective order except for the "expert identification" provision that is the subject of this Motion – but were unable to reach a final resolution.

/s/Jamie Zysk Isani

## CERTIFICATE OF SERVICE

**I CERTIFY** that on November 10, 2014, a true and correct copy of the foregoing was served by transmission of Notice of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below.

/s/Jamie Zysk Isani

## SERVICE LIST

Carlos Nunez-Vivas
can@wnflaw.com
Daniel Foodman
df@wnflaw.com
Dennis J. Wouters
djw@wnflaw.com
John G. Marfoe
jgm@wnflaw.com
WNF Law, P.L. – Waserstein Nunez & Foodman
1111 Brickell Avenue, Suite 2200
Miami, Florida 33131
Tel.: (305) 760-8500
Fax: (305) 760-8510

*Attorneys for Plaintiff WREAL, LLC*