**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO. 14-21385-CIV-LENARD/GOODMAN**

WREAL LLC,

      Plaintiff,

v.

AMAZON.COM, INC.,

      Defendant.

_____/

**ORDER GOVERNING THE PROTECTION
AND USE OF CONFIDENTIAL INFORMATION**

This matter comes before the Court on Amazon's Motion for a Protective Order.

The Parties, Plaintiff Wreal, LLC ("Wreal") and Defendant Amazon.com, Inc.

("Amazon"), seek a confidentiality order to preserve the confidentiality of certain

materials and have agreed to all terms of a protective order save one. Amazon seeks an

expert identification provision, requiring the parties to disclose the identities of experts

or consultants who receive an opposing party's most sensitive business or financial

documents. After reviewing the Parties' request and Amazon's Motion, the Court finds

good cause and orders as follows:

1.      Discovery in this action may involve the production of proprietary or

other sensitive or confidential business, financial, or commercial information for which

special protection from public disclosure would be warranted.  Accordingly, the Parties

have stipulated to the contents of this Order to govern discovery in this action.

2.      The term "Confidential" or "Highly Confidential – Attorneys' Eyes Only"

shall mean any information, document or thing so designated by any party to this

litigation or any third party producing information, documents or things in this

litigation, including (without limitation) documents, information contained in

documents or other media (including any form of optical or magnetic storage media),

and information revealed during a deposition, in response to a subpoena, or in an

interrogatory answer or an admission.  If documents or information is (a) information

known generally to the public (other than as a result of unauthorized disclosure), (b)

information that became available without subpoena from a third party source and such

source is not bound by a confidentiality agreement, or (c) any information not otherwise

considered by the producing party to be confidential, it shall not be designated as

"Confidential" or "Highly Confidential – Attorneys' Eyes Only."

3.      The parties and third parties shall designate as "Confidential" only

information which is a trade secret, confidential business information, proprietary, or

has previously been maintained as sensitive, non-public business and/or personal

information.  The parties and third parties shall designate as "Highly Confidential –

Attorneys' Eyes Only" extremely sensitive or competitive information, the disclosure of

which could create harm to a business or person.

> 4.      The Designations shall be as follows:

> (a) Written information or documents, or any portion thereof, shall be

designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by

placing on each page a stamp or notice stating   "CONFIDENTIAL"    or     "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" in a manner that will not interfere with

the legibility of the written information.

> (b) Interrogatory responses or responses to requests for admission

containing "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information

shall be set forth on separate pages from interrogatory responses or responses to

requests for admission which do not contain such information and all pages of

interrogatory responses or responses to requests for admission containing

"Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be marked as

"Confidential" or "Highly Confidential – Attorneys' Eyes Only" and shall be produced

in a separate package from interrogatory responses which do not contain such

information.

(c) Documents produced, filed, or served by a party and designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be so marked by such Party prior to or at the time they are produced, filed, or served. Documents produced by a third party as to which a "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation is claimed by any person shall be so designated within thirty (30) days after they are produced, and shall be treated as "Highly Confidential – Attorneys' Eyes Only" during the intervening time.

5.     Information disclosed at a deposition may be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a statement on the record that the testimony, or part of the testimony, is "Confidential" or "Highly Confidential – Attorneys' Eyes Only" and subject to the provisions of this Order. In addition, the transcript of such a deposition and all information exchanged in such a deposition shall be considered "Highly Confidential – Attorneys' Eyes Only" for a period of thirty (30) days after receipt of the deposition transcript.  During those thirty (30) days, any party may designate other portions or the entire transcript as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" and all other persons given notice of the designation shall treat the information accordingly.  Transcript pages containing testimony designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" must be separately bound by the court reporter, who must affix to the top of

each such page the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only," as instructed by the party making the designation.

6.     Use of the information shall be as follows:

(a)     Documents and/or information designated as "Confidential" shall be used only for purposes of this litigation, shall be stored at a location and in a secure manner that ensures access is limited to the persons authorized under this Order, and shall not be disclosed, given, shown, made available or communicated in any way to anyone other than the following:

(i)     the Parties in this action (including their officers, directors, employees, and consultants);

(ii)     in-house and outside legal counsel for the Parties involved in this litigation, and such legal counsel's staff (including but not limited to paralegals, secretaries, law clerks, and investigators);

(iii)     the Court and the Court's personnel in the manner provided in paragraphs 9 and 10 below;

(iv)     persons or entities involved solely in one or more aspects of litigation support, including but not limited to photocopying, videotaping, court reporting, translating, preparing exhibits or demonstrations, organization, copying, filing, coding, converting, storing, or retrieving data or designing programs for

handling data in connection with this litigation, including providing computerized litigation support, professional jury or trial consultants and mock jurors;

(v)     expert(s) hired by a Party for the purpose of giving advice or testimony who sign the statement attached as Exhibit "A";

(vi)    any mediator selected by the Parties or the Court to mediate this litigation;

(vii)   any insurer of a party;

(viii)  the author, addressees, or recipient of the information, or any other person who would have had access to such information in the course of his/her employment;

