Sealed

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

CASE NO.: 14-cv-21385-Lenard/Goodman

WREAL, LLC, a Florida Limited
Liability Company,

        Plaintiff,

vs.

AMAZON.COM, INC., a Delaware
corporation,

        Defendant.
_____/



FILED by _____ D.C.

DEC 19 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. – MIAMI

## AMAZON.COM, INC.'S MOTION FOR LEAVE TO FILE
## EXCERPTS OF THE DEPOSITION OF ELIZABETH BAICY UNDER SEAL

On December 17, 2014, the Court held a bond hearing in this matter (ECF No. 103), at which counsel for the Defendant indicated the Defendant would file excerpts from the deposition of Elizabeth Baicy with the Court. Pursuant to this Court's Local Rule 5.4 and the Order Governing the Protection and Use of Confidential Information ("Protective Order") entered in this case, ECF No. 67, Defendant Amazon.com, Inc. ("Amazon") respectfully requests leave to file those excerpts in unredacted form under seal.

Amazon has filed the subject excerpts of the Baicy deposition publicly (ECF No. 107) with very minor redactions of its internal product names, which constitute extremely sensitive or competitive, trade secret information, which Amazon maintains in the highest confidence, as set forth in more detail below. Those portions of the deposition transcript at issue are designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order.

In the Eleventh Circuit, an order to seal requires a showing of good cause under Federal Rule of Civil Procedure 26(c). *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d

1304, 1311 (11th Cir. 2001). In the context of Rule 26(c), good cause requires a balancing of the competing interests, including factors such as a party's interest in keeping the information confidential, the possible harm to legitimate privacy interests, the degree and likelihood of injury, and the availability of a less onerous alternative. *See Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *Chicago Tribune*, 263 F.3d at 1313 (good cause standard "requires the district court to balance the party's interest in obtaining access against the other party's interest in keeping the information confidential"). Here, the limited deposition excerpt that Amazon seeks to seal includes extremely sensitive or competitive trade secret information, the disclosure of which could create harm to Amazon's business. Specifically, Amazon's code names would be valuable to competitors who would be interested in capitalizing on Amazon's marketing strategies in their own business efforts to undercut Amazon. These harms outweigh any need for public disclosure and there is no less onerous alternative to sealing this material.

Numerous courts have recognized that these harms provide sufficient good cause for allowing documents to be filed under seal. *See, e.g., Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, No. 3:10–cv–891–J–JBT, 2010 WL 6790538, at *2 (M.D. Fla. Oct. 28, 2010) (granting motion to seal affidavits and other materials submitted in conjunction with preliminary injunction motion); *see also NXP B.V. v. Research in Motion, Ltd.*, No. 6:12-cv-498, 2013 WL 4118053, at *2 (M.D. Fla. Aug. 12, 2013) (sealing redacted confidential and proprietary information including deposition transcripts and business documents); *Howard v. Hartford Life & Acc. Ins. Co.*, 2011 WL 3836449, at *3 (M.D. Fla. Aug. 26, 2011) (granting protective order for "internal policies and procedures" and "information about business practices and procedures that would be of value to its competitors"); *United States ex rel. Westfall v. Axiom Worldwide, Inc.*, 2008 WL 5341140, at *4 (M.D. Fla. Dec. 19, 2008) (requiring exhibits to complaint to be

filed "under seal so that a competitor, or other individual, will have to employ its own resources, rather than [the producing party's] to ascertain" the confidential information in the documents).

Amazon suggests that this material remain under seal until (1) the parties agree that some or all of the materials should be filed publicly, (2) this Court orders the public filing of some or all of the materials, or (3) the conclusion of this action, including final resolution of any appeals. Any material not filed on the public docket by the time this action is concluded should be destroyed.

Based on the foregoing, Amazon respectfully requests the Court's authorization to file the attached excerpts of the deposition of Elizabeth Baicy under seal.

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues. Counsel for WREAL has stated that they will oppose the motion because they do not believe the deposition contains confidential information.

Dated: December 19, 2014                HUNTON & WILLIAMS LLP

By: _____
Jamie Zysk Isani
jisani@hunton.com
Florida Bar No. 728861
Shannon Shaw
sshaw@hunton.com
Florida Bar No. 0092806
1111 Brickell Avenue, Suite 2500
Miami, FL 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-2460

Justin A. Nelson (admitted *pro hac vice*)
Drew D. Hansen (admitted *pro hac vice*)
Patrick C. Bageant (admitted *pro hac vice*)
Edgar Sargeant (admitted *pro hac vice*)
SUSMAN GODFREY L.L.P.
1201 Third Ave, Suite 3800
Seattle, Washington 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
jnelson@susmangodfrey.com
dhansen@susmangodfrey.com
pbageant@susmangodfrey.com

*Counsel for Defendant Amazon.com*

## CERTIFICATE OF SERVICE

I hereby certify that December 19, 2014, a true and correct copy of the foregoing was served by electronic mail on all counsel or parties of record on the Service List below.

_____
Jamie Zysk Isani

## SERVICE LIST

Carlos Nunez-Vivas
can@wnflaw.com
Daniel Foodman
df@wnflaw.com
Dennis J. Wouters
djw@wnflaw.com
John G. Marfoe
jgm@wnflaw.com
WNF Law, P.L. - Waserstein Nunez & Foodman
1111 Brickell Avenue
Suite 2200
Miami, Florida 33131
Tel.: (305) 760-8500
Fax: (305) 760-8510

*Attorneys for Plaintiff WREAL, LLC*