UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 14-cv-21385-Lenard/Goodman

WREAL, LLC, a Florida Limited
Liability Company,

       Plaintiff,

vs.

AMAZON.COM, INC., a Delaware
corporation,

       Defendant.
_____/

**AMAZON.COM, INC.'S MOTION TO SEAL COURTROOM
FOR PORTIONS OF PRELIMINARY INJUNCTION HEARING**

The Court has scheduled an evidentiary hearing on plaintiff WREAL's preliminary injunction motion on December 30, 2014, at 9:30 a.m. ECF Nos. 46, 105. In the parties' briefing on the preliminary injunction motion and in subsequent briefing on the amount of a bond, they have submitted information that has been designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Order Governing the Protection and Use of Confidential Information in this action (ECF No. 67) ("Protective Order"), including a trove of extremely sensitive trade secret or other confidential commercial information, the disclosure of which could create harm to Amazon's business. The Court, recognizing the highly sensitive and confidential information of this information, has granted motions for the parties to file this information under seal. ECF Nos. 75, 96, 111. The preliminary injunction briefing also contained what the CM/ECF Administrative Procedures describe as "material which would otherwise be inappropriate for display or distribution to the public," including images that "could be described as pornography," which the Court has also permitted to be filed under seal. ECF

No. 75. Amazon anticipates that the parties will present the same or similar material at the evidentiary hearing, and therefore seeks, consistent with the Court's prior rulings on sealing, to seal the courtroom for portions of the hearing and then to redact the highly confidential information at issue from the transcript before it is made public, as set forth in more detail below.

To enable those who appear at the hearing to discuss the matters underlying WREAL's motion for preliminary injunction, including those matters that implicate Amazon's highly confidential, commercially sensitive trade secret information, in a full and comprehensive manner and to facilitate the presentation of evidence in an efficient manner with minimal interruption, Amazon proposes that the evidentiary hearing should be closed to the public for opening and closing arguments and the testimony of Amazon's fact witnesses. Amazon takes no position as to whether the courtroom should be sealed during the presentation of expert testimony, which likely will involve the presentation of images that may be considered pornographic and inappropriate for display to minors, or during the testimony of WREAL's fact witnesses, which may implicate such images, so long as a redacted version of the transcripts is later made available. The transcript of the hearing should be prepared and filed by the court reporter under seal; counsel for the parties then shall obtain copies of the transcript upon payment of the appropriate fees and completion of any required forms or procedures, and submit a redacted copy of the transcript within five (5) business days of receipt of the transcript. In addition, all exhibits admitted during those portions of the hearing in which the courtroom is closed shall be filed under seal; the parties shall confer and submit a notice to the Court, identifying the exhibits that may be filed publicly, within five (5) business days of the hearing. Amazon also requests that the Court instruct WREAL's counsel not to refer to any information that Amazon has designated highly confidential/attorney's eyes only at any time during its

-2-

presentation while the courtroom is open to the public.

## BACKGROUND

This is a trademark case in which the plaintiff, a Miami-based pornography company, alleges that Amazon's use of the name Fire TV infringes on plaintiff's use of the mark FyreTV in conjunction with its adult entertainment video streaming services.  In discovery and briefing on the plaintiff's motion for preliminary injunction, Amazon has produced highly confidential commercial or trade secret information, which it has designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order in this action (ECF No. 67).  In its opposition to WREAL's motion for preliminary injunction, Amazon submitted declarations and exhibits containing or referring to the following extremely sensitive or competitive information, which Amazon maintains as a trade secret and the disclosure of which could create harm to Amazon's business:

- Amazon's confidential internal cost figures for past production, advertising, media campaigns for Fire TV;

- Information that reveals Amazon's internal tools and techniques for monitoring and tracking customer contacts, and training its customer service representatives;

- Amazon's confidential internal estimates of certain costs it would incur as a result of an injunction, including the software-development costs Amazon would incur to change the name of "Fire TV";

- Amazon's internal policies and procedures for monitoring its website for prohibitive or illicit materials which, if made public, would harm Amazon by giving people who would seek to circumvent them the tools to do so; and

- Amazon's internal code names for its products.

The Court has permitted Amazon to file the aforementioned information under seal.  ECF Nos. 75, 96, 111.  Amazon has filed redacted versions of all filings involving sealed material to provide as complete a public record as possible while protecting its highly confidential commercial and trade secret information.

Amazon anticipates that its fact witnesses will address the same or similar topics at the preliminary injunction hearing as those addressed in their declarations.  Amazon expects that its highly confidential information will be interspersed throughout its fact witnesses' testimony, and Amazon's counsel expects it may be necessary to refer to it in opening and closing arguments.  Accordingly, Amazon seeks to close the courtroom for those portions of the hearing.

