UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-21385-CIV-LENARD/GOODMAN

WREAL LLC,

    Plaintiff,

v.

AMAZON.COM, INC.,

    Defendant.
_____/

**ORDER STRIKING MOTION TO DE-DESIGNATE DEPOSITION TRANSCRIPTS AND OUTLINING** *AMENDED*[1] **POST-HEARING BRIEFING SCHEDULE**

This matter is before the Court on the District Court's referral of discovery disputes [ECF No. 11] and of Plaintiff Wreal, LLC's ("Wreal") Motion for Preliminary Injunction [ECF Nos. 28; 32]. An evidentiary hearing (the "Hearing") was held on the preliminary injunction motion on December 30, 2014. At the outset of the Hearing, the Undersigned considered Wreal's Motion to De-Designate Deposition Transcripts of Amazon's Employees that Amazon Designated as Highly Confidential [ECF No. 115], as well as Defendant Amazon.com, Inc.'s ("Amazon") Motion to Strike and Restrict Access to ECF No. 115. For the reasons outlined at the Hearing, it is **Ordered and Adjudged:**

---

[1] The parties should specifically note that the deadline tentatively agreed to at the Hearing for the submission of a proposed report and recommendations has been changed slightly. The proposed reports must now be filed on or before **January 26, 2015**.

1

1) Amazon's Motion to Strike and Restrict Access to ECF No. 115 is **GRANTED**. The Clerk of the Court is directed to strike ECF No. 115 (Wreal's "Motion to De-Designate Deposition Transcripts of Amazon's Employees that Amazon Designated as Highly Confidential"), and to ensure public CM/ECF users cannot access that motion.

2) Amazon and Wreal must each file a proposed report and recommendations ("Proposed R&R") on the pending preliminary injunction motion [ECF No. 28; 32] by **January 26, 2015.** Each party's Proposed R&R is limited to twenty-five, double-spaced pages, excluding signature block. As noted at the Hearing, each Proposed R&R must address, among many other issues, the legal effect of Wreal's five-month delay in filing its preliminary injunction motion. In addition, each Proposed R&R must address whether the Undersigned can consider Professor Lehman's proffered testimony on his opinion of whether there is customer confusion in this case. Evidence used in each Proposed R&R is limited to that admitted at the Hearing or otherwise properly before the Court on the preliminary injunction motion.

Finally, a courtesy copy of each Proposed R&R must also be submitted to the Undersigned's eFile inbox (by email to goodman@flsd.uscourts.gov), in Microsoft **Word** format, at the time it is filed with the Court.

3) Amazon and Wreal may each submit a memorandum of law, limited to five, double-spaced pages (excluding signature block and certificate of service), on the issue of whether testimony given by Amazon employee Tony Martinelli at his deposition was

made in his capacity as a Fed. R. Civ. P. 30(b)(6) witness or as an individual Amazon employee witness. The testimony at issue concerns topics Wreal noticed for 30(b)(6) deposition but which Amazon contested. Each brief must address whether this deposition testimony should be considered 30(b)(6) testimony properly admissible as evidence at the Hearing or whether it was properly excluded as inadmissible hearsay.

**DONE AND ORDERED** in Chambers, in Miami, Florida, December 31, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Judge Joan A. Lenard
All Counsel of Record