UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 14-21385-CIV-LENARD/GOODMAN

WREAL, LLC, a Florida limited liability
company,

      Plaintiff,

vs.

AMAZON.COM, INC., a Delaware
corporation,

      Defendant.
_____/

**WREAL, LLC'S MEMORANDUM OF LAW REGARDING THE
RULE 30(b)(6) TESTIMONY OF MR. ANTHONY MARTINELLI**

Wreal, LLC ("Wreal") hereby submits its Memorandum of Law Regarding the Rule 30(b)(6) Testimony of Mr. Anthony Martinelli pursuant to this Court's December 31, 2014, Order Striking Motion to De-Designate Deposition Transcripts and Outlining Amended Post-Hearing Briefing Schedule (the "Order").

## I.    INTRODUCTION

The Order provided that:

> Amazon and Wreal may submit a memorandum of law … on the issue of whether testimony given by Amazon employee Tony Martinelli at his deposition was made in his capacity as a Fed. R. Civ. P. 30(b)(6) witness or as an individual Amazon employee witness. The testimony at issue concerns topics Wreal noticed for 30(b)(6) deposition but which Amazon contested. Each brief must address whether this deposition testimony should be considered 30(b)(6) testimony properly admissible as evidence at the Hearing or whether it was properly excluded as inadmissible hearsay.

At the Hearing, Wreal sought to introduce a portion of the deposition testimony of Amazon.com, Inc.'s ("Amazon") corporate representative, Mr. Anthony Martinelli. (Hearing Tr.

at 191:16-204:18). Amazon objected, arguing that the testimony Wreal sought to introduce was not 30(b)(6) testimony because Amazon objected to the noticed 30(b)(6) topics. (*Id.* at 195:2-196:1). In response, as the Court summarized, Wreal argued that "whatever objection Amazon had was insufficient and therefore [Wreal] consider[ed] Mr. Martinelli's testimony to be 30(b)(6) testimony …" (*Id.* at 196:9-13). As a result, the Court tentatively admitted the testimony, "subject to a later ruling of whether Mr. Martinelli's answers here are 30(b)(6) witness answers as opposed to an individual employee." (*Id.* 200:14-17).

Mr. Martinelli's testimony is admissible as 30(b)(6) testimony. Wreal properly noticed Amazon for a 30(b)(6) deposition, including as topics "[p]roducts and services sold on Amazon.com, including adult videos and sex toys, paraphernalia, or accessories" and the "number of searches on a monthly basis for adult videos and sex toys, paraphernalia, or accessories on the Amazon.com website." In a November 14, 2014, email, Amazon's counsel specifically designated Mr. Martinelli as Amazon's corporate representative to testify on the topics at issue, subject to objections on "overbreadth and relevance." (The email is attached as Exhibit 1). Though Amazon generally objected to the scope and relevance of these particular topics, it failed to file a motion for protective order. Absent an order from this Court sustaining Amazon's general objections, Amazon was obligated to prepare Mr. Martinelli to testify on the topics at issue. And while Mr. Martinelli was not prepared to testify on a number of matters, he provided answers to the questions that Wreal read into the record at the hearing.

## II.   FACTUAL BACKGROUND

On November 5, 2014, Wreal served Amazon with a Notice of Taking Videotaped Rule 30(b)(6) Deposition of Amazon.com, Inc., which listed 17 topics. (The notice is attached as

1

Exhibit 2). Amazon's counsel, via email, objected to a number of the topics. (*See* Ex. 1). At issue here are topics 5, 6, 7, 14, and 15, which are as follows:

> 5. Products and services sold on Amazon.com, including adult videos and sex toys, paraphernalia, or accessories.
>
> 6. Total sales of adult videos and sex toys, paraphernalia, or accessories from the Amazon.com website.
>
> 7. The number of searches on a monthly basis for adult videos and sex toys, paraphernalia, or accessories on the Amazon.com website.
>
> 14. Amazon's policies regarding the sale of adult videos and sex toys, paraphernalia, or accessories, including Amazon's understanding of consumer awareness of those policies.
>
> 15. The number of consumers that purchased an Amazon Fire TV or Fire TV Stick that have also purchased adult videos or sex toys, paraphernalia, or accessories on the Amazon.com website.

Amazon objected to each of these topics in part, namely the inclusion of "sex toys, paraphernalia, or accessories..." on the ground that the inclusion of these items rendered the topics overbroad.[1] The parties exchanged numerous emails, and met and conferred over the phone, but were unable to resolve the dispute. Amazon did not seek a protective order, and produced Mr. Martinelli as its 30(b)(6) designee as to each of these topics. During Mr. Martinelli's deposition, however, Amazon's counsel objected to questions related to sex toys, and instructed Mr. Martinelli to answer in his individual capacity.

Though Mr. Martnielli clearly was not prepared to testify as to the full scope of the topics that Amazon designated him to testify on, he did answer certain questions. At the December 30, 2014, hearing on Wreal's preliminary injunction motion, Wreal sought to introduce a line of questioning related to the number of sex toys available for sale on Amazon's website. Mr.

---

[1] Though this issue is outside of the scope of this brief, Amazon's sale of sex toys, paraphernalia, and accessories is plainly relevant in this case, where the main issue in front of the Court is whether consumers will attribute Wreal's FyreTV® to Amazon, particularly given that Wreal's target market includes individuals who shop for sex toys.

2

Martinelli was shown a printout that he identified as coming from Amazon.com. And while Mr. Martinelli testified that he did not know the number of sex toys that Amazon currently has for sale, he was able to provide that information after reviewing the exhibit. (Hearing Tr. at 202:3-203:20).

