UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:14-cv-21385-JAL

| | |
|---|---|
| WREAL, LLC, a Florida Limited Liability Company, | |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | |
| AMAZON.COM, INC., a Delaware corporation, | |
| Defendant. | |

**DEFENDANT AMAZON.COM, INC.'S SUBMISSION
ON THE INADMISSIBILITY OF NON-CORPORATE TESTIMONY, PURSUANT TO
E.C.F. NO 117**

Merely asking a question at a deposition does not necessarily make its answer admissible. In this case, Mr. Tony Martinelli's answers to deposition questions about sex toys were hearsay not subject to any exception. WREAL sought a 30(b)(6) witness on broad topics that included "sex toys," and Amazon timely objected under Rules 26 and 30 to preparing a witness on the scope of those topics. WREAL then deposed Mr. Martinelli on other 30(b)(6) topics, but asked about sex toys as well. Amazon restated its objections and offered his testimony in that area – as the record is clear – only in an <u>individual</u> (not corporate) capacity.[1] Mr. Martinelli then appeared in Florida to testify at the preliminary injunction hearing. Because he was present at the hearing, his individual, non-corporate deposition testimony was not subject to any hearsay exception.

A.   Facts

On September 30, 2014, WREAL served document requests seeking, among other things, "[a]ll documents related to any Pornography, Sex Toys, or other similar adult-oriented products sold on Amazon's website, whether by Amazon, one if its affiliates, or any third party." Ex. A at 5. Amazon objected that the request's broad scope was unduly burdensome, and not calculated to lead to relevant evidence when compared to WREAL's complaint. Ex. B at 5. Amazon did not produce documents on sex toys and, after Amazon explained its objections during meet-and-confers, WREAL did not move to compel.

On November 4, 2014, WREAL served a Rule 30(b)(6) notice on 16 topics. Amazon designated witnesses for most topics, but objected to portions of the following topics:

> (5) Products and services sold on Amazon.com, including adult videos and sex toys, paraphernalia, or accessories.

---

[1] Put another way, WREAL knew that Amazon had not prepared Mr. Martinelli on sex toys, and it knew that Amazon objected to doing so. WREAL did not overcome Amazon's objection by asking questions about sex toys anyway. It could have overcome the objections, as it recognized durng the deposition (Ex. E at 9) by seeking an order compelling Amazon to produce a witness about sex toys. But it did not do that.

>   (6) Total sales of adult videos and sex toys, paraphernalia, or accessories from the Amazon.com website.
>
>   (7) The number of searches on a monthly basis for adult videos and sex toys, paraphernalia, or accessories on the Amazon.com website.
>
>   (14) Amazon's policies regarding the sale of adult videos and sex toys, paraphernalia, or accessories, including Amazon's understanding of consumer awareness of those policies.
>
>   (15) The number of consumers that purchased an Amazon Fire TV or Fire TV Stick that have also purchased adult videos or sex toys, paraphernalia, or accessories on the Amazon.com website.

Ex. C. Amazon's objections tracked those it previously asserted: "sex toys" are not relevant to the trademark issues in this case – particularly under Rule 26(b)(2)(C)(iii)[2] – and it would be unduly burdensome on the expedited discovery schedule to prepare a witness on nebulous concepts like adult "accessories or "paraphernalia."

The parties met and conferred multiple times. Ultimately, they agreed Amazon would prepare a witness on the above-topics as to "adult videos," but did not agree on the "sex toys" issue. They discussed motions practice, Amazon explained this district's cases holding a protective order motion is not the proper procedure, and WREAL stated it would consider a motion to compel.[3] In the end, it declined to pursue one.

Amazon produced Mr. Martinelli as its representative on the topics listed above (as narrowed to "adult videos" by its objections).[4] When WREAL questioned Mr. Martinelli on "sex toys" and "paraphernalia" anyway, Amazon restated its objections and indicated his answers

---

[2] Discovery "must" be limited if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

[3] For each of the purported Rule 30(b)(6) topics listed above, Amazon's counsel summarized the meet-and-confer thusly: "We will produce a witness on adult streaming videos. I understand you disagree with our objection and are considering a motion." Ex. D. WREAL did not object to or seek to correct that summary, because it was accurate.

[4] Amazon produced Ms. Baicy and Mr. Fuller as 30(b)(6) representatives on other topics.

were in a personal (not corporate) capacity. Ex. E. WREAL's counsel agreed, stating, "That's fine" and "We will deal with it later." *Id*. at 9. At the December 30, 2014, preliminary injunction hearing, without further meet-and-confer, WREAL sought to introduce the contested testimony by claiming it was 30(b)(6) testimony. It was not, for the reasons that follow.

