UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-21385-CIV-LENARD/GOODMAN

WREAL LLC,

    Plaintiff,

v.

AMAZON.COM, INC.,

    Defendant.

_____/

### DISCOVERY ORDER

Plaintiff Wreal LLC wants this Court to quash a subpoena issued by Defendant Amazon to Dr. Thomas Maronick. [ECF No. 134]. This issue was discussed at a March 6, 2015 discovery hearing. The Undersigned required the parties to submit post-hearing memoranda. Those memoranda were submitted and this matter is now ripe for review. [ECF Nos. 138; 139]. For the reasons outlined below, the subpoena is **quashed**. However, consistent with the terms of this Order, Amazon may renew the subpoena if Wreal lists Dr. Maronick as a testifying expert at trial or submits his affidavit in support of a substantive submission (such as a summary judgment motion or opposition to a summary judgment motion) where Wreal is asking the Court to rely on his expert opinions.

1

## I. Background

Wreal used Dr. Maronick's expert opinion twice in connection with its motion for a preliminary injunction. First, it submitted his declaration in support of the motion. Second, it called him as an expert witness at the evidentiary hearing on the preliminary injunction motion. In both instances, his expert opinion testimony consisted of a challenge to a survey performed by Amazon's expert. During cross-examination, Amazon elicited from Dr. Maronick the fact that he conducted his own survey at Wreal's request.

The third party subpoena was issued to Dr. Maronick on February 23, 2015. [ECF No. 139-1]. The subpoena seeks two separate categories of documents:

1) All questions, responses, reports, and results of any survey or study Dr. Maronick conducted or supervised in connection with this case or the subjects at issue in this case; and

2) All non-privileged documents and communications in Dr. Maronick's possession, custody, or control that refer or relate to any survey or study that Dr. Maronick conducted or supervised in connection with this case or the subjects at issue in this case.

[*Id.* at pp. 4-5].

Wreal argues that the subpoena should be quashed because Dr. Maronick has not been designated as a testifying expert, notwithstanding the fact that Wreal included a

declaration from Dr. Maronick with its reply brief in support of its preliminary injunction motion and that Wreal called Dr. Maronick as a rebuttal expert witness at the December 2014 preliminary injunction hearing. [ECF Nos. 85-11; 127, p. 367]. According to Wreal, Dr. Maronick's prior participation in this case -- at the preliminary injunction phase -- is separate and apart from a scenario where it will use Dr. Maronick as a testifying witness *at trial*, which would implicate the testifying expert witness requirements of Federal Rule of Civil Procedure 26. In addition, Wreal argues that Amazon has not shown the required exceptional circumstances necessary to obtain discovery from a non-testifying expert. [ECF No. 139]. Finally, even if the Undersigned were to find that Dr. Maronick is a testifying expert, Wreal argues that the documents Amazon seeks are unrelated to Dr. Maronick's testimony and therefore outside the scope of allowable discovery.

In response, Amazon argues that the subpoena should not be quashed because Amazon is seeking materials related to Dr. Maronick's role as a testifying expert, and that Amazon is entitled to material he considered in forming his opinion. Amazon argues that Wreal bears the burden of showing Dr. Maronick did not consider the sought-after information in forming his opinion. In addition, where an expert serves dual roles as a testifying and consulting expert, Amazon contends, any ambiguity about the expert's role should be resolved in favor of the party seeking discovery.

In the alternative, Amazon argues that even if the sought-after information is afforded work-product protection (because Dr. Maronick is a non-testifying expert), then any protection or privilege has been waived because he testified at the preliminary injunction hearing and because Wreal's counsel discussed Dr. Maronick's survey at the discovery hearing. Amazon did not directly address Wreal's argument that Dr. Maronick's prior participation at the preliminary injunction hearing does not mean he is a testifying expert for *trial* purposes. However, Wreal raised that argument in its post-hearing brief.

## II.     Analysis

For the moment, Wreal's argument prevails. While Wreal did call Dr. Maronick as a rebuttal expert at the preliminary injunction hearing and used his declaration in support of its preliminary injunction motion, Wreal *has not* designated Dr. Maronick as a testifying expert for use *at trial* in this case. Pursuant to the scheduling order entered in this case, such disclosures are not due until June 15, 2015.[1] [ECF No. 49, p. 2].

There is authority to support the proposition that an expert's participation in preliminary injunction proceedings is separate and apart from whether that expert is a testifying expert for purposes of trial, as contemplated by Rule 26. In *Hansen Beverage Co. v. Innovation Ventures, LLC,* No. 08–CV–1166–IEG, 2010 WL 1608880 (S.D. Cal. April

---

[1]  Wreal stated in its brief that the deadline for its expert witness disclosures is July 31, 2015. [ECF No. 139, p. 2]. That is incorrect. The deadline is June 15, 2015.

