UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 14-21385-CIV-LENARD/GOODMAN

WREAL, LLC,

    Plaintiff,

v.

AMAZON.COM, INC.,

    Defendant.

_____/

## DISCOVERY HEARING ORDER

In 1980, hard rock band Blue Oyster Cult released a song called "Deadline" with lyrics applicable to the discovery dispute at issue in this copyright infringement action. The band noted: "He missed the deadline / He passed the deadline, darling / And I believe that somehow he knew."[1] In the discovery dispute at issue here, Plaintiff missed the applicable deadline for two of its three discovery disputes and arguably missed the deadline for the third dispute.

Local Rule 26.1(i) requires parties to bring discovery disputes to the Court's attention "within thirty (30) days of the occurrence of grounds for the motion." The local rule imposes potential consequences for failing to follow this deadline: "[A]bsent a showing of reasonable cause for a later filing, [a violation] may constitute a waiver of the relief sought." The comments to the local rule explain the philosophy underlying the

---

[1] From the "Cultösaurus Erectus" album (Columbia).

requirement: "[t]o ensure that discovery motions are filed when ripe and not held until shortly before the close of discovery or the eve of trial."

In this copyright infringement action against Defendant Amazon.com, Inc. ("Amazon"), Plaintiff Wreal, LLC ("Wreal") waited several months to bring fundamental discovery disputes to the Court's attention. Wreal says it was busy preparing for a preliminary injunction hearing and argues that this constitutes reasonable cause for the delay. The Undersigned disagrees and therefore denies relief pursuant to the local rule.

Notwithstanding this procedural defect, Wreal's substantive relevancy argument is unconvincing, and the Undersigned will not compel the requested discovery on this alternative ground, as well.  The background underlying these two conclusions is outlined below:

Wreal sells a pornography pay-per-view service called "FyreTV" and a pornography set-top box -- a device that streams video content directly to a television -- called the "Fyre BoXXX" through its website, www.fyretv.com. Wreal owns registered trademarks "FyreTV" and "FyreTV.com." In April 2014, Amazon introduced the Amazon Fire TV, a set-top box dedicated to mainstream content. Wreal then brought this lawsuit, claiming Amazon's Fire TV infringes its trademarks. Wreal alleges reverse confusion as opposed to traditional forward confusion: it alleges that consumers will

mistakenly believe the junior user (here, Amazon) is actually the source of the senior user's products (here, FyreTV or the Fyre BoXXX).

Wreal seeks to compel Amazon to (1) produce documents related to sex toys, which were requested in its First Requests for Production; (2) designate a corporate representative to testify about topics related to sex toys in a Rule 30(b)(6) deposition; and (3) respond to certain Requests for Admission involving sex toys. [ECF No. 142].

In regard to the first request, Amazon received Wreal's requests for production in September 2014, and it sent its objections and responses on October 20, 2014.  Wreal filed its notice of hearing seeking to compel discovery regarding the requests for production on April 20, 2015 -- **six months after receiving the objections**.

Similarly, Wreal took a Rule 30(b)(6) deposition of Amazon in November 2014, and it now seeks to compel testimony related to sex toys **five months later**. Wreal brought these two requests to the Court's attention **more than thirty days after** the occurrence of grounds for the discovery motion, and **less than four weeks** away from the discovery cutoff date.

As for the third request, Wreal says it timely sought to compel Amazon's responses.[2]  However, Amazon argues that this is actually an attempt to circumvent the timing issue (i.e., the missed 30-day deadline) and attain similar information related to

---

[2]   Wreal served its Requests for Admissions on February 23, 2015, and Amazon submitted its objections and responses on March 25, 2015.  Wreal's request that the Court compel Amazon to respond to its Requests for Admission was filed within thirty days of the occurrence of grounds for the motion.

sex toys by slightly restructuring the format of the discovery request. Therefore, Amazon argues, this discovery dispute is stale, as well.

Wreal's argument that its preparation for the preliminary injunction hearing caused the delay in bringing the disputes to the Court's attention is unavailing because the preliminary injunction hearing took place on December 30, 2014. Thus, even if the work necessary for the December hearing is a sufficient ground to explain a delay of more than thirty days (which it is not), it would not explain the post-December delay.

