UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-21385-CIV-LENARD/GOODMAN

WREAL, LLC,

    Plaintiff,

v.

AMAZON.COM, INC.,

    Defendant.

_____/

**POST-HEARING ADMINISTRATIVE ORDER**

The parties filed a Joint Notice of Hearing regarding three discovery issues [ECF No. 149]. The Court held a discovery hearing to resolve these issues on May 22, 2015. The Undersigned hereby ORDERS that:[1]

1. The Undersigned **denies without prejudice** Plaintiff's request to compel the continued 30(b)(6) deposition of Amazon concerning seven topics (topics 1, 2, 3, 4, 8, 9, and 10) listed in Wreal's Notice of Taking Continued Videotaped Deposition of Amazon.com, Inc. Plaintiff previously took a 30(b)(6) deposition of Amazon regarding the seven topics and had no further questions at the end of the deposition. At the

---

[1] If any party appeals this Order to the District Court, then the transcript of the hearing will need to be ordered, as it outlines the Undersigned's reasoning.

conclusion of the deposition, Plaintiff's counsel did not indicate that the deposition was being temporarily suspended or that the party was unduly prejudiced by the late disclosure of documents. The Undersigned is not going to provide Plaintiff's counsel with an opportunity to redo the deposition. Further, the 30(b)(6) deposition of Amazon was taken in November 2014, and Plaintiff waited until May 2015, shortly before the discovery cutoff, to raise this discovery issue. The Undersigned denies the request **without prejudice** in the event Amazon produces additional documents that relate to the previously listed topics.

    2.    The Undersigned **grants** Plaintiff's request to compel the 30(b)(6) deposition of Amazon concerning two topics (topics 1 and 2) listed in Wreal's Re-Notice of Taking 30(b)(6) deposition of Amazon.com, Inc. The Undersigned is allowing the deposition to go forward in order for Wreal to attain **facts**. However, the topics as currently phrased are too broad and arguably encompass areas of privilege. Accordingly, Plaintiff's counsel will reframe the two topics and include the following introduction: "The facts which relate to Amazon's stated position, in its United States Patent and Trademark Office challenge, that . . . " Amazon's designated witness must be prepared to provide factual <u>details</u>, not merely broad, conclusory factual summaries.

    3.    The Undersigned **grants** Defendant's request to compel the deposition of Estefano Isaias, Wreal's CEO and sole investor. Given the size and close nature of the

company, the Court does not find that the deposition of Wreal's CEO could be classified as the typical apex deposition.

**DONE and ORDERED**, in Chambers, in Miami, Florida, this 27th day of May, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Judge Joan A. Lenard
All Counsel of Record