UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:14-cv-21385-JAL

WREAL, LLC, a Florida Limited Liability Company,

    Plaintiff,

v.

AMAZON.COM, INC., a Delaware corporation,

    Defendant.

**JOINT MOTION TO RESCHEDULE LIMITED DEPOSITIONS
AFTER FACT DISCOVERY CUT-OFF**

Amazon.com, Inc. ("Amazon") and WREAL, LLC ("WREAL") jointly move for the Court's leave to take specific, select depositions after the June 1, 2015, fact discovery cut-off in this matter, under the conditions that (1) no pretrial deadlines that affect the Court's schedule (ECF No. 49) will be affected, and (2) the depositions at issue be completed on or before June 22, 2015.[1] Additionally, the parties request leave to continue their respective deadlines for

---

[1] Specifically, the parties move for leave to take the depositions of (1) Amazon employee Charlotte Maines, (2) WREAL's corporate representative according to Rule 30(b)(6) of the Federal Rules of Civil Procedure, and (3) Amazon's corporate representative according to Rule 30(b)(6) of the Federal Rules of Civil Procedure. Additionally, on May 27, 2015 – two business days before the final day of discovery – the Honorable Magistrate Judge Goodman entered an administrative order granting Amazon's motion to compel the deposition of WREAL's Chief Executive Officer, for reasons stated on the record at a May 22 hearing. *See* Doc. No. 156. Amazon and WREAL both seek leave to schedule that deposition after June 1 because it would be logistically impossible for WREAL to comply with the Court's order otherwise. In the same order, Magistrate Judge Goodman also granted Wreal's motion to compel the deposition of a representative of Amazon concerning two topics listed in Wreal's Re-Notice of Taking 30(b)(6) deposition. Likewise, it would be logistically impossible for Amazon.com to comply with the Court's order otherwise, but Amazon has agreed to designate a 30(b)(6) witness on the Firegram/Firechat topic to be deposed on or before June 12, 2015, at a mutually agreeable date and time.

opening expert disclosures (but no other deadline) such that any information from these depositions may be included in their reports.

The parties request the relief sought in this motion out of necessity: the depositions at issue had to be postponed due to illness of counsel, and rescheduling them on or before June 1, 2015, would work a serious burden upon the witnesses, who have other commitments. The parties have been working together and have conferred at length in an effort to complete the depositions by June 1, but given that most of Amazon's witnesses are in Seattle and WREAL's witnesses are in Miami, combined with the unexpected illness of counsel for both parties in the last two weeks of the fact discovery period, preventing cross-country travel, certain depositions have had to be rescheduled and cannot be completed by June 1 without imposing serious burdens to the personal and professional schedules of the witnesses.

Amazon and WREAL are mindful of the Court's policy on motions for extensions or stay of scheduling order deadlines (ECF No. 51), and are mindful that motions to modify deadlines are disfavored because they work a burden on the Court, which sets trial dates and related deadlines according to the scheduling order. They submit, however, that the relief requested herein would not offend the Court's policy because it would not affect any deadline that involves the Court, nor would it impact the trial date or pretrial schedule. (The only deadlines the parties propose to move are deadlines for expert disclosures, and the brief continuance they propose below will not impact any other case schedule date.)

For the foregoing reasons, the parties respectfully request that the Court grant them leave to take the foregoing depositions between June 1 and June 22, 2015, and order the additional relief that (a) WREAL may furnish its expert witness list, along with reports or summaries required by Rule 26(a)(2), fourteen (14) days after the date of the last deposition taken by WREAL (i.e. no earlier than June 26, 2015, but in no event later than July 6, 2015), and (b) Amazon may furnish its expert witness list, along with reports or summaries required by Rule 26(a)(2), forty-six (46) days after WREAL submits its expert disclosures. The parties do not seek to change any other pretrial deadline and as such the relief requested above will not impact any

remaining deadlines or the Court's schedule.

Dated: June 1, 2015                     Respectfully submitted,

By: /s/ Jamie Zysk Isani

Jamie Zysk Isani (Florida Bar No. 728861)
HUNTON & WILLIAMS LLP
1111 Brickell Avenue, Suite 2500
Miami, Florida 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-1675
jisani@hunton.com

Justin A. Nelson *(pro hac vice)*
Drew D. Hansen *(pro hac vice)*
Patrick C. Bageant *(pro hac vice)*
SUSMAN GODFREY L.L.P.
1201 Third Ave, Suite 3800
Seattle, Washington 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
jnelson@susmangodfrey.com
dhansen@susmangodfrey.com
pbageant@susmangodfrey.com

*Counsel for Defendant Amazon.com*

WNF LAW, P.L.
1111 Brickell Avenue Suite 2200
Miami, Florida 33131
Phone: (305) 760-8500 / Fax: (305) 760-8510

By:    /s/John G. Marfoe
Carlos Nunez-Vivas  (FL. Bar No.: 128181)
can@wnflaw.com
Daniel Foodman (FL. Bar No.: 337160)
df@wnflaw.com
Dennis J. Wouters (FL. Bar No.: 28692)
djw@wnflaw.com
John G. Marfoe (FL. Bar No.: 101535)
jgm@wnflaw.com

*Attorneys for WREAL, LLC*

## CERTIFICATE OF SERVICE

**I CERTIFY** that on June 1, 2015, a true and correct copy of the foregoing was served by transmission of Notice of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below.


Jamie Zysk Isani

## SERVICE LIST

Carlos Nunez-Vivas
can@wnflaw.com
Daniel Foodman
df@wnflaw.com
Dennis J. Wouters
djw@wnflaw.com
John G. Marfoe
jgm@wnflaw.com
WNF Law, P.L. - Waserstein Nunez & Foodman
1111 Brickell Avenue, Suite 2200
Miami, Florida 33131
Tel.: (305) 760-8500
Fax: (305) 760-8510

*Attorneys for Plaintiff WREAL, LLC*