UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 14-21385-CIV-LENARD/GOODMAN

WREAL, LLC, a Florida limited liability
company,

      Plaintiff,
vs.

AMAZON.COM, INC., a Delaware
corporation,

      Defendant.
_____/

**WREAL'S REPLY TO AMAZON'S RESPONSE IN OPPOSITION
TO WREAL'S MOTION FOR RECONSIDERATION OF
MAGISTRATE GOODMAN'S MAY 5, 2015 DISCOVERY RULING**

**I.   INTRODUCTION**

Wreal asks this Court to review Magistrate Judge Goodman's May 5, 2015 ruling that information related to Amazon's sale of sex toys is not discoverable because it is irrelevant. As explained in Wreal's motion, this ruling was clearly erroneous and contrary to the law. Amazon is home to what may be Earth's biggest selection of sex toys. Many of the roughly 350,000 sex toys sold on Amazon are endorsed by pornographic film actresses. Amazon even advertises that some of them are molded from those actresses' genitalia. These are not sold by Walmart, or Walgreens.  These are sold by Amazon.  A consumer searching for one of these items is likely to see an advertisement for Amazon's Fire TV or Fire TV Stick, both of which are prominently advertised on Amazon's home page. These sex toys are clearly associated with pornography, and thus relevant to whether consumers are likely to attribute Wreal's FyreTV to Amazon. Amazon's

1

sale of sex toys is also relevant to counter its defense - which is that pornography is so far from Amazon, any association would be unthinkable.

Amazon also seeks to avoid discovery on procedural grounds, and argues that Wreal's reasonable decision to seek relief from the Court in April, six weeks before the close of fact discovery, should preclude it from exploring the entire topic. But Rule 26.1(i)(1) is not that draconian. It is permissive, and Wreal explained in its motion that any delay was reasonable. Amazon does little more than present a distorted record in response. For example, it argues that the Magistrate's ruling on Wreal's Motion for Preliminary Injunction was also a discovery ruling, which it was not, in a naked attempt to alter the timeline. Wreal's decision to wait until the merits phase of discovery to seek relief was reasonable, and the Court should exercise its discretion and grant Wreal's motion. In addition, the issue is clearly timely as it relates to Wreal's Request for Admissions.

## II. ARGUMENT

### A. Wreal is Entitled to Discovery Related to Amazon's Sale of Sex Toys

Amazon's relevance argument is premised on an impermissibly narrow view of trademark law. It argues that sex toys are irrelevant because they are not a shared feature of the services at issue. But there can be confusion even if the products are not identical and even if consumers can readily distinguish them. *E. Remy Martin & Co., S.A. v. Shaw-Ross Intern. Imports, Inc.,* 756 F.2d 1525, 1530 (11th Cir. 1985) ("The question, however, is not whether the purchasing public can readily distinguish wine from cognac but whether the products are the kind the public attributes to a single source.") The law protects against more than copying or passing off. It protects against confusion as to source.

Thus, courts look beyond whether the products or services are identical. Indeed, the ultimate question of fact in this reverse confusion trademark infringement case is whether

consumers are likely to be confused into thinking that Amazon is the source of Wreal's FyreTV, or that FyreTV is somehow affiliated with Amazon. Wreal contends that consumers will be confused. Amazon's defense is that consumers would not think it is the source of Wreal's FyreTV, or is affiliated with Wreal's FyreTV, because pornography is so far from what Amazon does as a company. Wreal explained in its motion that discovery related to Amazon's sale of sex toys is relevant to whether the parties share a customer base and Amazon's intent, two factors courts consider in trademark infringement cases, as well as the ultimate issue of fact in this case, which is whether consumers would believe Amazon is the source of Wreal's FyreTV.

