UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 14-CV-21385-LENARD/GOODMAN

WREAL, LLC, a Florida Limited
Liability Company,

      Plaintiff,
vs.

AMAZON.COM, INC., a Delaware
Corporation,

      Defendant.
_____/

**PLAINTIFF'S MOTION FOR AN ORDER OVERRULING DEFENDANT'S OBJECTION UNDER PARAGRAPH 7 OF THE PROTECTIVE ORDER WITH RESPECT TO DR. LINDA WILLIAMS, AND FOR LEAVE TO FILE A SUPPLEMENTAL EXPERT REPORT**

Plaintiff Wreal, LLC ("Wreal") moves the Court for an order (1) overruling Amazon's objection to Dr. Williams pursuant to Paragraph 7 of the Order Governing the Use of Confidential Information (Dkt. 67) ("Protective Order"), and (2) granting Wreal leave to file a supplemental expert report of Dr. Williams within fourteen (14) days of the entry of the order.

Wreal is forced to seek this relief out of necessity due to Amazon's bad faith objection to Dr. Williams under Paragraph 7 of the Protective Order. (Dkt. 67). As will be explained below, Amazon asserted an invalid objection under that paragraph in an apparent effort to disrupt Wreal's ability to share certain information designated by Amazon as "Highly Confidential." As a result, Dr. Williams is unable to submit a **complete** expert report as required by Rule

1

26(a)(2)(B)(i) by the deadline of June 26, 2015.[1] Accordingly, Wreal seeks an order overruling Amazon's unfounded objection under Paragraph 7 of the Protective Order, and granting Wreal leave to file a supplemental expert report of Dr. Williams within fourteen (14) days of the entry of the order. In support, Wreal states as follows:

1. On November 14, 2014, the Court entered the Protective Order. The particulars of the Protective Order were the result of a stipulation between the parties, with one exception: an "expert identification" provision. That provision requires that a party, before they disclose the opponent's "Highly Confidential" information to its consultants or experts, disclose the identity, address, recent employers, and recent testimony of its consultants or experts to the opponent.

2. This provision, found in Paragraph 7 of the Protective Order, provides that the party that designated the material as "Highly Confidential" may object (1) only to the disclosure of highly confidential material to that expert, and (2) only if there is a "good faith belief that disclosure … to the expert *will result in specific business or economic harm*." (Dkt. 67 at 8-9) (emphasis added).

3. Wreal disclosed Dr. Linda Williams pursuant to Paragraph 7 of the Protective Order on June 15, 2015. (*See* email chain attached as Ex. 1 at 6-7).

4. A week later, on June 22, 2015, Amazon objected to Dr. Williams. (Ex. 1 at 5). It did not object on the basis that disclosure of any of Amazon's highly confidential material will result in specific or economic harm, however. Instead, it objected on the basis that it had made an initial contact with Dr. Williams in the fall of 2014, and that it "shared information with her,"

---

[1] Dr. Williams is submitting her expert report by the deadline, but Wreal seeks leave to supplement her report once she is able to review the information designated as "Highly Confidential" by Amazon.

2

without adding anything more specific. (*Id.*) Amazon then demanded that Wreal provide additional information not required under Paragraph 7 of the Protective Order, specifically:

    a. Whether Dr. Williams has any record or recollection of Amazon's communication with her;

    b. Whether Dr. Williams told Wreal anything about those communications;

    c. Whether Dr. Williams reached out to Wreal, or Wreal reached out to Dr. Williams;

    d. When Wreal first made contact with Dr. Williams.[2]

    5.    Wreal informed Amazon that this was not a basis by which to object under Paragraph 7 of the Protective Order, and that it refused to withdraw her. (*Id.* at 4). Wreal also informed Amazon that it was unaware of any prior contact between Amazon and Dr. Williams, and that Dr. Williams did not recall ever speaking with Amazon or its counsel. (*Id.* at 3-4).

    6.    Thus, Amazon knew by June 22 at the *latest* (though presumably it would have remember its prior contact with Dr. Williams much earlier) that it had no basis to object under Paragraph 7, yet it did so anyway in an apparent effort to impede Wreal's ability to work with its expert.

