# John G. Marfoe

| | |
|---|---|
| **From:** | Patrick C. Bageant <pbageant@susmangodfrey.com> |
| **Sent:** | Thursday, June 25, 2015 5:14 PM |
| **To:** | John G. Marfoe |
| **Cc:** | Justin A. Nelson; Drew Hansen; Isani, Jamie Zysk; sshaw@hunton.com; Carlos Nunez-Vivas; Daniel Foodman; Dennis J. Wouters; Paul Bagley; Ingrid R. Chavez |
| **Subject:** | Re: Wreal v. Amazon - Tomorrow's Depo and Discovery response designations |

John, paragraph 7 is the basis for our objection as are other common law rules that apply. We are increasingly concerned because you and/or the professor are unwilling to answer even the most basic questions about the relationship. Until you answer those questions (which, again, would have to be done at any hearing on this dispute or in deposition) we will maintain our objection.

Thanks,
Patrick



> On Jun 24, 2015, at 6:28 PM, John G. Marfoe <jgm@wnflaw.com> wrote:
>
> Patrick,
>
> I understand what your concern is but, procedurally, this is not the place to raise it. As I've said repeatedly, your objections for the purposes of our request are limited by Paragraph 7 of the Protective Order.
>
> And as I've said before, we have no idea who may have spoken with Dr. Williams, or what might have been communicated to her. You're correct that, if we disclose Dr. Williams as a testifying expert, you will have the right to depose her. If you think she should be disqualified as an expert for whatever reason, you can bring that to the Court's attention.
>
> But that is for another day. You apparently have no basis under Paragraph 7 of the Protective Order to object to Dr. Williams. Unless you can provide one, we ask that you withdraw your objection.
>
> John
>
> -----Original Message-----
> From: Patrick C. Bageant [mailto:pbageant@susmangodfrey.com]
> Sent: Wednesday, June 24, 2015 12:44 PM
> To: John G. Marfoe
> Cc: Justin A. Nelson; Drew Hansen; Isani, Jamie Zysk; sshaw@hunton.com; Carlos Nunez-Vivas; Daniel Foodman; Dennis J. Wouters; Paul Bagley; Ingrid R. Chavez
> Subject: Re: Wreal v. Amazon - Tomorrow's Depo and Discovery response designations
>
> John,
>
> Thank you for your response and the answers to the first 2 questions. As we have stated, in order to fully evaluate Williams, we need to know the answers to all four of our questions and not just the first two. This shouldn't be controversial because the information we have requested would come out anyway in deposition. We are asking for this

1

information now so that we can properly evaluate whether to maintain our objection given our contact with her on this case.
>
> As we have in the past, we will attempt to respond to you in a timely fashion. We have endeavored to provide you with our responses quickly. In fact, even though we did not have to respond until Thursday<x-apple-data-detectors://0> we sent our initial email on Monday. I look forced to hearing back from you on the invitation we have requested.
>
> Thanks,
> Patrick
>
>
> On Jun 23, 2015, at 4:49 PM, John G. Marfoe <jgm@wnflaw.com<mailto:jgm@wnflaw.com>> wrote:
>
>
> Patrick,
>
>
>
> We are only asking at this time whether you object to us disclosing material that Amazon designated highly confidential to Dr. Williams. Paragraph 7 provides:  "Any objection shall state with particularity the grounds of the objection and be based on the Designating Party's good faith belief that disclosure of its Protected Information to the expert will result in specific business or economic harm."  It does not permit Amazon to object for any other reason. You have not stated with particularity why Amazon believes, in good faith, that disclosure of its protected information will result in specific business or economic harm despite having ample opportunity to do so.
>
>
>
> Paragraph 7 also provides that the parties are to work in good faith to shorten the time frames if necessary to meet any discovery or briefing schedules.
>
>
>
> You've had ample time to consider whether disclosure of Amazon's confidential information to Dr. Williams will cause it any specific or business harm, and you have not objected on that basis. Instead, you are objecting on the basis of a "potential conflict."
>
>
>
> Because you have no valid objection under Paragraph 7, I ask again that you confirm by the end of the day that we may share Amazon's protected material with Dr. Williams, pursuant to Paragraphs 6(b)(iv) and 7 of the protective order.
>
>
>
> And we did answer your first two questions, which should end the matter. Dr. Williams has no recollection of speaking with Amazon or its attorneys, we were not aware of any contact that may have occurred, and we have not received any information that you may have shared with her.
>
>
>
> Thank you for confirming that you have no objection to Dr. Ostberg.
>
>
>

