**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 1:14-cv-21385-JAL

WREAL, LLC, a Florida Limited Liability Company,

    Plaintiff,

v.

AMAZON.COM, INC., a Delaware corporation,

    Defendant.

**AMAZON'S MOTION FOR CLARIFICATION OF THE COURT'S
AUGUST 25 ORDER (ECF NO. 174) AND OPPOSITION TO
WREAL'S MOTION FOR EXTENSION OF TIME
TO COMPLETE EXPERT DISCOVERY**

-i-

# CONTENTS

1. PROCEDURAL HISTORY ........................................................................................2

2. ARGUMENT ..............................................................................................................5

    A.     The Scheduling Order Does Not Authorize WREAL's Request for Rebuttal Reports. ...........................................................................................5

    B.     WREAL's Request Is Neither Substantially Justified Nor Harmless. ..................................................................................................7

3. CONCLUSION ........................................................................................................11

On August 24, 2015, Plaintiff WREAL, LLC ("WREAL") filed a Motion for Extension of Time to Complete Expert Discovery (ECF No. 174), which it noted was opposed only in part by Defendant Amazon.com, Inc. ("Amazon") (*id.* at 4). Specifically, WREAL requested an extension of time to take the deposition of Professor Peter Lehman, and to serve rebuttal expert reports, and noted that Amazon would oppose the latter but not the former. *Id.* On August 25, 2015, before Amazon had responded to explain the grounds for its partial opposition, the Court issued an order granting WREAL's request to extend the expert discovery deadline, but the order did not appear to address WREAL's request to serve rebuttal expert reports. (ECF No. 175.)

Amazon thus respectfully seeks clarification of the Court's order with respect to that issue because Amazon opposes WREAL's request to serve rebuttal expert reports. WREAL has asked to serve a so-called "rebuttal" expert report from a financial expert—an expert who was not disclosed on WREAL's expert disclosure deadline on June 26 and who did not submit a report by the deadline. WREAL has long been on notice—since before the preliminary injunction hearing on December 30—that its inability to demonstrate any damages would be at issue in this case. The parties produced documents and took depositions relating to financial matters long before WREAL's June 26 expert disclosure deadline. And yet WREAL made the tactical choice not to disclose a financial expert on June 26. Permitting WREAL to serve a new expert report on a new topic from a new expert at this late date, when discovery is about to close, would violate the Court's scheduling order, which clearly states that "only those expert witnesses" disclosed by the expert disclosure deadline "shall be permitted to testify at trial" (ECF No. 49). It could disrupt the case schedule, including the upcoming October 2 deadline for dispositive motions and motions to exclude and limit experts. And it would prejudice Amazon by reversing the order of expert disclosures, requiring Amazon to disclose an expert first on financial matters before WREAL discloses its own expert on this issue. The joint case schedule, which was stipulated by the parties, entered by the Court, and reaffirmed by the Court on June 2, 2015, does not authorize WREAL's request and should not be amended to do so.

## 1. PROCEDURAL HISTORY

On August 29, 2014, the parties filed a Joint Scheduling Form (ECF No. 25) that was stipulated after heavy negotiation (*see* ECF Nos. 23 & 24). That schedule, which was accepted by the Court, closed fact discovery on June 1, 2015, and required that WREAL must, by June 15, 2015, provide an expert witness list and reports. (ECF No. 25.) It further stated that "[o]nly those expert witnesses named on this list and for whom the required reports or summaries have been provided shall be permitted to testify at trial." *Id*. It required matching disclosures of Amazon: it stated that by July 31, 2015, Amazon must provide its expert disclosures, and further that all expert discovery must be completed by August 31, 2015. *Id*. The Court accepted the schedule agreed upon by the parties. *See* ECF No. 49.

