UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-21385-CIV-LENARD/GOODMAN

WREAL, LLC,

    Plaintiff,

v.

AMAZON.COM, INC.,

    Defendant.

_____/

## ORDER REGARDING PLAINTIFF'S REBUTTAL EXPERTS

The latest discovery dispute in this trademark infringement lawsuit concerns two rebuttal experts disclosed by Plaintiff Wreal, LLC ("Wreal"). Defendant Amazon.com, Inc. ("Amazon") contends that Wreal improperly and untimely disclosed the rebuttal experts and that the Court should exclude them. It also argues that the rebuttal experts are not true rebuttal experts. In an Order [ECF No. 179] granting Amazon's Motion for Clarification [ECF No. 178] of an Order granting a motion for an extension of time to complete expert discovery [ECF No. 175], United States District Judge Joan A. Lenard noted that the earlier order merely extended the time to complete expert discovery and did not "address the discovery dispute of whether Plaintiff's rebuttal expert reports are permissible because that issue is not a scheduling issue and must be handled as a separate discovery dispute."

The Undersigned held a discovery hearing on that issue on September 16, 2015. Because (1) the Court's Trial Scheduling Order [ECF No. 49] is silent on whether rebuttal experts are permitted, (2) the prevailing rule is that a trial scheduling order's failure to establish deadlines for disclosure of rebuttal experts does not mean that rebuttal experts are not permitted but simply means that the reports must be submitted within the deadline established by Federal Rule of Civil Procedure 26, (3) Wreal disclosed its experts within Rule 26's deadline, and (4) any prejudice to Amazon can be remedied by permitting Amazon to take the depositions of the two rebuttal experts, the Undersigned rejects Amazon's discovery challenge and finds Wreal's rebuttal expert disclosure to be timely and appropriate.

**Factual Background**

This lawsuit was filed on April 17, 2014. [ECF No. 1]. The parties filed their Amended Joint Scheduling Form on August 29, 2014. [ECF No. 25]. It did not mention rebuttal experts. On October 20, 2014, the Court entered an Order adopting the joint report and establishing trial and pretrial deadlines. [ECF No. 49]. It included an August 31, 2015 deadline for the completion of expert discovery. It provided other deadlines for the disclosure of experts, their reports and for depositions of the experts. Wreal's expert witness disclosure date was June 15, 2015 and Amazon's disclosure date was July 31, 2015. The Order was silent about rebuttal experts, but the Order noted that "only those

expert witnesses [i.e., the ones Wreal was required to list by June 15, 2015 and the ones Amazon had to list by July 31, 2015] shall be permitted to testify."

The Court later granted [ECF No. 175] Wreal's motion for an extension of time to complete expert discovery. The motion explained that the requested enlargement was needed to give Wreal "sufficient time to disclose rebuttal expert reports" and to permit it to take the deposition of Amazon's expert witness. Wreal's motion noted that Amazon agreed to the requested enlargement for one purpose (i.e., taking the deposition of Amazon's expert) but not the other purpose (i.e., allowing Wreal to submit expert rebuttal reports). Wreal's motion argued that Amazon had taken the "mistaken position" that "Wreal is not permitted to file any rebuttal expert reports."

After the Court granted the requested enlargement of time, Amazon filed a motion for clarification [ECF No. 178], noting that the Court granted the motion before Amazon could file a response in opposition to part of the relief requested and pointing out that the Order "did not appear to address Wreal's request to serve rebuttal expert reports." Amazon argued that the trial scheduling order does not authorize Wreal to have rebuttal experts and it also contended that Wreal did not establish that its belated attempt to designate rebuttal experts was substantially justified or harmless. As noted above, Judge Lenard granted the motion in a limited way, but expressly pointed out that the fundamental issue of whether Wreal's rebuttal expert reports are permissible is a separate discovery dispute.

Given this procedural posture, the Undersigned held a discovery hearing. Amazon asserted the arguments summarized above -- and also raised the additional argument that Wreal's two rebuttal experts are not truly rebuttal experts at all because Wreal could have disclosed them earlier, before learning of Amazon's own experts and their reports.

