UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 14-CV-21385-LENARD/GOODMAN

WREAL, LLC, a Florida Limited
Liability Company,

    Plaintiff,
vs.

AMAZON.COM, INC., a Delaware
Corporation,

    Defendant.
_____/

**WREAL, LLC's OBJECTIONS TO OMNIBUS REPORT AND RECOMMENDATION**

## I. INTRODUCTION AND BACKGROUND

Wreal is the owner of the FyreTV® and FyreTV.com® marks, which it uses to provide an adult content (pornography) streaming video service. On April 2, 2014, Amazon released its Fire TV, a device that provides a streaming video service that offers a broad range of content – primarily mainstream – but also some adult content (including pornography). Wreal alleges that Amazon's use of the confusingly similar Fire TV name for a device that provides streaming video services is likely to cause reverse confusion, which means that consumers are likely to associate FyreTV® with Amazon, despite Wreal's superior rights to the mark.

Wreal does not contend that consumers will *mistake* Amazon's Fire TV for Wreal's FyreTV®, or otherwise think that the services are identical or that one is actually the other. Rather, Wreal contends that consumers are likely to mistakenly attribute its FyreTV® to Amazon as a *separate*, complementary offering to Amazon's Fire TV.

On October 13, 2015, Wreal moved to exclude certain opinions of Amazon's pornography expert, Dr. Peter Lehman, and to exclude the testimony of Amazon's survey expert, Dr. Dan Sarel, in its entirety. ECF 209, 214. Amazon moved to exclude Wreal's pornography expert, Dr. Linda Williams, Wreal's rebuttal financial expert, Dr. Jesse David, and its rebuttal survey expert, Dr. Thomas Maronick. ECF 210, 207, 212. The Court referred these motions to Magistrate Judge Goodman (ECF 238), who held a non-evidentiary hearing on December 1, 2015. ECF 299.

On December 29, 2015, Judge Goodman issued an Omnibus Report and Recommendations, recommending that this Court (1) grant in part and deny in part Amazon's motion to exclude Dr. David, (2) deny Wreal's motion to exclude Dr. Lehman, (3) grant in part and deny in part Wreal's motion to exclude Dr. Williams, (4) deny Wreal's motion to exclude Dr. Sarel, and (5) deny Amazon's motion to exclude Dr. Maronick. ECF 316 at 2.

Wreal's objections are limited to the Magistrate Judge's recommendations with respect to Dr. Willians and Dr. Sarel. As to Dr. Williams, the Magistrate recommended that the Court exclude her testimony that pornographic DVDs, sex toys, and other items are related to pornography, based on the Court's prior determination that Amazon's sale of these items is irrelevant. Wreal objects because Dr. Williams' opinions that pornographic DVDs and sex toys are related to pornography will be helpful to the jury in determining whether consumers will think that Amazon is the likely source of Wreal's FyreTV®, and to counter Amazon's argument that it is purely a "Dora-the-Explorer"-type of company.

Wreal also objects to the Magistrate Judge's recommendation that the Court deny Wreal's motion to strike Dr. Sarel's testimony regarding his consumer survey. Wreal identified numerous flaws in Dr. Sarel's survey that render it unreliable. The Magistrate Judge analyzed these flaws, but found that they do not render it inadmissible. Wreal objects for the reasons explained in its motion to strike Dr. Sarel, and because the Magistrate Judge failed to consider the cumulative effect of *all* of the flaws in Dr. Sarel's survey.

Accordingly, Wreal respectfully requests that the Court overrule the portion of the Magistrate Judge's report and recommendations excluding Dr. Linda Williams' testimony, as well as the portion denying Wreal's motion to exclude Dr. Sarel's survey.

## II.   ARGUMENT

### a.  *Legal Standards*

"Upon receipt of the Report and the objections of the parties, the Court must now 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *Westchester Gen. Hosp., Inc. v. Dep't of Health & Human Servs., Ctr. for Medicare & Medicaid Servs.*, 770 F. Supp. 2d 1286, 1289 (S.D. Fla.