(ix)    any witness testifying at a deposition or in advance of a deposition, or whom any party in good faith believes may be a witness in this case, who has been provided with a copy of this Order and who has been instructed that this Order forbids the witness from disclosing information covered by this Order except as this Order permits;

(x)     any other person as to whom the designating party agrees in writing or on the record or to whom the Court orders access;

(b) Documents and/or information designated as "Highly Confidential – Attorneys' Eyes Only" shall be used only for purposes of this litigation, shall be stored

6

at a location and in a secure manner that ensures access is limited to the persons authorized under this Order, and shall not be disclosed, given, shown, made available or communicated in any way to anyone other than the following:

(i)      outside legal counsel for the Parties involved in this litigation and in-house counsel who do not have any business responsibilities, and such legal counsel's staff (including but not limited to paralegals, secretaries, law clerks, and investigators);

(ii)      the Court and the Court's personnel in the manner provided in paragraphs 9 and 10 below;

(iii)      persons or entities involved solely in one or more aspects of litigation support, including but not limited to photocopying, videotaping, court reporting, translating, preparing exhibits or demonstrations, organization, copying, filing, coding, converting, storing, or retrieving data or designing programs for handling data in connection with this litigation, including providing computerized litigation support, professional jury or trial consultants and mock jurors);

(iv)      consulting or testifying expert(s) hired by a Party for the purpose of giving advice or testimony who sign the statement attached as Exhibit "A," but only subject to the requirements of paragraph (7) below;

(v)     any mediator selected by the Parties or the Court to mediate this litigation;

(vi)    any insurer of a party;

(vii)   the author, addressees, or recipient of the information, or any other person who would have had access to such information in the course of his/her employment;

(viii)  any other person as to whom the designating party agrees in writing or on the record or to whom the Court orders access;

(c)     The obligations set forth herein extend to, but are not limited to, copies, summaries, extracts, paraphrases and notes made by any person to whom such documents designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" are disclosed pursuant to this Order.

7.     Before disclosing another Party or non-party's Protected Material to a consulting or testifying expert, the Party who retains the Expert shall notify the Disclosing Party's counsel of record, providing the expert's name, address, curriculum vitae or resume (including all employers within the previous four years), and a list of cases in which, during the previous four years, the expert testified as an expert at trial or by deposition. The Disclosing Party shall have seven business days[1] to object to the

---

[1]     As noted in the Undersigned's Order on Disclosure of Non-Testifying Consulting Experts Who Receive Highly Confidential Information Under Protective Order [ECF

8

disclosure of its Protected Material to the expert. Any objection shall state with particularity the grounds of the objection and be based on the Designating Party's good faith belief that disclosure of its Protected Information to the expert will result in specific business or economic harm. The parties agree to promptly meet and confer in good faith to resolve the objection. If, after consideration of the objection, the Party who retains the expert refuses to withdraw the expert, it shall notify the Designating Party of its decision, and the Designating Party shall have four business days from receiving such notice to move the Court for a protective order. Such a motion shall comply with the procedures set forth in the Local Rules for the United States District Court for the Southern District of Florida, any orders in this action, and any applicable chambers rules. The Designating Party shall have the burden of demonstrating good cause for preventing the disclosure of its Protected Information to the expert. A failure to object or subsequently file a motion within the specified periods shall, absent an agreement of the parties to the contrary or for an extension, operate as an approval for the disclosure of the Protected Information to the expert. The parties agree to cooperate in good faith to shorten these time frames if necessary to enable the parties to meet any discovery or briefing schedules.

---

No. 66, p. 10], the time period proposed by Amazon for both objection to disclosure of Protected Material to an Expert and, if necessary, moving the Court for a related protective order, has been **shortened**.

8.      To the extent that any "Confidential" or "Highly Confidential – Attorneys Eyes Only" documents and/or information are produced without being designated as such, that disclosure shall be deemed an inadvertent disclosure and shall not constitute a waiver of the appropriate designation. Upon the request of any Party for proper designation of an improperly designated or non-designated document, all copies of the document shall be marked with the proper designation and the document shall be retrieved by outside counsel from any person who would not have been allowed access to the document if it had been properly designated.

9.      To the extent that any privileged (including work product or attorney-client privileged) documents and/or information are produced without being designated as such, that disclosure shall be deemed an inadvertent disclosure and shall not constitute a waiver of the claim of privilege. A Party may request the return or destruction of any privileged document by identifying the document and stating the basis for withholding such document from production.  Anyone possessing such a document shall immediately comply with such a request; however, after such a document is returned or destroyed, a Party may move the Court for an order compelling production of the document if that Party disagrees that it contains privileged information subject to protection.

CASE NO.: 14-cv-21385/Lenard/Goodman

10.     If a party wishes to file any documents and/or information designated "Confidential" with the Court, it shall observe the procedures set forth in Local Rule 5.4 and Section 5A of the CM/ECF Administrative Procedures for moving to have a court record treated as confidential. The ultimate burden to prove that a document is properly designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" remains, at all times, with the Party that first designated such document as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

11.     Within sixty (60) days after the conclusion of this litigation, including all appeals, any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" documents and/or information, including copies and originals (except documents in the files of the Court, and except for pleadings, motion papers and exhibits, transcripts, legal memoranda, correspondence or attorney work product retained in counsel's files, which will continue to be subject to the provisions of this Order) shall, at the election of the Party who designated the documents and/or information "Confidential" or "Highly Confidential – Attorneys' Eyes Only" be certified as destroyed, or returned to the designating Party at the designating party's expense.