In addition, both parties have submitted materials containing materials which could be described as pornography and would be inappropriate for display or distribution to the public, including minors, in connection with their preliminary injunction briefing.  Amazon filed such materials with the declarations of both of its experts (Dr. Dan Sarel and Peter Lehman); WREAL filed such materials with its reply memorandum.  Those materials have been filed under seal, as required by section 3.I of this Court's CM/ECF Administrative Procedures.[1]  Amazon takes no position as to whether the courtroom should be sealed, but would not object to sealing, during expert testimony or during the testimony of WREAL's fact witnesses, if they intend to introduce pornographic images as part of their presentation, so long as a redacted version of the transcripts is later made available. If it would assist the Court, the parties could review all exhibits introduced at the hearing and identify those that contain images that could be described as pornography or otherwise would be inappropriate for display or distribution to the public, including minors, within five (5) business days of the hearing.

## ARGUMENT

---

[1] Although the Local Rules prohibit the electronic filing of pornographic materials, they do not address the discussion of such materials in open court.

Generally speaking, proceedings in federal courts are presumptively open to the public.[2] *See, e.g.*, Local Rule 5.4.  A well-recognized exception, however, is that a litigant's interest in confidential commercial or trade secret information may override that presumption.  *See Woven Elec. Corp. v. Advance Group, Inc.*, Nos. 89-1580, 89-1588, 1991 WL 54118, at *6 (4th Cir. May 6, 1991) ("[A]n order closing the courtroom during the times when trade secrets were to be exposed would have been proper."); *In re Iowa Freedom of Info. Council*, 724 F.2d 658, 662 (8th Cir. 1983) ("Trade secrets are a peculiar kind of property. Their only value consists in their being kept private."; " substantial damage to P &G's property rights in these secrets would have occurred had the hearing not been closed.").  "Judicial proceedings and records may be closed in part or in full to the public in order to protect private interests, including proprietary interests in trade secrets and other commercial information." *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 901 (E.D. Pa. 1981).  The Supreme Court has observed that "[e]very court has supervisory power over its own records and files," and has cautioned that trial courts should not permit their files to be used as a vehicle for improper purposes, including as "sources of business information that might harm a litigant's competitive standing."  *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978) (citing cases).

In the Eleventh Circuit, a court may close a courtroom where necessary to achieve a legitimate purpose and less intrusive alternatives are not available, as set forth in findings on the record.  *See Newman*, 696 F.2d at 802.

---

[2] The Eleventh Circuit has never determined, however, that a constitutional presumption of openness applies to all civil trials.  *See Newman v. Graddick*, 696 F.2d 796, 801 (11th Cir. 1983) ("We need not here decide that the presumption of openness applies to all civil trials. All we decide is that civil trials which pertain to the release or incarceration of prisoners and the conditions of their confinement are presumptively open to the press and public.").

Amazon's strong proprietary interest in protecting its trade secrets and highly sensitive competitive information here outweighs any interest of the public in attending those portions of the preliminary injunction hearing at which this information will be discussed.  In the Eleventh Circuit, a "trade secret" is defined by the following commonly accepted criteria:  Amazon treats all of the information at issue as closely guarded secrets; the information represents substantial value to Amazon; it would be valuable to Amazon's competitors; and it derives is value by the virtue of the effort of its creation and lack of dissemination.  *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314 & n.13 (11th Cir. 2001).  All of those criteria are fulfilled here.

Amazon released its Fire TV in April 2014, and then released the Fire TV Stick in October 2014.  Declaration of Lara Anne Rogers (Rogers Decl.) ¶ 6.  Both products currently are being actively marketed and sold in a competitive market.  *Id.*  The information at issue – including Amazon's confidential internal cost figures for past production, advertising, media campaigns for Fire TV and Fire TV Stick, and its confidential estimates of the cost of compliance with an injunction (including projected costs of changing the Fire TV operating system) – is valuable commercial information that Amazon's competitors could use to shape their own marketing and business plans and attempt to undermine Amazon's competitiveness.  *Id.* ¶¶ 5, 7.  Amazon's internal tools and techniques for monitoring and tracking customer contacts and training its customer service representatives, and its internal policies and procedures for monitoring its website for prohibitive or illicit materials, also constitute trade secrets.  *Id.* ¶¶ 5, 7.  Amazon's competitors could use the former information to shape their own practices for monitoring customer contacts in a manner that would be competitively harmful to Amazon, whereas members of the public could use the latter information to seek to circumvent Amazon's

policies and procedures. *Id.* ¶ 7. Amazon's internal code names for its products are highly-guarded secrets, which are only disclosed on a need-to-know basis within Amazon's corporate organization. *Id.* ¶ 8. Although the code names may not be valuable to Amazon's competitors in isolation, the risk that they would be disclosed in conjunction with other commercial information that is itself highly competitively sensitive is substantial and counsels in favor of maintaining the confidentiality of this information. *Id.*