Amazon objected to the introduction of this testimony on the grounds that it was not 30(b)(6) testimony. The Court allowed the testimony to be read into the record, and also allowed the parties to brief whether the testimony was properly 30(b)(6) testimony. Because Amazon did not seek a protective order prior to the deposition, Mr. Martinelli's answers constitute Amazon's 30(b)(6) testimony, and should be included in the record.

### III.   ARGUMENT

Fed. R. Civ. P. 30(b)(6) authorizes a part to take the deposition of a corporation by naming it as the deponent and describing with reasonable particularity the matters for examination. "Upon receipt of the notice, the corporation must designate one or more individuals as its representative and must indicate the subject matter about which each representative will testify." *Robinson v. Quicken Loans, Inc.,* No. 3:12-cv-00981, 2013 WL 1776100 at *3 (S.D.W.V. April 25, 2013). "A corporation has an affirmative duty to provide a witness who is able to provide binding answers on behalf of the corporation." *QBE Ins. Corp. v. Jorda Enterprises, Inc*., 277 F.R.D. 676 (S.D. Fla. 2012) (Goodman, M.J.) "The failure to properly designate a Rule 30(b)(6) witness can be deemed a nonappearance justifying the imposition of sanctions." *Id.*

Amazon generally objected to Wreal's properly noticed 30(b)(6) topics, and "proceeded to unilaterally modify the deposition topics, placing its own limitations and parameters on several topics…." *Robinson,* 2013 WL 1776100 at *2. This is improper. "When a corporation

objects to a notice of Rule 30(b)(6) deposition, the proper procedure is to file a motion for protective order." *Id.* at \*3 (citing *New England Carpenters Health Benefits Fund v. First Databank, Inc.*, 242 F.R.D. 164, 165-66 (D. Mass. 2007)). That is because "there is no provision in the rules which provides for a party whose deposition is noticed to serve objections so as to be able to avoid providing the requested discovery until an order compelling discovery is issued…." *New England Carpenters*, 242 F.R.D. at 165-66. "Put simply and clearly, absent agreement, a party who for one reason or another does not wish to comply with a notice of deposition must seek a protective order." *Id.*

Because Amazon failed to move for a protective order, it was obligated to produce a witness prepared to testify on the noticed topics. And while Mr. Martinelli, who was designated by Amazon as its corporate representative to testify on the topics at issue, was inadequately prepared in many respects, which Wreal will address separately, he answered the questions that Wreal sought to admit into the record. Accordingly, Mr. Martinelli's testimony should be considered 30(b)(6) testimony, and is properly admissible.

Had Mr. Martinelli refused to answer the questions at issue, or if he was inadequately prepared to answer those questions, it would have been tantamount to "a nonappearance justifying the imposition of sanctions." *QBE Ins. Corp.*, 272 F.R.D. at 690. Fed. R. Civ. P. 37(d)(1)(A) provides that the Court "may, on motion, order sanctions if … a person designated under Rule 30(b)(6) … fails, after being served with proper notice, to appear for that person's deposition…." "Indeed, Rule 37(d)(1)(A)(i) does not allow the filing of objections to avoid sanctions." *Knowledge A-Z, Inc. v. Jim Walter Resources, Inc.,* 2008 WL 2600167 at \*2 (S.D. Ind. June 25, 2008). One potential sanction is that the facts be taken as established. Fed. R. Civ. P. 37(b)(2)(A)(i). While Wreal may have to move for sanctions with respect to the areas where

Mr. Martinelli was unprepared, that is not necessary with respect to the questions at issue here, as Mr. Martinelli did provide answers to those questions. However, should the Court exclude Mr. Martinelli's testimony, Wreal will ask the Court, after meeting and conferring with Amazon and following the Court's discovery procedures, to sanction Amazon for failing to produce a 30(b)(6) designee related to the questions at issue, and ask that part of the sanction be that the facts Mr. Martinelli testified to are taken as established.

## IV.    CONCLUSION

Based on the foregoing, Mr. Martinelli's testimony should be considered Amazon's 30(b)(6) testimony, and properly admitted.

Respectfully submitted,

WNF LAW, P.L.
*Attorneys for WREAL, LLC*
1111 Brickell Avenue, Suite 2200
Miami, Florida 33131
Phone: (305) 760-8500
Fax: (305) 760-8510

By:   */s/   John G. Marfoe*
        Carlos Nunez-Vivas
        Florida Bar No. 128181
        can@wnflaw.com
        Daniel Foodman
        Florida Bar No. 337160
        df@wnflaw.com
        Dennis J. Wouters
        Florida Bar No. 28692
        djw@wnflaw.com
        John G. Marfoe
        Florida Bar No. 101535
        jgm@wnflaw.com

## CERTIFICATE OF SERVICE

I certify that on January 14, 2015, this document was served by transmission of Notice of Electronic Filing generated by CM/ECF on all counsel of record on the Service List below.

By:   */s/   John G. Marfoe*

## SERVICE LIST

Justin A. Nelson, Esq.
Drew D. Hansen, Esq.
Patrick C. Bageant, Esq.
*Co-counsel for Defendant*
Susman Godfrey L.L.P.
1201 Third Avenue
Suite 3800
Seattle, WA 98101
Tel. 206-516-3880
Fax 206-516-3883
jnelson@susmangodfrey.com
dhansen@susmangodfrey.com
pbageant@susmangodfrey.com

Jamie Z. Isani, Esq.
Shannon Shaw, Esq.
*Co-counsel for Defendant*
Hunton & Williams LLP
1111 Brickell Avenue
Suite 2500
Miami, FL 33131
Tel. 305-810-2500
Fax 305-810-2460
jisani@hunton.com
sshaw@hunton.com