### B. Amazon Properly Registered and Maintained its Objections.

As a matter of procedure, Amazon's objections were properly made and preserved. As Judge Torres has explained on multiple occasions, a party that believes a 30(b)(6) deposition exceeds Rule 26 should object before the deposition begins.[5] If the objection is not resolved, then generally the deposition must proceed – whether the topic's scope was proper will be resolved after it concludes, rather than with motion practice beforehand.[6] Thus, it was not incumbent on Amazon to seek a protective order; rather, as explained in *Balu*, Amazon's duty was to register its objection and allow the deposition to proceed, which Amazon did.[7]

### C. Non-Corporate Deposition Testimony on "Paraphernalia" and "Sex Toys" Was Inadmissible Hearsay.

Depositions are out-of-court statements, and hearsay if offered for their truth. Exceptions apply only if (1) the witness is not available (FRE 804 and FRCP 32(a)(4)), or (2) it is a

---

[5] *Balu v. Costa Croceire S.P.A.*, No. 11-60031, 2011 WL 3359681, at *3 (S.D. Fl. Aug. 3, 2011) (In this district, "the better procedure to follow for the proper operation of [Rule 30(b)(6)] is for a corporate deponent to object to the designation topics that are believe to be improper and give notice to the requesting party of those objections, so that they can either be resolved in advance or otherwise."); *see also New World Network Ltd. v. M/V Norwegian Sea,* 2007 WL 1068124, at *2–3 (S.D. Fla. Apr.6, 2007). That is exactly what Amazon did.

[6] *Id*. at *4 ("The reason that is a better procedure is that the deponent's answers will have a great deal of impact upon the strength of the arguments in support of or against a motion to compel. The answers will give the Court a factual record with which to judge whether a particular topic or question asked should be compelled or not.").

[7] *Id*. at *3 ("[T]he proper operation of [30(b)(6)] does not require, and indeed does not justify, a process of objection and Court intervention prior to . . . a deposition."); *see also King v. Pratt & Whitney*, 161 F.R.D. 475, 476 (S.D. Fla. 1995) *aff'd sub nom.*, 213 F.3d 646 (11th Cir. 2000) ("Rule 30(b)(6) cannot be used to limit what is asked of a designated witness at a deposition. Rather, the Rule simply defines a corporation's obligations regarding whom they are obligated to produce for such a deposition and what that witness is obligated to be able to answer.").

corporation's 30(b)(6) testimony (FRCP 32(a)(3)). The first exception does not apply because Mr. Martinelli testified at the hearing – he was not "unavailable."

Nor does the second exception apply. It is black-letter law that a 30(b)(6) witness that testifies on topics outside the scope of discovery or a 30(b)(6) notice does so only in an individual (not corporate) capacity.[8] Mr. Martinelli's deposition testimony about "sex toys" was exactly that. After Amazon objected to the "sex toys" 30(b)(6) topics, both it and WREAL understood before the deposition began that Amazon would not prepare or offer Mr. Martinelli on them. As such, on those subjects he testified as an individual and not a corporation. That ends the issue: had WREAL wanted corporate representative testimony on the sex toys topics, its avenue was not to ignore Amazon's objection; it was to pursue motion practice to overcome the objection in the nine weeks between the 30(b)(6) depositions and the hearing.[9] It reserved that right in meet-and-confers and during the deposition (Exhs. D & E at 9), but decided not to so.

### D. Amazon's Objections were Meritorious.

Rule 26 limits the scope of 30(b)(6) topics and requires that they be reasonably calculated to lead to relevant, admissible evidence. But even relevant material is not discoverable if the burden of producing it outweighs any probative value it may have. FRCP 26(b)(2)(C)(iii). Evidence's "probative value" depends on its tendency to show a "fact of consequence" to the claims at issue. FRE 401(a). "Sex toys" fail that test.