4

20, 2010), the defendant submitted the declaration of an expert in its opposition to a motion for preliminary injunction. Later, the expert was designated as a testifying expert and the plaintiff obtained via discovery the materials that the expert relied upon in forming the opinion posited in that declaration. However, still later, the defendant de-designated the expert as a testifying expert and substituted a new testifying expert in his place. Plaintiff attempted to take the then-non-testifying expert's deposition, but the court refused to compel the deposition.

The court found that the expert was not a testifying expert even though the expert's declaration was previously submitted in support of the opposition to the preliminary injunction motion. In reaching this conclusion, the court noted that "'[t]he majority approach in federal jurisprudence is to allow the work product protection/consultative privilege to be restored, even if a testifying expert witness' designation is withdrawn after his/her opinions have been disclosed.'" [2] *Id.* at 2 (quoting

---

[2] In another case, *Plymovent Corp. v. Air Technology Solutions, Inc.*, 243 F.R.D. 139 (D.N.J. 2007), a district court affirmed a magistrate judge's finding that while the plaintiff submitted a video of an expert's interview and that expert's report in support of a preliminary injunction motion, it had not waived the non-testifying expert privilege. There, the plaintiff **withdrew** the expert report and notified the defendant that it would not call the expert at the preliminary injunction hearing. The court later refused to compel the expert's deposition, finding there had been no waiver because of the withdrawal. *Plymovent* is distinguishable from the case at hand, because Dr. Maronick *did* testify at the preliminary injunction hearing. For that reason, the Undersigned has not relied upon the case. However, *Plyomovent* does *not* stand for the proposition that Dr. Maronick is subject to discovery at this time. The facts of that case -- namely, that the expert's testimony had been withdrawn from the preliminary injunction motion/hearing -- simply made the court's decision easier.

*Estate of Manship v. United States of America,* 240 F.R.D. 229, 237 (M.D. La. 2006)). The court went on to analyze several cases finding that there was no waiver of Rule 26(b)(4)(D) protection for non-testifying witnesses in related circumstances. *Id.* The court noted that while non-testifying experts may be subject to limited discovery in "exceptional circumstances" (as contemplated by Rule 26(b)(4)(D)), no such circumstances were present. *Id.* Finally, the court held that the plaintiff would not be prejudiced by an order disallowing the expert's deposition because the expert "will not testify at trial, and therefore there is no need to depose her in preparation for cross examination." *Id.* at *3.

Similarly, in *Eidos Display, LLC v. Chunghwa Picture Tubes, Ltd.*, 296 F.R.D. 3, 7-8 (D.D.C. 2013), the court found that there was no waiver of the non-testifying expert privilege despite the fact that a non-testifying expert had submitted a declaration in support of a preliminary claim construction position in a patent infringement case. At the outset, the court noted that it was unclear whether Rule 26(b)(4)(D) was "even subject to waiver, [but that] the general trend in other districts has been to find that it is not." *Id.* at 7. In reaching this conclusion, the court distinguished a line of cases that found the protections afforded by Rule 26(b)(4)(D) are subject to waiver. This included *United States v. Hooker Chemicals & Plastics Corp.,* 112 F.R.D. 333, 339 (W.D.N.Y. 1986), where the court found that "when a party offers an affidavit of an expert witness in opposition to, or in support of a motion for summary judgment, it waives its right not

6

to have the deposition of said expert taken." Other courts have reached consistent conclusions. *See, e.g., Quevedo v. Trans–Pacific Shipping,* 143 F.3d 1255, 1258 (9th Cir. 1998) (upholding exclusion of expert testimony offered in summary judgment proceeding for failure to comply with Rule 26(a)(2)).

To date, Dr. Maronick's testimony and declaration were used *only for the preliminary injunction motion*. That motion is already fully briefed, the Undersigned held a multi-hour hearing on the motion, and the Undersigned has issued a report recommending that the motion be denied. In short, for all intents and purposes, the preliminary injunction phase of this case is over, though the District Court has yet to issue a final order on the motion. It may be that Amazon *was* entitled to (or Wreal was obligated to produce) discovery related to Dr. Maronick in advance of the preliminary injunction hearing or while that issue was still being litigated, but that window has passed. Amazon did not request an order compelling such discovery at that time.