"Deadlines count. At least in this [Court]." *American Family Mut. Ins. Co. v. Roth*, No. 05 C 3839, 2010 WL 3397362, at *1 (N.D. Ill. Aug. 25, 2010) (citing to *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996) ("We live in a world of deadlines . . . . The practice of law is no exception . . . . When parties wait until the last minute to comply with a deadline, they are playing with fire."); *In re Sulfuric Acid Antitrust Litigation*, 230 F.R.D. 527, 533 (N.D. Ill. 2005)).

The delay here is not a matter of a mere few days, nor is it a situation where it is difficult to pinpoint when a dispute actually arose.[3] Here, for the first two disputes, the Court deems Wreal's failure to timely bring the discovery disputes to its attention as a waiver of the requested relief. *See* Local Rule 26.1(i); *see also U.S. v. Twenty-Nine Pre-*

---

[3]  The Court is not finding that the dispute over the requests for admissions is untimely, however, as the Undersigned is not adopting Amazon's argument that this final discovery request should be deemed a strategic ploy to bring an already-tardy discovery dispute to the Court's attention for a ruling compelling production of a response to admissions requests concerning sex toys.

4

*Columbian and Colonial Artifacts from Peru*, No. 13-21697-CIV, 2015 WL 627690, at *2 (S.D. Fla. Feb. 3, 2015).

Despite the tardy requests to compel discovery and in connection with the third issue (concerning requests for admission, a dispute which was not necessarily waived through a missed deadline), Wreal has also not sufficiently demonstrated on the merits the relevancy of discovery concerning sex toys.

This lawsuit concerns movie-related products being offered by services which have similar names: Wreal's "Fyre TV" and Amazon's "Fire TV." Wreal alleges it will be (and is) the victim of reverse confusion, and it contends that consumers are more likely to believe Amazon offers the adult video streaming actually offered by Wreal because Amazon sells sex toys. Wreal therefore concludes that information pertaining to Amazon's sales of sex toys is pertinent to discovery. At bottom, Wreal's theory is that consumers who purchase sex toys online are more likely to also purchase the adult streaming videos offered by Wreal through its Fyre TV product.

However, Wreal has failed to sufficiently explain this theory and it has provided no evidence to prove the viability of its theory -- only attorney rhetoric. Further, Wreal has not demonstrated a convincing reason to revisit the Undersigned's prior determination (in the Report and Recommendations on the motion for preliminary

injunction) that "sex toys are irrelevant to this case." [ECF No. 130, p.26].[4]  Wreal does not sell sex toys, is **not suing Amazon for selling sex toys**, has not amended its complaint to include a sex toy theory, and, as noted in the Report and Recommendations, **withdrew its previous request of sex toy related documents**.  A consumer cannot even access sex toys offered by Amazon, which are found in its health and wellness section, through an Amazon Fire TV.

Although discovery has a broad scope, it is not one without boundaries. "The discovery rules are not a ticket to unlimited, never-ending exploration of every conceivable matter that captures an attorney's interest. Parties are entitled to a reasonable opportunity to investigate the facts -- and no more." *American Family Mut. Ins. Co.*, 2010 WL 3397362, at *2 (citations omitted).  Wreal has failed to demonstrate the relevancy of discovery pertaining to sex toys in the present case (and, for two of the three disputes, failed to provide reasonable grounds to excuse the multi-month delay in bringing the dispute to the Court's attention).

---

[4]     Amazon argues that Wreal's failure to object to this portion of the Report and Recommendations means that Wreal has not timely pursued the issue and therefore waived its ability to seek an order compelling discovery about sex toys offered for sale on Amazon. This argument is not without its logic, though the Undersigned can surely appreciate the opposing theory. Because Wreal's sex toy theory is too attenuated to reach the critical level of relevancy to this reverse confusion copyright infringement lawsuit, the Undersigned takes no position on whether Wreal needed to specifically object to the Court's conclusion about sex toys in the Report and Recommendations in order to preserve its ability to seek discovery on it. Instead, the ruling here is based on the substantive issue concerning relevancy (or the lack of it).

Accordingly, the Undersigned **denies** Wreal's request to compel discovery related to Amazon's sale of sex toys.

**DONE and ORDERED**, in Chambers, in Miami, Florida, this 5th day of May, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Judge Joan A. Lenard
All Counsel of Record