Here, a jury can easily conclude that pornographic movies and sex toys, long sold hand-in-hand at brick and mortar stores (and at Amazon's website) are complementary. This means that the same people that pay to watch pornographic movies may also purchase a sex toy endorsed by a pornographic actress. As a result, the parties share the same customers, one of the factors courts evaluate in determining whether there is a likelihood of confusion. More, this discovery is relevant to whether Amazon intended to push Wreal out of the market, which is another factor courts consider in determining whether there is a likelihood of confusion. That is because Amazon knew about Wreal's FyreTV well before launch. Amazon contends that it decided on the name despite its knowledge of Wreal's rights because it determined that confusion is unlikely because it is "so far from pornography." Amazon's massive sex toy selection is inconsistent with that statement (in addition to the fact that pornographic movies are available on Amazon's Fire TV through certain applications), and Wreal is entitled to discovery on this topic.

In sum, Amazon's sale of sex toys is highly relevant to this case, and therefore is discoverable. *See Rosenbaum v. Becker & Poliakoff, P.A.*, No. 08-CV-81004, 2010 WL 623699, at *1 (S.D. Fla. Feb. 23, 2010) (Discovery should be allowed "unless it is clear that the

3

information sought has ***no possible bearing*** on the claims and defenses of the parties or otherwise on the subject matter of the action.") (emphasis added).  The Court should grant Wreal's motion to compel, and order Amazon to comply with Wreal's discovery requests.

**B.  Amazon's Procedural Arguments Fail.**

Wreal acknowledges that it noticed its motion to compel Amazon to respond to its First Request for Production No. 8, and to compel a Rule 30(b)(6) witness to testify on Amazon's sex toys, more than 30 days after those disputes arose. And Wreal explained why its delay was reasonable under the circumstances, which it will not rehash here. However, in its response, Amazon tries to obfuscate the issue by claiming that *this* motion is tardy. It is not, as it was filed within 14 days of the Magistrate's May 5, 2015, Order. Recognizing that, Amazon attempts to cast the Magistrate's statement about the relevance of Amazon's sale of sex toys in his Report & Recommendations as a discovery ruling. The Magistrate did not hold that its statement in the R&R was a discovery ruling, and it was not one. (Dkt. No. 144 at 6, fn 4).  It was a ruling on relevance at a preliminary injunction hearing. The Court should disregard Amazon's attempt to distort the record.

Amazon also urges the Court to take on a strict, draconian, and ultimately unsupported interpretation of Local Rule 26.1(i). Amazon even urges the Court to overrule the Magistrate and hold that a violation of Local Rule 26.1(i) results in an automatic waiver of inquiry into an entire subject matter for the remainder of discovery. (Amazon's Opposition ("Opp.") at 7). This radical interpretation of the local rule is unsupported by the law.[1] The local rule is meant to prevent an

---

[1] The Magistrate explicitly refused to adopt Amazon's argument that the dispute over Wreal's requests for admissions is untimely. Amazon did not seek review of that ruling. Thus, with respect to Wreal's requests for admissions, it only asks the Court to review whether the Magistrate's ruling that the requests seek information beyond the scope of discovery is contrary to the law. As explained in Wreal's opening motion, it is contrary to the law. That is because Amazon's sale of sex toys is relevant to at least two predicate facts as well as the ultimate issue

ambush, not to thwart discovery, and the Court should reject Amazon's expansive view. *See, e.g., JCW Software, LLC v. Embroadme.com, Inc.,* No. 10-80472-CIV, 2011 WL 2149062, at *2-3 (S.D. Fla. May 31, 2011) (permitting motion to compel better responses to supplemental interrogatory responses filed five months after original responses that contained the same deficiency); *compare Felicia v. Celebrity Cruises, Inc.*, No. 12- 20477-CIV, 2013 174488, at *1 (S.D. Fla. Jan. 16, 2013) (Finding waiver under the local rule where dispute was brought months late, without justification, after the discovery deadline, and on the eve of trial.) The law simply does not support Amazon's contention that Wreal waived the entire *topic* for discovery purposes by not filing a discovery motion during the preliminary injunction phase of this case.