    7.    One of the reasons Wreal opposed the inclusion of Paragraph 7 in the Protective Order was that it could lead to unnecessary litigation over objections to possible experts. (*See* Dkt. 61 at 3) (*citing United States v. AT&T,* Case No. 1:11-cv-01560-ESH (D.D.C. 2011) (expert identification provision could result in "unnecessary litigation over possible experts"); *Medtronic Inc. v. Guidant Corp.*, 2011 WL 3785593 at *3 (D. Minn. Dec. 20, 2011) (rejecting expert

---

[2] The proper procedure would have been for Amazon to ask these questions through interrogatories or at a deposition after Dr. Williams is disclosed pursuant to Rule 26, not to use the Expert Identification provision as a means to object on other grounds that are plainly not available pursuant to the Protective Order.

identification provision because "[t]o rule otherwise creates a potential for a long series of expert vetoes" that "would cause discovery to drag on needlessly.")).

8. Amazon disclaimed any intention of using the expert identification as a bad faith litigation tactic to block Wreal's experts. (Dkt. No. 62 at 5, n. 4) ("Wreal also asserts that Amazon will use expert identification as a bad faith litigation tactic to 'block' Wreal's experts. Wreal has no basis to assert that Amazon's counsel will act in any manner inconsistent with integrity and good faith. That should be the end of the matter.")

9. But Amazon is doing just what Wreal feared it would do. It is attempting to use Paragraph 7 of the Protective Order to block one of Wreal's experts based on a vague (and quite baseless) "potential conflict" that has nothing to do with any concern that Amazon's competitors will gain access to its confidential information. This is plainly not a basis by which to object under Paragraph 7. This is nothing more than an attempt to disrupt Wreal's trial preparation and the ability of Dr. Williams to serve a complete expert report as required by Rule 26(a)(2)(B)(i).

10. Indeed, Wreal repeatedly requested that Amazon provide the basis for its objection under Paragraph 7 of the Protective Order, which requires an objecting party to "state with particularity the grounds of the objection...." Amazon refused to do so, and only at 5:14 p.m. stated vaguely: "[P]aragraph 7 is the basis for our objection as are the other common law rules that apply." (Ex. 1 at 1). Amazon did not state with particularity the grounds of its objection, nor did it even identify the "other common law rules that apply."

11. As a result of Amazon's delay tactic, Wreal has been unable to share certain information with Dr. Williams, and as a result she has been unable to prepare a complete statement of all opinions that she will express and the basis for them.

WHEREFORE, Wreal respectfully requests that the Court (1) overrule Amazon's unfounded objection to Dr. Williams pursuant to Paragraph 7 of the Protective Order, and (2) grant Wreal leave to file a supplemental expert report of Dr. Williams within fourteen (14) days of the entry of the order.

### Local Rule 7.1 Certification

Counsel for Wreal certifies that it conferred with Amazon's counsel through email regarding the issues in this motion, as shown in Exhibit 1 to this motion.

Respectfully submitted,

WNF LAW, P.L.
*Attorneys for WREAL, LLC*
1111 Brickell Avenue Suite 2200
Miami, Florida 33131
Phone: (305) 760-8500 / Fax: (305) 760-8510

By: /s/    John Marfoe
    Carlos Nunez-Vivas  (FL. Bar No.: 128181)
    can@wnflaw.com
    Daniel Foodman (FL. Bar No.: 337160)
    df@wnflaw.com
    Dennis J. Wouters (FL. Bar No.: 28692)
    djw@wnflaw.com
    John G. Marfoe (FL. Bar No.: 101535)
    jgm@wnflaw.com

## CERTIFICATE OF SERVICE

  I certify that on June 26, 2015, this document was served by transmission of a Notice of Filing generated by CM/ECF upon the following:

| | |
|---|---|
| Justin A. Nelson, Esq.<br>Drew D. Hansen, Esq.<br>Patrick C. Bageant, Esq.<br>*Co-counsel for Defendant*<br>Susman Godfrey L.L.P.<br>1201 Third Avenue<br>Suite 3800<br>Seattle, WA 98101<br>Tel. 206-516-3880<br>Fax 206-516-3883<br>jnelson@susmangodfrey.com<br>dhansen@susmangodfrey.com<br>pbageant@susmangodfrey.com | Jamie Z. Isani, Esq.<br>Shannon Shaw, Esq.<br>*Co-counsel for Defendant*<br>Hunton & Williams LLP<br>1111 Brickell Avenue<br>Suite 2500<br>Miami, FL 33131<br>Tel. 305-810-2500<br>Fax 305-810-2460<br>jisani@hunton.com<br>sshaw@hunton.com |

                 /s/  John Marfoe