>
> John
>
>
>
>
>
> -----Original Message-----
> From: Patrick C. Bageant [mailto:pbageant@susmangodfrey.com]
> Sent: Tuesday, June 23, 2015 4:27 PM
> To: John G. Marfoe
> Cc: Justin A. Nelson; Drew Hansen; Isani, Jamie Zysk; sshaw@hunton.com<mailto:sshaw@hunton.com>; Carlos Nunez-Vivas; Daniel Foodman; Dennis J. Wouters; Paul Bagley; Ingrid R. Chavez
> Subject: Re: Wreal v. Amazon - Tomorrow's Depo and Discovery response designations
>
>
>
> Thanks, John.
>
>
>
> We do not have an objection to Ostberg.
>
>
>
> Our objection to Williams pertains to work product and potential conflicts along those lines. We are asserting it in good faith -- and we raised it well before the objection deadline precisely so that we could work through the issue in advance of your reports -- but you have not yet answered our questions below. That information will go a long way toward helping Amazon determine whether it feels comfortable with the relationship, and we would appreciate hearing back from you.
>
>
>
> Thank you,
>
> Patrick
>
>
>
>
>
>
>
>>> On Jun 23, 2015, at 3:32 PM, John G. Marfoe <jgm@wnflaw.com<mailto:jgm@wnflaw.com>> wrote:
>>
>
>> Patrick, please let us know by the end of the day whether you are maintaining your objection with respect to Dr. Williams, and please confirm that you have no objection to Dr. Ostberg. Amazon has no basis to object to either expert under Paragraph 7 of the protective order, and at this point you are using that provision to needlessly interfere with our ability to work with our experts. If we do not receive a response today, we will have to go to the Court to seek additional time for our expert disclosures.
>

3

>
>> In addition, while it irrelevant with respect to Paragraph 7 of the protective order, Dr. Williams said she has no recollection of being contacted by Amazon or any of its attorneys.
>
>
>> Thank you,
>
>
>> John
>
>
>> -----Original Message-----
>
>> From: John G. Marfoe
>
>> Sent: Monday, June 22, 2015 3:00 PM
>
>> To: Patrick C. Bageant; Justin A. Nelson; Drew Hansen; Isani, Jamie Zysk; 'sshaw@hunton.com<mailto:sshaw@hunton.com>'
>
>> Cc: Carlos Nunez-Vivas; Daniel Foodman; Dennis J. Wouters; Paul Bagley; Ingrid R. Chavez
>
>> Subject: RE: Wreal v. Amazon - Tomorrow's Depo and Discovery response designations
>
>
>> Patrick,
>
>
>> Addressing Dr. Ostberg first, I confirmed that he is not doing any non-litigation consulting related to streaming media players. Please confirm that you have no objection under Paragraph 7 of the protective order.
>
>
>> As to Dr. Williams, we were not aware of any prior contact with Amazon or its counsel, and she has not shared any information with us related to any conversations that you had with her.
>
>
>> That said, Dr. Williams was disclosed pursuant to Paragraph 7 of the protective order. That paragraph provides Amazon the opportunity to object only to the disclosure of protected information to Dr. Williams, and only if the objection is based on Amazon's "good faith belief that disclosure of its Protected Information to the expert will result in specific business or economic harm." (Dkt. 67 at 9). You have not objected on that basis. Thus, we are refusing to withdraw Dr. Williams, and we ask again that you approve her under Paragraph 7 of the protective order unless you are able to state with particularity why disclosure of Amazon's Highly Confidential information to Dr. Williams will result in specific business or economic harm.
>
>
>> Thanks,
>
>
>> John
>
>
>> -----Original Message-----

>
>> From: Patrick C. Bageant [mailto:pbageant@susmangodfrey.com]
>
>> Sent: Monday, June 22, 2015 12:14 PM
>
>> To: John G. Marfoe; Justin A. Nelson; Drew Hansen; Isani, Jamie Zysk; 'sshaw@hunton.com<mailto:sshaw@hunton.com>'
>
>> Cc: Carlos Nunez-Vivas; Daniel Foodman; Dennis J. Wouters; Paul Bagley; Ingrid R. Chavez
>
>> Subject: Re: Wreal v. Amazon - Tomorrow's Depo and Discovery response designations
>
>
>> John,
>
>
>> We were in contact with Dr. Williams in the Fall and shared information with her. At this point we object to her. We will maintain an open mind on this issue but are nevertheless concerned due to our prior contacts. In the meantime, can you please tell us (a) whether Dr. Williams has any record or recollection of our communications with her, (b) whether she told you anything about those communications, (c) whether she reached out to you or you to her, and (d) when you first made contact with her? The answers to those questions will guide us in deciding next steps.
>
>
>> Also, we see from Dr. Ostberg's CV that he does consumer surveys for commercial clients - would you mind confirming with him that he is not doing any non-litigation consulting relating to streaming media players?
>
>
>> Best,
>
>> Patrick
>
>
>
>> From: John Marfoe
>
>> Date: Thursday, June 18, 2015 at 8:29 AM
>
>> To: Patrick Bageant, Justin Nelson, Drew Hansen, Jamie Isani, "'sshaw@hunton. com'"
>
>> Cc: Carlos Nunez-Vivas, Daniel Foodman, Dennis Wouters, Paul Bagley, "Ingrid R. Chavez"
>
>> Subject: RE: Wreal v. Amazon - Tomorrow's Depo and Discovery response designations
>
>
>> Patrick, thanks, we have no objection to these experts.
>
>
>> -----Original Message-----
>
>> From: Patrick C. Bageant [mailto:pbageant@susmangodfrey.com]
>
>> Sent: Tuesday, June 16, 2015 9:41 AM