On June 1, 2015, to reduce the burden on fact witnesses and to accommodate illness of counsel, the parties filed a Joint Motion to Take Limited Depositions After the Fact Discovery Cutoff. (ECF No. 157.) To prevent prejudice to WREAL, the parties also agreed to push WREAL's June 15 expert disclosure deadline until June 26 (14 days after the last deposition taken by WREAL), and to push Amazon's expert disclosure deadline correspondingly. *Id*. The parties did not seek to move any other deadline, including the expert discovery cutoff, and the Court's order made clear that no such requests would be granted:

> The parties shall have leave to take the depositions identified in the . . . Motion [ECF No. 157] on or before June 22, 2015. WREAL shall furnish its expert witness list to Amazon, along with the reports or summaries required by Rule 26(a)(2), fourteen (14) days after the date of the last deposition taken by WREAL (i.e., no earlier than June 26, 2015, but in no event later than July 6, 2015). Amazon shall furnish its expert witness list to WREAL, along with the reports or summaries required by Rule 26(a)(2), forty-six (46) days after WREAL furnishes its expert disclosures. All other deadlines set forth in the scheduling Order governing this matter remain unchanged. No further extensions of time regarding the deadlines set forth in the Court's scheduling order shall be extended absent <u>extraordinary</u> circumstances.[1]

(ECF No. 158 (emphasis in original).)

---

[1] The effect of this order was to make WREAL's expert disclosures due June 26, 2015, and Amazon's expert disclosures due August 11, 2015.

The parties then made expert disclosures on the ordered schedule. On WREAL's expert disclosure deadline of June 26, it disclosed one expert, Professor Linda Williams, on the subject of pornography; on Amazon's expert disclosure deadline of August 11, Amazon disclosed three experts: Pat F. Gannon, CPA (on damages and profits), Dan Sarel, Ph.D. (on consumer confusion), and Peter Lehman, Ph.D. (on pornography). Depositions for each of Amazon's experts have occurred, with the exception of Dr. Lehman, whose deposition is now scheduled for September 2, 2015.

On August 20—nearly two months after WREAL's June 26 expert disclosure deadline, and nearly a year after the Court entered the agreed scheduling order—WREAL suggested *for the first time* that it believed it was entitled to serve rebuttal expert reports and sought Amazon's consent to modify the scheduling order for that purpose. WREAL's motion to extend the schedule specified that it wishes to serve a so-called "rebuttal" report from a financial expert (ECF No. 174 ¶¶ 8-12)—presumably from Dr. Jesse David, an expert WREAL notified Amazon about under the protective order on August 18.[2] This was a surprising development: WREAL did not designate any financial expert nor serve any financial expert report on its expert disclosure deadline on June 26, even though WREAL was long on notice that its inability to prove any damages would be an issue. WREAL's own corporate representative candidly testified at the preliminary injunction hearing that he could identify *no* financial loss WREAL suffered because of Amazon's Fire TV. As Magistrate Judge Goodman found:

> Franco [WREAL's corporate representative] could not identify a single lost set-top box sale because of Amazon's Fire TV. More generally, Franco could not identify *any* actual damage—loss of business, lost sales, or subscriber cancellations—due to Amazon's Fire TV. Wreal's revenues were steadily declining from April 2013 through March 2014, before Amazon launched the

---

[2] The protective order requires a party to pre-clear experts with the other side before permitting those experts to view the other side's highly confidential / attorneys' eyes only information. ECF No. 67 ¶ 7. This provision only sets up a procedure for the parties to make sure that an expert's exposure to highly confidential information will not cause the parties business or financial harm; it does not affect the expert disclosure deadlines in the Court's scheduling order.

>Amazon Fire TV. Wreal offered no evidence that Amazon's Fire TV affected this downward trend.