**Applicable Legal Principles and Analysis**

Before discussing the applicable law, the Undersigned notes that Amazon's position is more than merely an untimely disclosure issue. Instead, Amazon argues that Wreal would *never* be permitted to have any type of rebuttal expert in this lawsuit because the trial scheduling order does not contain a rebuttal expert deadline. The Undersigned notes that both parties agreed on one fundamental point: there is no binding authority (from either the United States Supreme Court or the Eleventh Circuit Court of Appeals) on this issue. Instead, there are some, but not many, non-binding district court opinions (both from this Circuit and outside the Circuit).

Federal Rule of Civil Procedure 26(a)(2)(D)(ii) provides that "[a]bsent a stipulation or a court order," a party must disclose rebuttal expert witness reports "within 30 days after the other party's disclosure" if the evidence "is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)."

Therefore, for the disclosure of a rebuttal report to be timely under this provision, "three things must be true: (1) no stipulation or court order must provide otherwise; (2) the report must be served within 30 days of the report to which it is responding; and (3) the report must be bona-fide rebuttal, that is, it must be 'intended solely to contradict or rebut evidence on the same subject matter identified by' an opposing expert." *Teledyne Instruments, Inc. v. Cairns*, No. 6:12-cv-854-ORL-28TBS, 2013 WL 5781274, at *16 (M.D. Fla. Oct. 25, 2013) (citing Fed. R. Civ. P. 26 (a)(2)(D)(ii)).

Amazon concedes that Wreal's disclosure of its two rebuttal experts was within 30 days of Amazon's disclosure of its expert witnesses.

But Amazon argues that Rule 26 does not apply because the Court's trial scheduling order provides otherwise, thereby preventing Wreal from meeting the first of the three factors. Although the trial scheduling order says nothing about rebuttal experts either way, Amazon argues that the order precludes rebuttal experts because it says that that "[o]nly those expert witnesses shall be permitted to testify." Thus, under Amazon's view, no rebuttal experts of any type, offered by any party, would ever be permitted because the "only those expert witnesses" language prevents it. It also notes that the parties never contemplated rebuttal experts, which is why their scheduling report made no mention of the topic.

Federal Rule of Civil Procedure 37(c)(1) prohibits a party from using a witness at trial if it did not provide information or identify the witness as required by Rule 26(a) or (e) "unless the failure was substantially justified or harmless."

Amazon also argues that Rule 37 prevents Wreal from using the two rebuttal experts -- Jesse David and Thomas Maronick -- because Wreal did not comply with the scheduling order and because Wreal did not establish substantial justification or harmlessness. Of course, Amazon's position is somewhat strange because its fundamental position is that the trial order prohibits all rebuttal experts -- so a party could never demonstrate substantial justification. Although there might be substantial justification for a *tardy* disclosure of a rebuttal expert, it is difficult to understand how there could ever be substantial justification for disclosing rebuttal experts if the trial scheduling order absolutely *banned* them.

Amazon also argues that David and Maronick are not rebuttal experts because their opinions could have been provided before Amazon disclosed its experts. In response, Wreal expressly and unequivocally represented that it would not call either David or Maronick in its case in chief at trial and would only use them if Amazon called the expert witnesses whose testimony they were rebutting.

In his expert declaration, Maronick explained that Wreal retained him to analyze the declaration of Dr. Dan Sarel, one of Amazon's experts, on the issue of the likelihood of confusion study that Sarel conducted in October and November 2014.

David's declaration explained that Wreal asked him to review the report of Patrick Gannon, another one of Amazon's experts, concerning Gannon's opinions about Wreal's damages claim, including opinions regarding profits allegedly lost by Wreal and unjust enrichment allegedly gained by Amazon as a result of the purported infringement.