3

2011) (Lenard, J.) (quoting 28 U.S.C. § 636(b)(1)(C)). A de novo determination requires the district judge to consider factual issues on the record independent of the magistrate judge's Report and Recommendation. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir.1990). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Rule 702 of the Federal Rules of Evidence requires trial judges to act as gatekeeper to "ensure that any and all [expert] testimony … is not only relevant, but reliable." *Daubert*, 509 U.S. at 589; *see also Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 147 (1999). For expert testimony to be relevant, there must be a "valid scientific connection" between the testimony and the issues in the litigation. *Daubert*, 509 U.S. at 591-92. "The burden of establishing qualification, reliability, and helpfulness rests on the proponent of the expert opinion, whether the proponent is the plaintiff or defendant in a civil suit, or the government or the accused in a criminal case." *United States v. Frazier,* 387 F.3d 1244, 1260 (11th Cir.2004) (*en banc*). The proponent must meet his or her burden by a preponderance of the evidence. *Allison v. McGhan Med. Corp.,* 184 F.3d 1300, 1306 (11th Cir.1999).

      **b.** ***The Court Should Deny Amazon's Motion to Exclude Dr. Linda Williams' Opinions Related to Amazon's Sale of Pornographic DVDs and Sex Toys.***

Wreal objects to the Magistrate Judge's recommendation that the Court exclude expert testimony concerning Amazon's sales of DVDs and sex toys related to pornography. ECF. 317 at 20, 24-25. The Magistrate Judge based its ruling on the Court's prior discovery ruling that Amazon's sale of pornographic DVDs and sex toys are irrelevant:

> [W]hether Amazon.com lists sex toys or DVDs for sale is not relevant to whether Amazon's Fire TV mark is confusingly similar to Wreal's FyreTV

4

to the point that Wreal's porn-streaming consumers would think that Amazon.com is the actual provider of FyreTV.

ECF 176 at 2.

Previously, Wreal argued that discovery related to Amazon's sale of pornographic DVDs and sex toys is relevant to whether the parties' share the same customers, Amazon's intent (*See* ECF 150-9, Baicy Decl. ¶ 4 ("We talked about the risk of bad press but we didn't think people would associate Amazon with hardcore pornography because it was so far away from what ***the company stands for*** and the experience customers have every day on our site.") emphasis added), and to the ultimate fact of whether consumers are likely to believe that Amazon (who sells plenty of pornography) is the source of Wreal's FyreTV. *See* ECF 150.

Dr. Williams opines that Amazon sells a large number of films that, based on her observations of their advertising on the Amazon.com website, are pornographic. ECF 215-1 at Ex. 1, June 26, 2015, Williams Report ¶¶ 26-28.[1] She also opines that sex toys sold on Amazon's website, especially those that "possess a literal physical connection to the stars of the Adult Film Industry since they are often latex molds of the genitalia of well-known film stars...," are related to pornography. *Id.* ¶ 30-31.

Dr. Williams' opinions are relevant to whether the parties' share customers, because a jury may conclude that people who purchase pornography and related items from Amazon.com (which constantly features advertisements for its Fire TV) are likely to also purchase pornography elsewhere, including Wreal's FyreTV®. And Dr. Williams directly contradicts Amazon's Elizabeth Baicy's testimony that hardcore pornography is "so far away from what [Amazon] stands for and the experience customers have every day on our site." ECF 150-9, Baicy Decl. ¶ 4. Thus,

---

[1] Dr. Williams explained that Amazon even sells DVDs of movies that are available to stream on Wreal's FyreTV®. *Id.* ¶ 28.

5

her opinions related to Amazon's non-streaming pornography sales are directly related to Wreal's contention that consumers are likely to believe that Amazon is the source of Wreal's FyreTV®. ECF 316 at 17.