12.     Neither the termination of this lawsuit nor the termination of employment of any person who has had access to any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" documents and/or information shall relieve any

person from the obligation of maintaining the confidentiality of such information and/or documents.

13.     Nothing in this Order shall prohibit the use of, or reference to, any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" documents and/or information in Court or at trial; provided, however, that the party using or planning to use such documents and/or information shall take whatever steps are necessary to eliminate or minimize the risk of disclosure. Such steps shall include bringing to the Court's attention the intention to disclose "Confidential" or "Highly Confidential – Attorneys' Eyes Only" documents and/or information in open court and requesting the assistance of the Court in limiting disclosure.  Prior to trial of the action, counsel for the parties shall attempt to reach agreement on the handling of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" documents and/or information at trial, and shall submit such agreement, or proposals if no agreement can be reached, to the Court for consideration.

14.     Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on their examination of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" documents and/or information; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not disclose the contents of

"Confidential" or "Highly Confidential – Attorneys' Eyes Only" documents and/or information except as allowed by this Order.

15.     Challenging the designations:

(a)     No Party concedes that any document or information designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by any other person does in fact contain or reflect confidential, sensitive, or proprietary business or personal information, or has been properly designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

(b)     A Party shall not be obligated to challenge the propriety of the designation of documents or information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" at the time such designation is made, or at any other time, and failure to do so shall not preclude a subsequent challenge thereof.

(c)     Any Party may move for a ruling that a document or category of documents designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" is not entitled to such status and protection, but the document or category of documents shall be treated as so designated until such time as the designating Party may agree otherwise, or as the Court may otherwise order.  The Party who designated the document or category of documents as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall bear the burden of showing that the designation is

warranted. Such a motion may be filed ten days after a Party serves a written request for modification upon the Party who made the designation.

(d)     Nothing in this Order shall prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders.

16.    If a Party is served with a subpoena or other order that would compel disclosure of documents and/or information covered by this Order, such Party must (i) notify the Party who made the designations in writing within five business days after receiving the subpoena or other order, including a copy of the subpoena or other order, and (ii) notify the party who caused the subpoena or order to issue that the subpoena or order requests documents and/or information covered by this Order, giving such party a copy of this Order.

17.    If a Party learns that, by inadvertence or otherwise, it has disclosed documents and/or information covered by this Order to any person not authorized under this Order, it must (a) notify the Party who designated the documents and/or information in writing; (b) use its best efforts to retrieve all copies of the documents and/or information improperly disclosed, (c) inform the persons to whom the unauthorized disclosure was made of the terms of this Order, and (d) request such persons to execute "Exhibit A."

CASE NO.: 14-cv-21385/Lenard/Goodman

18.     The parties to this Order, and any individuals/entities that execute Exhibit "A," understand and agree that money damages would not be an adequate remedy for any breach or threatened breach of this Order and that any of the Parties shall be entitled to seek immediate injunctive relief or other equitable remedies for any such breach or threatened breach. Such remedies shall not be deemed to be the exclusive remedy for any breach or threatened breach of this Order, but shall be in addition to other remedies available, whether in law or in equity, including actual damages from such breach or threatened breach.

19.     The parties hereto agree that this Order may be filed with the Court in connection with any action to enforce its terms and/or to seek relief from any breach or threatened breach of its terms.

20.     The parties agreed that this Order may be executed in counterparts, each of which shall be deemed an original but all of which taken together shall constitute but one and the same instrument.

CASE NO.: 14-cv-21385/Lenard/Goodman

21.     This Order may be amended by written agreement between outside

counsel for the Parties, subject to approval by the Court, or may be modified by motion

to or by the Court.

**DONE AND ORDERED** in Chambers, in Miami, Florida November 14,

2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Judge Joan A. Lenard
All Counsel of Record

EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-21385-CIV-LENARD/GOODMAN

WREAL LLC,

       Plaintiff,

v.

AMAZON.COM, INC.,

       Defendant.

_____/

**ACKNOWLEDGMENT OF AGREED ORDER GOVERNING
THE PROTECTION AND USE OF CONFIDENTIAL INFORMATION**

The undersigned has read the foregoing Agreed Order Governing the Protection and Use of Confidential Information entered by the Court on _____, 2014, understands its contents, and agrees to be personally bound by the confidentiality obligations set forth in the Order and to comply with the Order's terms and conditions. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Florida in matters relating to the Order and understands that the terms of the Order obligate him/her to use materials designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in

17

accordance with the Order solely for purposes of the above-captioned action, and not to

discuss or disclose any such materials or information derived directly therefrom to any

other person.

Dated: This \_\_\_ day of _____, 201\_\_.


Name: _____
         (Print or Type)


Signature: _____