Closing the courtroom to the public during openings, closings, and the testimony of Amazon's fact witnesses is the least restrictive alternative that would allow the parties to fully present their evidence and argument at the preliminary injunction hearing in the time allowed while adequately protecting Amazon's highly confidential commercial or trade secret information. The information at issue is peppered throughout the direct examination of Amazon's fact witnesses, and Amazon's counsel may refer to it in opening and closing argument. Amazon expects that WREAL's counsel may refer to it during cross examination and in opening or closing. Amazon's proposal facilitates the presentation of evidence in the most fulsome manner with minimal disruption of the proceedings.

WREAL's counsel has proposed that the courtroom should remain open for the entire hearing and that Amazon may later file a motion to redact any material from the transcript. This suggestion is entirely inadequate to protect Amazon's interest in maintaining the confidentiality of its highly confidential and trade secret information from public disclosure, for obvious reasons. Members of the public who attend the hearing would be free to broadcast Amazon's confidential and trade secret information to whomever they choose (including Amazon's competitors). Moreover, WREAL claims that it is a competitor of Amazon. Putting the merits of that assertion aside for the moment, WREAL's business people should not be permitted to

seek or gain access to Amazon's trade secret information for competitive purposes through the courtroom. *See Nixon*, 435 U.S. at 598 ("courts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing").

## **CONCLUSION**

Amazon respectfully requests that the Court close the courtroom to the public during the opening and closing arguments and testimony of Amazon fact witnesses at the December 30, 2014 evidentiary hearing on plaintiff's motion for preliminary injunction, with the transcript of the hearing to be prepared and filed under seal by the court reporter, subject to redaction by Amazon within five (5) business days of receipt of the transcript, as set forth above. In addition, Amazon requests that all exhibits admitted during those portions of the hearing in which the courtroom is closed shall be filed under seal; the parties shall confer and submit a notice to the Court, identifying the exhibits that may be filed publicly, within five (5) business days of the hearing. Amazon also asks that the Court instruct WREAL's counsel not to refer to any information that Amazon has designated highly confidential/attorney's eyes only at any time during its presentation while the courtroom is open to the public. Finally, Amazon takes no position as to whether the courtroom should be sealed, but would not object to sealing, during expert testimony or during the testimony of WREAL's fact witnesses, if they intend to introduce pornographic images as part of their presentation, so long as a redacted version of the transcripts is later made available. If it would assist the Court, the parties could review all exhibits introduced at the hearing and identify those that contain images that could be described as pornography or otherwise would be inappropriate for display or distribution to the public, including minors, within five (5) business days of the hearing.

## **LOCAL RULE 7.1 CERTIFICATION**

Undersigned counsel has conferred with plaintiff's counsel, who has advised that WREAL opposes this motion and takes the position that the courtroom should be open for the entire proceeding and that Amazon may later file a motion to redact any material it deems appropriate from the transcript.

Dated: December 23, 2014                    Respectfully submitted,

By: /s/Jamie Z. Isani
Jamie Zysk Isani (Florida Bar No. 728861)
HUNTON & WILLIAMS LLP
1111 Brickell Avenue, Suite 2500
Miami, Florida 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-1675
jisani@hunton.com

Justin A. Nelson *(pro hac vice)*
Drew D. Hansen *(pro hac vice)*
Patrick C. Bageant *(pro hac vice)*
SUSMAN GODFREY L.L.P.
1201 Third Ave, Suite 3800
Seattle, Washington 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
jnelson@susmangodfrey.com
dhansen@susmangodfrey.com
pbageant@susmangodfrey.com

*Counsel for Defendant Amazon.com*

**CERTIFICATE OF SERVICE**

**I CERTIFY** that on December 23, 2014, a true and correct copy of the foregoing was served by transmission of Notice of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below.


Jamie Zysk Isani

**SERVICE LIST**

Carlos Nunez-Vivas
can@wnflaw.com
Daniel Foodman
df@wnflaw.com
Dennis J. Wouters
djw@wnflaw.com
John G. Marfoe
jgm@wnflaw.com
WNF Law, P.L. - Waserstein Nunez & Foodman
1111 Brickell Avenue, Suite 2200
Miami, Florida 33131
Tel.: (305) 760-8500
Fax: (305) 760-8510

*Attorneys for Plaintiff WREAL, LLC*