*First*, they are not facts of consequence. Sex toys are not available on either Fire TV or

---

[8] *McMahon v. Presidential Airways, Inc.*, No. 6:05CV1002-ORL28JGC, 2006 WL 5359797, at *4 n.3 (M.D. Fla. Jan. 18, 2006) (citing *Detoy v. City & Cnty. of San Francisco*, 196 F.R.D. 362, 367 (N.D. Cal. 2000) (analyzing S.D. Fla. cases and stating "[c]ounsel may note on the record that answers to questions beyond the scope of the Rule 30(b)(6) designation are not intended as the answers of the designating party and do not bind the designating party. . . . counsel may request from the trial judge jury instructions that such answers were merely the answers or opinions of individual fact witnesses").
[9] *King*, 161 F.R.D. at 476 (overruling defendant's scope objection to 30(b)(6) topic after the deposition ended, and authorizing additional deposition time on the disputed topics).

FyreTV. Nor are they referenced in the complaint. Instead, the complaint asserts that Amazon's "Fire TV" infringes upon the "FyreTV" trademark because the name "Fire TV" is "similar or identical to" WREAL's mark, "FyreTV," and therefore could confuse customers. ECF No. 1 at 12-13. That is it. "Sex toys," "paraphernalia," or "accessories" do not appear in the complaint, and are of no consequence to the allegations that do appear there because they have no bearing on whether the marks themselves are similar.[10]

***Second***, even if WREAL's theory had a basis in its complaint, it would not justify discovery because the burden of preparing a witness on "adult accessories" and "paraphernalia" (particularly in the compressed discovery timeframe that WREAL insisted on prior to the preliminary injunction hearing) outweighs their probative value. Preparation for the topics as drafted – which would cover everything from vibrators to condoms – would be a massive undertaking by Amazon on merchandise issues having nothing to do with trademarks, Fire TV, streaming, or any allegation in the complaint. For all of these reasons, the burden vastly outweighs any probative value and discovery "must" be limited by Rule 26(b)(2)(C)(iii).

### E.     Conclusion

For the foregoing reasons, Amazon respectfully submits that the deposition testimony of Mr. Martinelli was hearsay not subject to any exception and should be excluded from the record of the preliminary injunction hearing.

---

[10] Amazon expects WREAL's rejoinder will be: (1) consumers of sex toys likely consume pornography, (2) consumers of FyreTV consume pornography, (3) Amazon departments other than Fire TV sell sex toys, therefore (4) customers of FyreTV may think that Amazon sells pornography on Fire TV. Setting aside the merits of that chain of unsupported inferences, the assertion makes no difference for discovery. Lawyer arguments are not allegations; the complaint is what governs the factual inquiry in a lawsuit. FRCP 26(b)(1) (limiting discovery to matters relevant to "claims or defenses" in the case.) WREAL never sought to amend its complaint to assert a sex toy theory, nor has it offered opinion testimony that consumers of FyreTV.com would be confused by sex toys. Indeed, it dropped its request for documents on sex toys. Sex toys simply are not relevant or within the scope of the case as WREAL has framed it.

Dated: January 14, 2015                              Respectfully submitted,

                By:   /s/Jamie Zysk Isani

                  Jamie Zysk Isani (Florida Bar No. 728861)
                  HUNTON & WILLIAMS LLP
                  1111 Brickell Avenue, Suite 2500
                  Miami, Florida 33131
                  Telephone: (305) 810-2500
                  Facsimile: (305) 810-1675
                  jisani@hunton.com

                  Justin A. Nelson *(pro hac vice)*
                  Drew D. Hansen *(pro hac vice)*
                  Edgar Sargent *(pro hac vice)*
                  Patrick C. Bageant *(pro hac vice)*
                  SUSMAN GODFREY L.L.P.
                  1201 Third Ave, Suite 3800
                  Seattle, Washington 98101
                  Telephone: (206) 516-3880
                  Facsimile: (206) 516-3883
                  jnelson@susmangodfrey.com
                  dhansen@susmangodfrey.com
                  esargent@susmangodfrey.com
                  pbageant@susmangodfrey.com

                  *Counsel for Defendant Amazon.com*

## CERTIFICATE OF SERVICE

**I CERTIFY** that on January 14, 2015, a true and correct copy of the foregoing was served by transmission of Notice of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below.


/s/Jamie Z. Isani
Jamie Zysk Isani

## SERVICE LIST

Carlos Nunez-Vivas
can@wnflaw.com
Daniel Foodman
df@wnflaw.com
Dennis J. Wouters
djw@wnflaw.com
John G. Marfoe
jgm@wnflaw.com
WNF Law, P.L. – Waserstein Nunez & Foodman
1111 Brickell Avenue, Suite 2200
Miami, Florida 33131
Tel.: (305) 760-8500
Fax: (305) 760-8510

*Attorneys for Plaintiff WREAL, LLC*