Those cases that found waiver of the consulting expert witness privilege base the waiver on the fact that the expert in question has offered an opinion on something more closely related to trial or the ultimate resolution of a case (i.e. a summary judgment brief), that remains outstanding. Dr. Maronick's prior participation at the preliminary injunction phase does not fall into this category. Preliminary injunction matters are not

7

necessarily related to "trial" -- at least not for expert witness purposes, and, in any event, the preliminary injunction phase has passed.[3]

Amazon has not demonstrated that the privilege afforded such non-testifying experts by Rule 26(b)(4)(D) has been waived. First, as other courts have found, whether such waiver is even possible appears subject to some debate. *See, e.g., Eidos Display, LLC*, 296 F.R.D. at 7. Second, even if Dr. Maronick's status as a non-testifying expert was somehow waived by his participation in the preliminary injunction motion/hearing (or counsel's reference to his survey at the March 6, 2015 hearing), that status has likely now been restored. *Hansen Beverage Co.*, 2010 WL 1608880, at *7 ("The majority approach in federal jurisprudence is to allow the work product protection/consultative privilege to be restored, even if a testifying expert witness' designation is withdrawn after his/her opinions have been disclosed.") (internal quotation omitted).

At its root, this decision turns on the simple fact that Wreal is the master of its own case and can designate or de-designate experts for trial. Rule 26(a)(2)(A) requires

---

[3] Even if there was waiver here, it is unlikely that the information sought in the subpoena would fall within the scope of that waiver. *See Eidos Display, LLC*, 296 F.R.D. at 8 (citing *Hartford Fire Ins. Co. v. Pure Air on the Lake Ltd. P'ship*, 154 F.R.D. 202, 211 (N.D. Ind. 1993) for the proposition that, in a non-testifying expert context, only the information disclosed was waived). Such a finding would be bolstered by how the waiver occurred here. This is not a case where Wreal voluntarily disclosed that Dr. Maronick conducted a survey and is now attempting to prevent Amazon from obtaining discovery related to the survey. Instead, *Amazon* was able to elicit testimony at the preliminary injunction hearing regarding that survey.

disclosure of any expert that may be used "at trial." At this time, Wreal has *not* designated Dr. Maronick as an expert for use at trial. It has until June 15, 2015 to do so. For now, Dr. Maronick is simply a consulting, non-testifying expert, notwithstanding his prior role during the preliminary injunction phase.

As of now, Dr. Maronick is not testifying at trial, and so barring discovery related to Dr. Maronick does not prejudice Amazon, as it does not have to prepare for his cross examination at trial. *See Eidos Display, LLC*, 296 F.R.D. at 8. Wreal may, at a later time, designate Dr. Maronick as a testifying expert. If it does, then *at that time* Wreal shall meet its Rule 26 discovery obligations for testifying experts and Amazon will be free to renew its subpoena. If Wreal again attempts to thwart discovery aimed at Dr. Maronick, after he is designated as a testifying expert, then Amazon is of course free to seek discovery about Dr. Maronick's expert activities in this case. At that time, Amazon's arguments regarding an expert who wears "two hats" -- as both a consulting and testifying expert -- will be more pertinent.

One final point:

Wreal's argument that an expert who previously testified at a preliminary injunction hearing and submitted a declaration in support of a preliminary injunction motion may nonetheless not be a testifying expert for purposes of Rule 26(a)(2)(A) was not clearly raised at the March 6, 2015 discovery hearing. Instead, Wreal raised the argument for the first time in its post-hearing memorandum, citing the *Hansen* case analyzed above. As such, Amazon did not have the opportunity to brief the argument or offer legal authority that might undermine or contradict Wreal's position. The Undersigned finds, by this Order, that Wreal's argument, at least for now, carries the day. However, because Amazon has not had the chance to brief the argument and because,[4] consistent with Rule 26(d), the Court retains the authority to control the timing and sequence of discovery, Amazon may notice for a discovery hearing the issue of whether the Undersigned should compel discovery from Dr. Maronick *even if* Dr. Maronick is not selected as a testifying expert for trial, *after* the deadline for Wreal's expert witness disclosures (June 15, 2015). If Amazon chooses to do so, then it must be prepared to argue that Dr. Maronick's prior participation in this case at the preliminary injunction phase somehow compromises his designated status as a non-testifying

---

[4] The Undersigned's discovery procedures do not permit a discovery motion, which means there is no response or reply. Instead, there is a hearing at a discovery calendar. At times, such as in this case, the Undersigned directs the parties to simultaneously submit post-hearing memoranda on the discovery issue. When that happens, there is usually no response or reply; the parties need to anticipate the arguments the opposing side will, or might, raise and discuss them if appropriate.

expert. By allowing Amazon this opportunity, the Undersigned is not in any way speaking to the accuracy of such an argument -- the Undersigned is simply affording Amazon the chance to argue the issue, should it choose to assert it.

**DONE AND ORDERED** in Chambers, in Miami, Florida, March 20, 2015.

*[signature]*

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Judge Joan A. Lenard
All Counsel of Record