This extreme interpretation is also inconsistent with the purpose of the local rule, which is not to sanction delay but, as Amazon explained, "to ensure that discovery motions are filed when ripe and not held until shortly before the close of discovery or the eve of trial." (Opp. At 7). The purpose of the rule is not thwarted by allowing Wreal's motion to compel. Wreal noticed its motion on April 20, 2014, **six weeks** before the fact discovery cutoff, and **nearly a year** before trial. The court in *Kabula v. Southern Homes of Homestead Vill., Inc.* No. 08-20685-CIV, 2008 WL 4691983, at *1 (S.D. Fla. Oct. 22, 2008) said the concerns addressed by the local rule were "not compelling" because in that case the late-filed motion came "**two weeks** prior to the initial discovery cutoff, and **more than three months** before trial. *Id.* There was far more time remaining when Wreal filed its motion than in *Kabula*. And like the court in *Kabula*, this Court should use its discretion and grant Wreal's motion to compel. *Id,*

Nor can Amazon claim any prejudice by any delay. As an initial matter, Amazon waived its burdensome objections by failing to explain the burden as required by the local rules. *See*

---

of fact in this case.

Local Rule 26.1(g)(3)(a). Yet it bases its claim to prejudice on the burden required to comply with the discovery requests. But Amazon must be prejudiced by the delay, not the discovery itself. Further, Amazon's argument that it is *now* (but not when Wreal noticed the discovery hearing) past the discovery deadline is irrelevant. Wreal noticed its motion six weeks before the close of discovery, and trial is ten months away. Accordingly, Amazon will not suffer any undue prejudice.[2]

### III.   CONCLUSION

For the reasons stated above and in Wreal's opening motion, the Magistrate erred as a matter of law in denying Wreal's motion to compel. Nothing in Amazon's response suggests otherwise. The Court should disregard Amazon's attempts to distort the record and misstate the law, and grant Wreal's motion to compel.

---

[2] The rest of Amazon's argument is based on its make-believe version of the procedural record. It feigns ignorance as to the purpose of Wreal's motion, though Wreal clearly seeks the Court's review of the Magistrate's discovery order pursuant to 28 U.S.C. 636(b)(1). ("A judge of the court may reconsider any [nondispositive] pretrial matter … where it has been shown that the magistrate judge's order it clearly erroneous or contrary to the law.") And Wreal cited to this statute and Rule 72(a) in its motion. Amazon also, for the first time, explains the amount of material that would be responsive to Wreal's requests. It does this as part of its explanation that it would suffer undue prejudice if forced to answer this relevant discovery. In reality, Amazon's explanation only bolsters Wreal's argument that it would have been unrealistic for it to seek to compel this discovery during the preliminary injunction phase, when Amazon's witnesses were unavailable for the holidays.

Respectfully submitted,

WNF LAW, P.L.
*Attorneys for WREAL, LLC*
1111 Brickell Avenue, Suite 2200
Miami, Florida 33131
Phone: (305) 760-8500
Fax: (305) 760-8510


By: ___*/s/   John G. Marfoe*_____
　　　Carlos Nunez-Vivas
　　　Florida Bar No. 128181
　　　can@wnflaw.com
　　　Daniel Foodman
　　　Florida Bar No. 337160
　　　df@wnflaw.com
　　　Dennis J. Wouters
　　　Florida Bar No. 28692
　　　djw@wnflaw.com
　　　John G. Marfoe
　　　Florida Bar No. 101535
　　　jgm@wnflaw.com

## CERTIFICATE OF SERVICE

I certify that on June 12, 2015, this document was served by email on all counsel of record on the Service List below.


By:  /s/ John Marfoe


## SERVICE LIST

Justin A. Nelson, Esq.
Drew D. Hansen, Esq.
Patrick C. Bageant, Esq.
*Co-counsel for Defendant*
Susman Godfrey L.L.P.
1201 Third Avenue
Suite 3800
Seattle, WA 98101
Tel. 206-516-3880
Fax 206-516-3883
jnelson@susmangodfrey.com
dhansen@susmangodfrey.com
pbageant@susmangodfrey.com

Jamie Z. Isani, Esq.
Shannon Shaw, Esq.
*Co-counsel for Defendant*
Hunton & Williams LLP
1111 Brickell Avenue
Suite 2500
Miami, FL 33131
Tel. 305-810-2500
Fax 305-810-2460
jisani@hunton.com
sshaw@hunton.com