5

>
>> To: John G. Marfoe; Justin A. Nelson; Drew Hansen; Isani, Jamie Zysk; 'sshaw@hunton.com<mailto:sshaw@hunton.com><mailto:'sshaw@hunton.com>'
>
>> Cc: Carlos Nunez-Vivas; Daniel Foodman; Dennis J. Wouters; Paul Bagley; Ingrid R. Chavez
>
>> Subject: Re: Wreal v. Amazon - Tomorrow's Depo and Discovery response designations
>
>
>> John, please see the attached expert disclosures by Amazon for Mr. Steve Wolf and Mr. Pat Gannon. Thanks.
>
>
>> From: Patrick Bageant
>
>> Date: Tuesday, June 16, 2015 at 12:34 AM
>
>> To: John Marfoe, Justin Nelson, Drew Hansen, Jamie Isani, "'sshaw@hunton. com'"
>
>> Cc: Carlos Nunez-Vivas, Daniel Foodman, Dennis Wouters, Paul Bagley, "Ingrid R. Chavez"
>
>> Subject: Re: Wreal v. Amazon - Tomorrow's Depo and Discovery response designations
>
>
>> Thanks, John. On the discovery responses, we will make designations on a response-by-response basis. We'll let you know on the experts as soon as we've had an opportunity to evaluate. Thanks.
>
>
>> From: John Marfoe
>
>> Date: Monday, June 15, 2015 at 5:19 PM
>
>> To: Justin Nelson, Drew Hansen, Patrick Bageant, Jamie Isani, "'sshaw@hunton. com'"
>
>> Cc: Carlos Nunez-Vivas, Daniel Foodman, Dennis Wouters, Paul Bagley, "Ingrid R. Chavez"
>
>> Subject: RE: Wreal v. Amazon - Tomorrow's Depo and Discovery response designations
>
>
>> I haven't heard a response to (2) below - we are treating the entire responses a Highly Confidential, but would appreciate clarification.
>
>
>> That said, pursuant to paragraph 7 of the protective order, we are identifying the following experts who may be shown material designated by Amazon as Highly Confidential:
>
>
>
>> 1.      Linda Williams, Ph.D., 34 Panoramic Way, Berkeley, CA 94704.
>
>
>> 2.      Dr. Henry Ostberg, Admar Group, Inc., 87 Ruckman Road, Alpine NJ 07620.
>

>
>> Their respective employment histories can be found in their c.v.'s, which are attached.
>
>
>> In addition, a list of cases where Dr. Ostberg has provided either trial or deposition testimony in the past four years is attached. Professor Williams has not testified at trial or deposition in the last four years.
>
>
>> Please let us know as soon as possible if you have any objections.
>
>
>> Thank you,
>
>
>> John
>
>
>
>> From: John G. Marfoe
>
>> Sent: Wednesday, June 10, 2015 8:40 PM
>
>> To: Justin A. Nelson; Drew Hansen; Patrick C. Bageant; Isani, Jamie Zysk; 'sshaw@hunton.com<mailto:sshaw@hunton.com><mailto:'sshaw@hunton.com><mailto:'sshaw@hunton.com>'
>
>> Cc: Carlos Nunez-Vivas; Daniel Foodman; Dennis J. Wouters; Paul Bagley; Ingrid R. Chavez
>
>> Subject: Wreal v. Amazon - Tomorrow's Depo and Discovery response designations
>
>
>> Counsel, a couple of quick things - (1) Can we move tomorrow's deposition of Charlotte Maines to 10 a.m. (instead of 9:30)? (2) It appears that you designated your entire responses to the Wreal's most recent Interrogatories and RFAs as Highly Confidential - are there specific answers that are highly confidential, or are you designating the entire responses Highly Confidential?
>
>
>