ECF No. 130 at 43. The Court adopted this finding in its order denying WREAL's preliminary injunction motion. ECF No. 177 at 18 ("[T]he Magistrate Judge accurately found that Wreal had not shown any risk of any compensable harm—i.e., there was no evidence presented that any sales were lost because of Amazon's use of the Fire TV mark."). On the Amazon side, Amazon first produced financial documents in discovery on October 20, 2014, and on May 15 and May 19, 2015, Amazon produced detailed financial records about Amazon's revenues, cost of goods sold, and profits from Amazon Fire TV. On May 20, 2015, WREAL deposed Amit Singh, whom Amazon had identified in initial disclosures as a person with knowledge about financial information related to Amazon's Fire TV.[3] Still, despite all the document productions and sworn testimony related to financial matters before June 26, WREAL's June 26 expert disclosure deadline came and went without *any* disclosure of a financial expert from WREAL, or any sort of indication that WREAL planned to rely on a financial expert but was somehow prevented from doing so, due to the need for additional information from Amazon or otherwise.

Thus, when WREAL first claimed it was entitled to serve rebuttal expert reports nearly two months *after* its expert disclosure deadline had passed, Amazon informed WREAL that it opposed its request to modify the scheduling order to permit rebuttal expert reports but would not oppose a slight modification for purposes of scheduling the deposition of Amazon's expert Dr. Peter Lehman. WREAL's Motion for Extension of Time to Complete Expert Discovery (ECF No. 174), filed August 24, noted that Amazon opposed the motion in part, as to rebuttal reports. *Id.* ¶¶ 14-15. The Court issued an order the next day, before Amazon had responded to explain its partial opposition, extending the expert discovery deadline by 10 days. (ECF No.

---

[3] Amazon thereafter produced additional documents, including some financial information, on August 7, 2015, as part of the parties' ongoing conferences about discovery; WREAL also produced additional documents on July 31 and August 10, 2015, as a result of those ongoing conferences. Amazon produced documents on August 7, 2015, at WREAL's request – a production that could have been requested much earlier had WREAL's counsel not been traveling in Europe in July.

-4-

175.) The Court's order did not appear to address WREAL's request to serve rebuttal expert reports (ECF No. 175), and Amazon thus respectfully moves to seek clarification and explain the grounds for its opposition to WREAL's request.

## 2. ARGUMENT

### A. The Scheduling Order Does Not Authorize WREAL's Request for Rebuttal Reports.

The scheduling order that is in place, including the procedure and timing for expert disclosure and discovery, was negotiated, agreed, and adopted as an Order of the Court. (ECF Nos. 25, 49.) It provided for two sets of disclosures: one by the Plaintiff, to include all of its opinions and all of the experts it intended to call at trial, and – 46 days later – one for the Defendant requiring the same. *Id*. It did not provide for "rebuttal reports"; nor did it provide any procedure for either party to disclose new experts after their respective expert disclosure deadline. *See id*. To the contrary, the scheduling order clearly stated that "only those expert witnesses" disclosed by the deadline "shall be permitted to testify at trial." (ECF Nos. 25. 49.) The scheduling order also clearly stated: "All expert discovery must be completed" as of August 31 (*id.*) (emphasis in original), and the Court stated strongly in its order altering deadlines for expert disclosures (but not changing the expert discovery cutoff): "No further extensions of time regarding the deadlines set forth in the Court's scheduling order shall be extended absent extraordinary circumstances." (ECF No. 158) (emphasis in original).

Now, on the eve of the close of expert discovery, WREAL argues that it should have 30 days to serve rebuttal expert reports. Mot. at 2. It bases this argument on Rule 26(a)(2)(D)(ii), which provides that "[a]bsent a stipulation or a court order," rebuttal reports are to be served within 30 days of the other party's disclosure. *Id*. In further support of this argument, WREAL cites *Feliciano v. City of Miami Beach*, No. 10-23139-CIV, 2012 WL 12540 (S.D. Fla. Jan. 3, 2012) and *Teledyne Instruments, Inc. v. Cairns*, No. 6:12-cv-854-Orl-228TBS, 2013 WL 5781274 (M.D. Fla. Oct. 25, 2013), both of which permitted a party to serve rebuttal reports

according to Rule 26(a)(2)(D)(ii), notwithstanding that the scheduling order did not expressly provide a rebuttal expert deadline.