The Undersigned finds that David and Maronick are indeed rebuttal experts, thereby meeting the third factor of the three-factor analysis outlined in *Teledyne*. *See Teledyne*, 2013 WL 5781274, at *17 (the test to determine if an expert is a rebuttal type of expert is "not whether a rebuttal report contains new information"); *see also Crowley v. Chait,* 322 F. Supp. 2d, 530, 551 (D.N.J. 2004) (expert may include material in rebuttal report even though the material could have been included in the initial report and explaining that "[a]ll that is required is for the information to repel other expert testimony").

Concerning the consequences flowing from a trial scheduling order's failure to establish a deadline for the disclosure of rebuttal experts and their reports, *Teledyne* observed that "the prevailing rule in this circuit and throughout the country" is that rebuttal expert witness reports must be submitted within the period established by Rule 26. 2013 WL 5781274, at *17; *see also McMahon v. Presidential Airways, Inc.,* No. 6:05-cv-1002-Orl-28GJK, 2009 WL 2151316 (M.D. Fla. July 14, 2009) (denying defendants' motion to strike rebuttal experts after noting that the case management order provided no

7

deadline for rebuttal expert disclosures and holding that the general provision of Rule 26 applies when the order is silent on deadlines for rebuttal experts); s*ee generally A & J Mfg., LLC v. Kingsford Products Co., LLC,* No. CV 209-049, 2010 WL 1956042 (S.D. Ga. May 13, 2010) (same holding); *SEC v. Badian,* No. 06 Civ. 2621, 2009 WL 5178537 (S.D.N.Y. Dec. 23, 2009) (same); *Mayou v. Ferguson,* 544 F. Supp. 2d 899 (D.S.D. 2008) (same); *Pierce v. Novastar Mortg., Inc.* No. C05-5835RJB, 2007 WL 636029, at *2 (W.D. Wash. Feb. 26, 2007) (same, and explaining that a contrary interpretation would mean that "either party could prevent an opponent from utilizing a rebuttal expert merely by waiting until the last possible moment to disclose the party's own expert" and further observing that this reading "would promote gamesmanship and would not contribute to the orderly progression of the case").

At the hearing, Wreal relied primarily on *Feliciano v. City of Miami Beach,* No. 10-23139, 2012 WL 12540 (S.D. Fla. Jan. 3, 2012). Like the instant case, *Feliciano* is also a Judge Lenard case in which the trial scheduling order did not contain a deadline for rebuttal experts and also contained the same "only those expert witnesses shall be permitted to testify" caveat. The magistrate judge in *Feliciano* denied the defendants' motion to strike the plaintiff's rebuttal expert, noting that the scheduling order did "not preclude rebuttal experts" and was, instead, "silent on the issue." *Id.* at *1.

In addition to noting that the scheduling order did not expressly prohibit rebuttal experts, Magistrate Judge John J. O'Sullivan also noted that the Court has

8

discretion to strike an expert. Judge O'Sullivan weighed the appropriate factors and concluded that (1) the plaintiff could use her rebuttal medical expert on the issue of causation of damages, and (2) any potential prejudice could be cured by permitting the defendants to take the rebuttal expert's deposition.

Although *Feliciano* seems remarkably on point (given that it, too, is a Judge Lenard case with the same relevant trial scheduling order language), Amazon argues that the case is not persuasive because the defendants filed objections to Judge O'Sullivan's Order and the objections were never ruled upon because of an appeal and a later settlement.

At the hearing, Amazon emphasized *Halaoui v. Renaissance Hotel Operating Co.*, No. 6:13-cv-1839, 2014 WL 6801807 (M.D. Fla. Dec. 2, 2014), where the magistrate judge granted the defendant's motion to strike the plaintiff's rebuttal expert witness and report. But the Undersigned finds that case distinguishable because the plaintiff there did not comply with the discovery deadline (as extended) and disclosed its rebuttal expert and rebuttal expert report **after** the disclosure deadline expired. The plaintiff also failed to argue that untimely disclosure was substantially justified or harmless, and the Court declined to find either exception applied "because the issue ha[d] not been briefed." In the instant case, of course, Plaintiff <u>did</u> timely disclose its two rebuttal experts.