### c. Dr. Sarel's Survey is Flawed, Unreliable, and Should be Excluded.

Wreal objects to the Magistrate Judge's recommendation that Amazon be permitted to offer Dr. Sarel's survey and testimony into evidence because the flaws in his survey render it unreliable and unhelpful to the jury. Wreal moved to exclude Dr. Sarel's survey because it was premature, he surveyed the wrong universe, he used a distorted stimulus, and for a host of other more technical flaws.

The Magistrate Judge found that the flaws "analyzed as individually fatal" – that it was premature, used a flawed universe, and used a distorted stimulus - do not render the survey inadmissible. ECF 316 at 28-34.  He also found that the numerous other "technical" flaws Wreal identified "have much less a potential impact on the reliability…" than the individually fatal ones, and thus "do not collectively amount to a fatal flaw." *Id.* at 34. Wreal objects to these findings for the reasons set forth in its motion and accompanying memoranda. *See* ECF 211, 250, 277.

Moreover, the Magistrate Judge did not appear to analyze whether *all* flaws – the individually fatal ones combined with other "technical" flaws – render Dr. Sarel's survey fatal. But the Court should look at the cumulative effect of *all* flaws identified. *See Spraying Systems Co. v. Delavan, Inc.*, 975 F.2d 387, 394-94 (7th Cir. 1992) (affirming exclusion of trademark confusion survey at summary judgment based on methodological flaws); *Johnson & Johnson v. Smithkline Beecham Corp.*, 960 F.2d 294, 300 (2d Cir. 1992) ("The evidentiary value of a survey's results rests upon the underlying objectivity of the survey itself."); *see also Malletier v. Dooney & Bourke, Inc.,* 525 F. Supp. 2d 558, 632 (S.D.N.Y. 2007) (excluding report and testimony of survey expert due to improper survey methodology).

6

Thus, while Wreal contends that the "individually fatal" flaws render Dr. Sarel's survey inadmissible, at minimum the Court should look at the combined effect of all flaws. However analyzed, the fact is that the flaws in Dr. Sarel's survey render it so unreliable that it cannot be used to reliably measure whether reverse confusion is likely in this case. Thus, the Court should exclude it.

### III. CONCLUSION.

For the foregoing reasons, Wreal respectfully objects to the Magistrate Judge's recommendations that (1) Dr. Linda Williams may not testify about Amazon's sale of pornographic DVDs and sex toys, and (2) Dr. Sarel may testify about the results of his flawed and unreliable consumer survey.

Respectfully submitted,

WNF LAW, P.L.
*Attorneys for WREAL, LLC*
1111 Brickell Avenue, Suite 2200
Miami, Florida 33131
Phone: (305) 760-8500
Fax: (305) 760-8510

By:  /s/ John G. Marfoe
Carlos Nunez-Vivas
Florida Bar No. 128181
can@wnflaw.com
Daniel Foodman
Florida Bar No. 337160
df@wnflaw.com
Dennis J. Wouters
Florida Bar No. 28692
djw@wnflaw.com
John G. Marfoe
Florida Bar No. 101535
jgm@wnflaw.com

## CERTIFICATE OF SERVICE

I certify that on January 12, 2016, this document was served by transmission of Notice of Electronic Filing generated by CM/ECF on all counsel of record on the Service List below.

By: __/s/   John G. Marfoe_____

## SERVICE LIST

Justin A. Nelson, Esq.
Drew D. Hansen, Esq.
Patrick C. Bageant, Esq.
*Co-counsel for Defendant*
Susman Godfrey L.L.P.
1201 Third Avenue
Suite 3800
Seattle, WA 98101
Tel. 206-516-3880
Fax 206-516-3883
jnelson@susmangodfrey.com
dhansen@susmangodfrey.com
pbageant@susmangodfrey.com

Jamie Z. Isani, Esq.
Shannon Shaw, Esq.
*Co-counsel for Defendant*
Hunton & Williams LLP
1111 Brickell Avenue
Suite 2500
Miami, FL 33131
Tel. 305-810-2500
Fax 305-810-2460
jisani@hunton.com
sshaw@hunton.com