Neither of those cases discusses or addresses the issue presented here, however, which is whether the scheduling order in this case—which not only states very clearly that only experts disclosed on the disclosure deadlines will be permitted to testify at trial but also sets an expert discovery cutoff—is an order that provides otherwise to Rule 26(a)(2)(D), superseding the Rule's fallback provisions. *See Halaoui v. Renaissance Hotel Operating Co.*, No. 6:13-CV-1839-ORL-40, 2014 WL 6801807, at *2 (M.D. Fla. Dec. 2, 2014). In *Halaoui*, the court held that its expert discovery cutoff "provide[d] otherwise" to Rule 26(a)(2)(D): namely, an order that expert discovery would be completed by a certain date did not permit rebuttal reports to be served after that date. *Id.* That is the situation here: the initial scheduling order said clearly that all expert discovery had to be completed by August 31, 2015. (ECF No. 25.) When the parties stipulated to an extension of time permitting Amazon to serve its own expert disclosures on August 11, 2015, the parties did not propose extending the August 31 expert discovery cutoff, and WREAL *never* suggested to the Court that it would need additional time to serve the rebuttal reports that WREAL now believes it is entitled to serve. The Court could not have been more clear that the August 31 expert discovery cutoff was a fixed deadline: "No further extensions of time regarding the deadlines set forth in the Court's scheduling order shall be extended absent extraordinary circumstances." (ECF No. 158.) As in *Halaoui*, the expert discovery cutoff deadline that the Court set, and that the parties stipulated to, is "a stipulation or a court order" under Rule 26(a)(2)(D)(ii) and "provides otherwise" than the deadlines set forth in that Rule. *Halaoui*, 2014 WL 6801807, at *2.

In addition, WREAL's request to submit a so-called "rebuttal" report from a financial expert it never disclosed by the June 26 deadline is directly contrary to the scheduling order's language that "only those expert witnesses" disclosed by the expert disclosure deadline "shall be permitted to testify at trial." (ECF No. 49). This language very clearly is a "court order" that supersedes Rule 26's fallback provisions. And this makes perfect sense: at most under WREAL's

-6-

argument, WREAL would be permitted to serve a rebuttal report from the one expert it timely disclosed (Dr. Linda Williams), so long as it serves that report by the expert discovery cutoff. The scheduling order affirmatively *prohibits* experts who did not submit a report by the disclosure deadline from testifying at trial; WREAL's eleventh-hour attempt to generate a so-called "rebuttal" report by an expert who never submitted an initial report is directly contrary to the order's language.

### B.     WREAL's Request Is Neither Substantially Justified Nor Harmless.

"[T]he expert disclosure rule is intended to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008) (internal quotations omitted). Because the disclosure rules and deadlines prevent prejudice, failures to adhere to them are not permitted unless the failure is "substantially justified or harmless." *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Solutions, LLC*, 845 F. Supp. 2d 1241, 1250 (M.D. Fla. 2012), *aff'd in part*, 505 F. App'x 928 (11th Cir. 2013).

WREAL's motion attempts to justify its belated attempt to designate a financial expert on the grounds that Amazon designated the report by its financial expert Mr. Gannon as highly confidential under the protective order and that Mr. Gannon "relies on documents that were only disclosed to Wreal days before Mr. Gannon disclosed his expert report." ECF No. 174 ¶ 12. These justifications do not come close to showing that WREAL's failure to disclose a financial expert on its June 26 disclosure deadline was substantially justified or harmless.

First, WREAL's reliance on Amazon's designation of Mr. Gannon's report as highly confidential under the protective order (which was completely appropriate, as Mr. Gannon's report discusses highly sensitive Amazon financial information) is a *non sequitur*. Nothing about the confidentiality designation prevented WREAL from disclosing its own financial expert on June 26, over six weeks before Mr. Gannon disclosed his report.