The Undersigned disagrees with Amazon and finds *Feliciano* (and the other cases discussed above) to be persuasive. In addition, the Undersigned deems significant Wreal's agreement to not use either of the two rebuttal experts at trial unless and until Amazon uses its experts (i.e., Sarel and Gannon). This position substantially undermines Amazon's argument, articulated at the hearing, that Wreal was "laying behind the logs" and strategically decided to withhold disclosure of expert witnesses it needs for its case in chief by improperly branding them as rebuttal experts.

Because the Undersigned concludes that rebuttal experts are permitted under Rule 26's disclosure provisions because there is no order providing otherwise, there is no need to analyze Rule 37's substantial justification or harmlessness exception. That exception is analyzed when a party does not comply with Rule 26's deadline to identify experts and disclose information about them -- but Wreal did timely comply.

In rejecting Amazon's efforts to foreclose Wreal from using David and Maronick as rebuttal experts, the Undersigned notes that the trial is not scheduled until April 2016. Amazon will have adequate time to take the depositions of David and Maronick if it wishes to do so. In addition, the Undersigned notes that the parties did not expressly say, in their joint scheduling report, that rebuttal experts would *not* be permitted. Instead, the joint submission never addressed in any way the topic of rebuttal witnesses, thereby triggering the case law authority concerning a schedule and trial order without deadlines for rebuttal expert disclosure (i.e., the silence rule).

**Conclusion**

The Undersigned denies Amazon's *de facto* motion to strike Wreal's two rebuttal experts. Amazon may take the depositions of Wreal's two rebuttal experts by September 28, 2015. Although this is slightly after the discovery deadline, the discovery dispute arose before the deadline expired and the Undersigned's view is that I have discretion to permit modest discovery slightly after the discovery deadline under this type of circumstance. In *Feliciano*, for example, Judge O'Sullivan held that Defendants could take the deposition of Plaintiff's rebuttal expert even though the discovery deadline there had expired. In the instant case, the parties raised the issues outlined here before the discovery deadline expired. Amazon, for example, flagged the issue in its motion for clarification, where it urged the Court to preclude Wreal from using any rebuttal experts.

But Wreal may not use either rebuttal expert at trial in its case in chief and may use them **only** if Amazon provides trial testimony from the reciprocal expert in its defense case).[1] Thus, depending on which expert witnesses Amazon uses at trial, Wreal

---

[1] By ruling that Wreal may use rebuttal experts at trial under certain circumstances, the Undersigned is by no means making a final, conclusive determination that the testimony would in fact be admissible or that Amazon is somehow unable to still mount a *Daubert* challenge or that a *Daubert* objection would be unsuccessful. This discovery ruling concerns *only* the discovery-type challenges based on whether the trial scheduling order precludes rebuttal experts, the timeliness of the disclosures, and whether the two experts are actually rebuttal experts.

might be unable to use any rebuttal expert. It might be able to use only one of them or it might be able to use both of them.

**DONE and ORDERED**, in Chambers, in Miami, Florida, this 21st day of September, 2015.

                                                                          _____
                                                                          Jonathan Goodman
                                                                          UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Judge Joan A. Lenard
All Counsel of Record

---

In addition, this ruling does not in any way constitute a final *substantive* ruling on whether the rebuttal testimony will *ultimately* be permitted at trial. Judge Lenard, not the Undersigned, will be presiding over the trial, and Judge Lenard will be the final arbiter of the admissibility of the proposed rebuttal expert testimony. There are several other factors (besides the limited discovery-related issues determined here in this Order) which might affect that ruling (e.g., whether the testimony is cumulative, whether the testimony does not pass the balancing test of Federal Rule of Evidence 403, whether the expert lacks the requisite expertise, whether his methodology is sufficiently reliable, etc.). The ruling here is limited to the procedural discovery issues and does not, of course, address any of those substantive issues.