Second, WREAL's argument that Mr. Gannon relied on some documents produced after WREAL's expert disclosure deadline does not excuse WREAL's failure to designate any

financial expert at all to opine on the substantial documentary discovery and sworn testimony that existed long *before* WREAL's expert disclosure deadline. WREAL produced documents—and WREAL witnesses testified—about WREAL's own financial condition, sales, and profits long before WREAL's expert disclosure deadline. (In fact, as Amazon outlined previously, Magistrate Judge Goodman relied on WREAL's corporate representative's testimony demonstrating WREAL's inability to show any actual damages.) If WREAL had wanted to designate a financial expert to opine on its own material in an effort to show that it actually had sustained damages, it had ample opportunity to do so. And then, from the Amazon side, Amazon produced financial documents related to Amazon's Fire TV beginning in October 2014 and again in May 2015; Amazon's Amit Singh also sat for a deposition on May 20, 2015, that dealt extensively with the financial performance of Amazon's Fire TV. In addition, to put WREAL on even clearer notice that financial matters would be an issue, Amazon identified Amazon's financial expert Mr. Pat Gannon to WREAL on June 16, 2015 under the protective order – 10 days *before* WREAL's expert disclosures were due. The extensive documentary and testimonial record on damages and profits and Amazon's own identification of a financial expert under the protective order put WREAL on notice; WREAL "should have known that an expert would be necessary to 'rebut any potential defense witnesses.'" *The Lamar Co. v. City of Marietta, Ga.*, 538 F. Supp. 2d 1366, 1379 (N.D. Ga. 2008) (striking untimely expert report, citing *Morrison v. Mann*, 244 F.R.D. 668, 674 (N.D. Ga. 2007)). WREAL could have designated a financial expert to opine on this substantial discovery record by its June 26 disclosure deadline. Then, of course, this expert could have supplemented his or her report to take account of any documents produced after the expert disclosure deadline, if needed. This would have been a course consistent with the scheduling order. But WREAL chose not to do this. Instead, WREAL chose to lay in the weeds, wait for Amazon to produce an expert report on an issue that WREAL knew full well would be at issue in the case, and then attempt to circumvent the scheduling order's provisions that WREAL disclose its experts first by seeking permission to disclose an entirely new expert under the guise of "rebuttal."

WREAL's tactical choice to wait until long after its expert disclosure deadline has passed before disclosing its own financial expert does not make its requested relief substantially justified or harmless. To determine whether the failure to sufficiently disclose an expert witness is substantially justified or harmless, courts examine: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence. *Id*. (quoting *U.S. ex rel. Bane v. Breathe Easy Pulmonary Servs., Inc.*, No. 8:06-cv-40-T-33MAP, 2009 WL 92826, at *3 (M.D. Fla. Jan. 14, 2009)). Here, every factor tips for Amazon.

First, WREAL's new evidence will come as a complete surprise to Amazon. WREAL did not disclose any testimony in the area it now seeks to introduce an expert witness, nor has it ever indicated any intention do so until it raised the issue of potential rebuttal reports. Had WREAL made expert disclosures according to the case schedule, Amazon would have had an opportunity to adjust its own case strategy and expert opinions in light of them.

Second, what WREAL requests would leave Amazon with no ability to cure the harm caused by WREAL's surprise. WREAL seeks to reverse the order of expert disclosures to Amazon's detriment: WREAL has now forced Amazon to disclose a financial expert first, and WREAL wants to get to respond. This prejudice is incurable; it is a significant change to the order of disclosures that disadvantages Amazon. Moreover, if WREAL is given leave until September 10, 2015, to serve a new financial expert report, from a newly disclosed financial expert, there will be no opportunity for Amazon to depose WREAL's new expert, either on his opinion's merit for a dispositive motion or on his foundation for a potential *Daubert* motion. Nor will Amazon's own financial expert Mr. Gannon have an opportunity to supplement his report to respond to WREAL's new expert. Extending the expert discovery deadline does not resolve the problem. The case schedule does not allow time for post-discovery cutoff depositions without affecting the dispositive motion and *Daubert* deadline on October 2, 2015 – just three weeks after WREAL's proposed new date to serve expert reports. And thus WREAL's proposal could

end up throwing the current *Daubert* and dispositive motion schedule into disarray. WREAL's own cases emphasize the importance of this point. *Teledyne*'s "untimely expert reports were submitted more than a month before the discovery deadline, giving Defendants more than enough time to take depositions and designate rebuttal experts, if any were needed." 2013 WL 5781274 at *13. Similarly, *Feliciano* analyzed potential prejudice to the defendants that the plaintiff's late-disclosed expert posed and noted that on the facts of that case "any prejudice that may exist can be cured by allowing the defendants an opportunity to depose [the expert]." 2012 WL 12540, at *1. Here, however, WREAL wants to serve its new expert report on the last day of expert discovery, which would deny Amazon any of those procedural rights – indeed, the fact that WREAL seeks to disclose new expert opinion on the day expert discovery would close heightens its inherently prejudicial effect to Amazon.

Third, allowing new opinions from WREAL experts that have not been cross-examined by Amazon would disrupt the trial severely. The function of pretrial depositions is to narrow issues and streamline trial presentations, neither of which would be able to occur with respect to any new, last-minute expert for WREAL.

Fourth, WREAL makes no argument in its motion that its newly disclosed expert opinion is critical to its case. Nor does WREAL explain why, if expert evidence on financial matters is so important, it was not disclosed months earlier, according to the scheduling order.

Fifth, WREAL's explanations for its delay are not meritorious, much less are they substantial justification. In addition to the arguments addressed previously, WREAL argues that it has not yet shown its expert highly confidential information because Amazon is still reviewing that expert for conflicts (as it has seven days to do under the protective order). ECF No. 174 ¶¶ 10-11. That is not a basis to permit WREAL to advance new testifying experts after its deadline to disclose them. WREAL's deadline to disclose *all* testifying experts was June 26, 2015, long before the seven-day clearance window under the protective order could ever become an issue. WREAL could have addressed this issue very easily: it could have cleared the identity of its financial expert with Amazon back in April or May, weeks or months before the June 26 expert

disclosure deadline. WREAL's own delay in submitting its financial expert's name to Amazon for clearance under the protective order does not create a substantial justification for WREAL's attempt to upend the schedule.

### 3.  CONCLUSION

For the foregoing reasons, Amazon respectfully requests clarification of the Court's August 25, 2015, order with a ruling that WREAL has until September 10, 2015, to complete Professor Lehman's deposition but that WREAL may not serve rebuttal expert reports.

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

Dated: September 1, 2015                     Respectfully submitted,

By:   s/Jamie Z. Isani

Jamie Zysk Isani (Florida Bar No. 728861)
HUNTON & WILLIAMS LLP
1111 Brickell Avenue, Suite 2500
Miami, Florida 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-1675
jisani@hunton.com

Justin A. Nelson *(pro hac vice)*
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666
jnelson@susmangodfrey.com

Drew D. Hansen *(pro hac vice)*
Patrick C. Bageant *(pro hac vice)*
SUSMAN GODFREY L.L.P.
1201 Third Ave, Suite 3800

-12-

        Seattle, Washington 98101
        Telephone: (206) 516-3880
        Facsimile: (206) 516-3883
        dhansen @susmangodfrey.com
        pbageant@susmangodfrey.com

*Counsel for Defendant Amazon.com*

## CERTIFICATE OF SERVICE

**I CERTIFY** that on September 1, 2015, a true and correct copy of the foregoing was served by transmission of Notice of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below.


Jamie Z. Isani

## SERVICE LIST

Carlos Nunez-Vivas
can@wnflaw.com
Daniel Foodman
df@wnflaw.com
Dennis J. Wouters
djw@wnflaw.com
John G. Marfoe
jgm@wnflaw.com
WNF Law, P.L. - Waserstein Nunez & Foodman
1111 Brickell Avenue, Suite 2200
Miami, Florida 33131
Tel.: (305) 760-8500
Fax: (305) 760-8510

*Attorneys for Plaintiff WREAL, LLC*