UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:14-cv-21385-JAL

| | |
|---|---|
| WREAL, LLC, a Florida Limited Liability Company,<br><br>  Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>  Defendant. | |

**AMAZON'S OPPOSITION
TO WREAL'S OBJECTIONS TO OMNIBUS REPORT AND RECOMMENDATION**

**CONTENTS**

I. INTRODUCTION ...................................................................................................................1

II. LEGAL STANDARD.............................................................................................................2

III. ARGUMENT..........................................................................................................................2

    A.    There is No Error in the R&R's Exclusion of Expert Testimony on Sex Toys and DVDs, Because They Are Irrelevant. ........................................................2

    B.    There is No Error in the R&R's Ruling that Dr. Sarel's Survey is Admissible Evidence. ...................................................................................................5

          1.    Wreal Has Not Made a Proper Objection to the R&R's Findings on Alleged "Individual" and "Technical" Flaws. .........................5

          2.    Wreal's "Cumulative Effect" Objection is Frivolous. ................................7

IV. CONCLUSION.......................................................................................................................8

# AUTHORITIES

**Cases**

*Cover v. Wal-Mart Stores, Inc.*,
    148 F.R.D. 294 (M.D. Fla. 1993) ............................................................................... 4

*Edwards v. Niagara Credit Sols., Inc.*,
    586 F. Supp. 2d 1346 (N.D. Ga. 2008) ................................................................... 2, 6

*Holiday Inns, Inc. v. Holiday Out in Am.*,
    481 F.2d 445 (5th Cir. 1973) ....................................................................................... 8

*Hy Kom Dev. Co. v. Manatee Cty.*,
    837 F. Supp. 1182 (M.D. Fla. 1993) ........................................................................... 5

*Instituto de Prevision Militar v. Lehman Bros.*,
    485 F. Supp. 2d 1340 (S.D. Fla. 2007) ....................................................................... 4

*Marsden v. Moore*,
    847 F.2d 1536 (11th Cir. 1988) ................................................................................... 6

*Pods Enters., Inc. v. U-Haul Int'l, Inc.*,
    2014 WL 2625297 (M.D. Fla. June 12, 2014) ............................................................ 8

*Socialist Workers Party v. Leahy*,
    957 F.Supp. 1262 (S.D. Fla. 1997) ............................................................................. 4

*Stacey-Suggs v. Bd. of Regents of Univ. Sys. of Georgia*,
    44 F. Supp. 3d 1262 (N.D. Ga. 2014) ......................................................................... 6

*Toole v. Baxter Healthcare Corp.*,
    235 F.3d 1307 (11th Cir. 2000) ................................................................................... 5

*United States v. Schultz*,
    565 F.3d 1353 (11th Cir. 2009) ............................................................................... 2, 6

*United States v. United States Gypsum Co.*,
    333 U.S. 364 (1948) .................................................................................................... 2

*Walter Int'l Prods., Inc. v. Salinas*,
    650 F.3d 1402 (11th Cir. 2011) ................................................................................... 8

*Williamson Oil Co., Inc. v. Philip Morris USA*,
    346 F.3d 1287 (11th Cir. 2003) ................................................................................... 2

**Statutes**

28 U.S.C. § 636(b)(1)(B) ................................................................................................................ 2

**Rules**

Fed. R. Civ. P. 72(a) ...................................................................................................................... 3

Fed. R. Civ. P. 72(b)(2) ............................................................................................................. 1, 2

Fed. R. Evid. 402 ........................................................................................................................... 2

## I.     INTRODUCTION

Nothing in Wreal's Objections (ECF No. 319) to the Omnibus Report and Recommendations of the Magistrate Judge (ECF No. 318 (hereinafter "R&R")) calls into question the R&R's conclusions as to the inadmissibility of Wreal's pornography expert, Dr. Linda Williams, or the admissibility of Amazon's survey expert, Dr. Dan Sarel.[1]

As to Dr. Williams, Wreal's Objections assert that she should be permitted to testify about sex toys and DVDs, even though this Court has ruled (repeatedly now) that neither are relevant because, among other things, no party offers those items for sale under the Fire TV or Fyretv brand.[2] Wreal's brief does not contain a single legal citation to explain why this Court's prior rulings are wrong or should be reconsidered. Rather, Wreal attempts to distinguish them by implying it is making new arguments that this Court has not yet evaluated. But in fact, Wreal does not make a _single_ argument here that was not already set forth in its motion to compel discovery on sex toys, rejected in the ruling on that motion, and rejected again in this Court's denial of its Motion for Reconsideration. ECF Nos. 143, 150, 176. Wreal's Objection is, at best, a thinly-veiled motion for reconsideration of the line of prior orders from this Court on sex toys and DVDs, but it lacks merit under the reconsideration standard, as well: Wreal's brief identifies no intervening change in law, newly discovered evidence, or manifest injustice of any kind, because none of those things exist here.

As to Dr. Sarel, Wreal's Objections ask this Court to second-guess the R&R based only on "the reasons set out in [Wreal's] motion" to the Magistrate Judge. ECF No. 319 at 6. That is not even an objection. Omnibus incorporation by reference is not a "specific written objection" under Rule 72(b)(2) of the Federal Rules of Civil Procedure, and the law is clear that an attempt

---

[1] Wreal did not object to the R&R's exclusion of certain opinions of Wreal's economic expert, Dr. Jesse David; this Court therefore should adopt those portions of the R&R.

[2] ECF No. 130 at 26 ("sex toys are irrelevant to this case"); ECF No. 177 at 12 (adopting ECF No. 130 and noting that arguments about sex toys or DVDs "fail[] to address the pertinent issue"); ECF No. 144 at 5-6 ("Wreal has not demonstrated a convincing reason to revisit the Undersigned's prior determination . . . that 'sex toys are irrelevant to this case.'"); ECF No. 176 at 2 ("whether Amazon.com lists sex toys or DVDs for sale is not relevant").

1

to do so does not trigger any review by a district court. *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009). Even if it were permissible, however, what Wreal requests – a *de novo* review of the entire record to ferret out arguments and errors that Wreal has not bothered to identify specifically here – would be futile. The R&R explains the Magistrate Judge's reasoning thoroughly and persuasively with respect to Dr. Sarel. *See* ECF No. 318 at 24-36. Wreal's objections should be overruled.

## II.   LEGAL STANDARD

A district court reviews a Magistrate Judge's report and recommendation *de novo*, but only upon timely receipt of "<u>specific</u> written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added); 28 U.S.C. § 636(b)(1)(B). Objections that merely incorporate prior briefs by reference are not "specific." *Edwards v. Niagara Credit Sols., Inc.*, 586 F. Supp. 2d 1346, 1348 (N.D. Ga. 2008) (purported incorporation by reference of prior brief did not constitute "specific written objections" required by Rule 72) *aff'd*, 584 F.3d 1350 (11th Cir. 2009). Thus, arguments based on incorporation by reference are considered – if considered at all – only for the purpose of clear-error review, *id.*, and are a basis for reversal only if the court is "left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

## III.   ARGUMENT

### A.   There is No Error in the R&R's Exclusion of Expert Testimony on Sex Toys and DVDs, Because They Are Irrelevant.

The R&R ruled that sex toys and DVDs – neither of which Amazon sells under the "Fire TV" brand, and neither of which WREAL sells <u>at all</u> – are "irrelevant" to any material issue in this trademark case. ECF No 318 at 20. Because they are irrelevant, the R&R recommended granting Amazon's motion to exclude Dr. Williams's testimony about them. *Id.*; *see also Williamson Oil Co., Inc. v. Philip Morris USA*, 346 F.3d 1287, 1322 (11th Cir. 2003) ("Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful."); Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible.").

That ruling is hardly surprising. The Magistrate Judge and this Court have ruled many times in this case that, "whether Amazon.com lists sex toys or DVDs for sale is not relevant to whether Amazon's Fire TV mark is confusingly similar to Wreal's FyreTV to the point that Wreal's porn-streaming consumers would think that Amazon.com is the actual provider of FyreTV." ECF No. 176 at 2; *see also, e.g.*, ECF No. 177 at 12 (same); *see also* ECF No. 318 at 20 ("I still find irrelevant the sale of both DVDs and sex toys at Amazon's website."). These repeated rulings by the Magistrate Judge have been twice-affirmed on review by this Court. The R&R's application of those rulings to Dr. Williams contains no error.

Wreal attempts to circumnavigate the Court's prior orders in two ways. First, it characterizes them as "discovery rulings," as if that were a reason to think they have expired or no longer apply. *See* Mot. at 5-6. It is not. The prior rulings were not limited to "discovery" – they were based on the legal conclusion that sex toys or DVDs have no bearing on any material issue in this litigation. *E.g.*, ECF No. 144 at 6 n.4 ("[T]he ruling here is based on the substantive issue concerning relevancy (or the lack of it)."); ECF No. 176 at 1 (affirming ECF No. 144 because "the Court finds that Wreal has not presented any decision by the Magistrate Judge that is 'clearly erroneous or is contrary to law'") (citing Fed. R. Civ. P. 72(a)).

The second way Wreal attempts to distinguish this Court's prior orders is by implying that its arguments here are different than the ones it made last time. *See* Mot. at 4-5. Wreal's Objections claim that it previously argued that sex toys or DVDs were relevant to (1) whether Wreal and Amazon share customers, (2) Amazon's intent, and (3) the "ultimate fact" of whether consumers are likely to believe that Amazon is the source of Wreal's FyreTV, whereas it <u>now</u> argues that they are relevant to (4) "whether the parties' [*sic*] share customers" and (5) contradicting testimony by Amazon's Ms. Elizabeth Baicy that hardcore pornography is far from what Amazon stands for. Mot. at 5. The docket belies any "new argument" claim, however: Wreal made both of its supposedly new arguments at the hearing that led to the denial of discovery into sex toys and DVDs, and it argued both at length in its written motion for reconsideration of that ruling. *See* ECF No. 150 at 2 (arguing sex toys and DVDs are "relevant to

3

whether the parties share the same consumers"); *id*. at 10-11 (arguing sex toys and DVDs are "relevant to rebut Ms. Baicy's conclusion that any association was unlikely because hardcore pornography was so different from what Amazon does as a company"). There was no error in denying discovery into sex toys and DVDs last time this Court reviewed their relevance (ECF No. 176), and there was no error in the R&R's application of that ruling in its recommendation to exclude Dr. Williams's testimony about them this time as well (ECF No. 318 at 20).

The fact that Wreal's Objection attempts to rehash old argument reveals that it is – at best – a second motion for reconsideration of settled issues. "The applicable standard for a motion for reconsideration is that the moving party 'must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. A motion for reconsideration should raise new issues, <u>not merely address issues litigated previously</u>.'" *Instituto de Prevision Militar v. Lehman Bros.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (emphasis added) (quoting *Socialist Workers Party v. Leahy*, 957 F. Supp. 1262, 1263 (S.D. Fla. 1997)). The grounds for reconsideration are limited and well-known: intervening change in the controlling law, new evidence, or proof of "clear error and manifest injustice." *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993). Wreal's Objection identifies none of these. It identifies no change in the law (indeed, its brief on Dr. Williams does not contain a single legal citation). Mot. at 4-5. Nor does it argue new evidence has come to light – it merely repeats legal arguments that this Court has already rejected. *Id*. at 5. Nor, finally, does it even attempt to explain how adhering to the consistent series of prior orders on sex toys and DVDs would work injustice. *See id*.[3] The reason Wreal's Objections fail to do so is that Wreal has no legitimate argument for reconsideration here.

---

[3] Indeed, to reverse course on this issue now would work an injustice on <u>Amazon</u> because it would inject irrelevant issues into the case for the first time, forcing Amazon to respond without discovery (fact discovery has closed) or expert opinion (expert disclosures have passed), all on the eve of pretrial exchanges. *See* ECF No. 49 (Order setting trial, pretrial conferences, and establishing deadlines).

Regardless of the standard the Court applies – Rule 72(a), the law of the case,[4] or a motion for reconsideration – the R&R's recommendation to exclude Dr. Williams's testimony on sex toys and DVDs should be adopted, because it contains no error.

**B.     There is No Error in the R&R's Ruling that Dr. Sarel's Survey is Admissible Evidence.**

Wreal's Objections ask this Court to reject the R&R's recommendation that Dr. Sarel's trademark survey be admitted, on two grounds. First, Wreal argues that the Magistrate Judge should have found that what Wreal calls "individual flaws" and "technical" flaws in Dr. Sarel's survey make it inadmissible. Mot. at 6. Second, it argues that the Magistrate Judge committed a legal error by not analyzing whether the "cumulative effect" of the individual flaws and technical flaws, taken together as a whole, render the survey unreliable. *Id*. Neither argument has merit.

  1.     Wreal Has Not Made a Proper Objection to the R&R's Findings on Alleged "Individual" and "Technical" Flaws.

Wreal made, and the Magistrate Judge considered, a laundry list of arguments with respect to Dr. Sarel's survey (s*ee* ECF No. 318 at 24-36), but its Objections here identify only these: that the survey allegedly (1) was conducted too early in the case for its format (the *Eveready* format) to be reliable, (2) tested the wrong universe of people, and (3) used the wrong stimulus as a basis for the questions it asked, Mot. at 6. (Wreal also refers in passing to other "technical" flaws, but its brief to this Court does not identify them with specificity. *Id*.)

Wreal makes no specific argument with respect to <u>any</u> of these alleged flaws, however, apart from saying that the Magistrate Judge should have ruled in its favor. *Id.* Rather than lay out

---

[4] "Under the law-of-the-case doctrine, [the resolution of] an issue decided at one stage of a case is binding at later stages of the same case." *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1313 (11th Cir. 2000). Although the doctrine typically binds parties to findings of fact and conclusions of law by an appellate court, it can also apply to decisions of a district court reviewing objections to rulings of a magistrate judge. *See Hy Kom Dev. Co. v. Manatee Cty.*, 837 F. Supp. 1182, 1185 (M.D. Fla. 1993) (magistrate judge's report and recommendation adopted by district court became "the law of the case" on defendant's subsequent motion for summary judgment). Here, the law-of-the-case doctrine lends additional finality to this Court's rulings reviewing and affirming the Magistrate Judge's multiple prior orders on sex toys and DVDs.

5

the reasons the Magistrate Judge erred, Wreal merely purports to incorporate its briefing to the Magistrate Judge by reference, and invites the Court to sift through its prior filings to find its arguments there. *See* Mot. at 6 ("Wreal objects to these findings for the reasons set forth in its motion and accompanying memoranda."). In other words, Wreal asks this Court to conduct a line-by-line, *de novo* review of all of Wreal arguments to the Magistrate Judge, and then compare them to his R&R to see if it finds any errors.

That is not an objection. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988); *Schultz*, 565 F.3d at 1360 ("After a magistrate judge has issued a report and recommendation . . . a party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with"). Wreal's conclusory assertion that the Magistrate Judge got it wrong, without bothering to identify any specific problem in the ruling, or even what legal authority it allegedly misapplied, requires no undertaking by this Court. *Stacey-Suggs v. Bd. of Regents of Univ. Sys. of Georgia*, 44 F. Supp. 3d 1262, 1265 (N.D. Ga. 2014) ("Frivolous, conclusive, or general objections need not be considered by the district court" reviewing a magistrate judge's report and recommendation); *see also Edwards*, 586 F.Supp.2d at 1349 (purported incorporation of prior brief did "not constitute a specific written objection to [an] R&R.").

Even if the Court were to accept that undertaking, however, its review of Wreal's briefing and the record would lead to the same conclusion as that of the Magistrate Judge: "Dr. Sarel's survey was not inappropriate and is therefore admissible." ECF No. 318 at 30. The Magistrate Judge considered Wreal's argument that the survey was premature, and rejected it as contrary to the case law and to the testimony of Wreal's own expert. *Id*. at 27-30 & n.6-7. The Magistrate Judge also considered Wreal's argument that Dr. Sarel's survey tested an overly broad universe of people and rejected it because the survey did in fact cover the correct audience, and because any alleged overbreadth would go to weight and not admissibility. *Id*. at 32-32 (citing treatise and cases). Turning to Wreal's argument that Dr. Sarel used the wrong stimulus, the Magistrate

6

Judge considered and rejected it as well, because Wreal's complaints about the stimulus did not raise any issue so fundamental that it would nullify the entire survey, and because to the extent Wreal's complaints even had weight, the jury could consider them. *Id*. at 32-22. That Wreal's Opposition cannot identify any specific objection therefore shouldn't be surprising. The Magistrate Judge's review of the parties' arguments was extensive and his written opinion was thorough – indeed, Wreal's failure to point to any specific problem only tends to confirm that his rulings were correct.

2. Wreal's "Cumulative Effect" Objection is Frivolous.

Wreal's final argument is that the Magistrate Judge did not consider whether all of Wreal's arguments about Dr. Sarel's survey – i.e., the individual ones identified above as well as the "technical" ones that Wreal's Opposition mentions in passing – if added together, create a "cumulative effect" that should render the survey inadmissible. Mot. at 6.

The argument is futile– there was nothing to "cumulate" because the Magistrate Judge found that each of the "individual flaws" Wreal identified was independently meritless. Specifically, he found that the *Eveready* survey format was appropriate and not premature (ECF No. 318 at 27-30), that the survey universe included the relevant people (*id*. at 30-31), and that the survey stimulus design was not unclear or misleading (*id*. at 32-33). Wreal's after-the-fact quibble that the Magistrate Judge did not consider whether each of its (failing) arguments somehow added up to an admissibility problem, even though he did examine and reject each of them independently, is just that – a quibble. It is not a basis to reverse the Magistrate Judge's considered and thorough R&R.

The Magistrate Judge also found that Wreal's allegations of so-called "technical flaws" were baseless. ECF No. 318 at 35 ("Wreal does not even successfully demonstrate that there are in fact technical issues with all of the challenges it raises."). Although Wreal's Objections do not bother to recite what technical flaws it alleged, it argued to the Magistrate Judge that Dr. Sarel (1) used inappropriate screening questions, (2) used impermissibly leading questions; (3) failed

7

to follow his own coding methodology; (4) failed to provide a response rate to his survey; and (5) failed to validate the results of his survey. *Id*. at 34. Each of these alleged defects pertains to the "format of the questions and the manner of conducting the survey," which "go to weight of [the] evidence," and not admissibility. *Holiday Inns, Inc. v. Holiday Out in Am.*, 481 F.2d 445, 447 (5th Cir. 1973); *Pods Enters., Inc. v. U-Haul Int'l, Inc.*, 2014 WL 2625297, at *2-3 (M.D. Fla. June 12, 2014) (same). Thus, even if Wreal's "technical" criticisms had merit – and the Magistrate Judge found that in fact Wreal had not demonstrated any actual flaws, ECF No. 318 at 35-36 – they still would not preclude admissibility.

Because Wreal did not show that there were flaws, it simply does not matter whether or how the Magistrate Judge "cumulated" them in his analysis. *See Walter Int'l Prods., Inc. v. Salinas*, 650 F.3d 1402, 1420 (11th Cir. 2011) ("Because we have determined that there were no errors . . . there was no accumulation of error either" – "Nothing plus nothing is nothing, just as 'nothing from nothing leaves nothing.'") (citation omitted).

## IV.   CONCLUSION

For the foregoing reasons, Wreal's objections to the Report and Recommendation of the Magistrate Judge should be overruled, and the Magistrate Judge's recommendations on the inadmissibility of Dr. Williams and the admissibility of Dr. Sarel should be adopted.

Dated: January 19, 2016               Respectfully submitted,

By:   s/Jamie Zysk Isani

Jamie Zysk Isani (Florida Bar No. 728861)
HUNTON & WILLIAMS LLP
1111 Brickell Avenue, Suite 2500
Miami, Florida 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-1675
jisani@hunton.com

Justin A. Nelson *(pro hac vice)*
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666
jnelson@susmangodfrey.com

Drew D. Hansen *(pro hac vice)*
Edgar Sargent *(pro hac vice)*
Patrick C. Bageant *(pro hac vice)*
SUSMAN GODFREY L.L.P.
1201 Third Ave, Suite 3800
Seattle, Washington 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
dhansen@susmangodfrey.com
esargent@susmangodfrey.com
pbageant@susmangodfrey.com

*Counsel for Defendant Amazon.com*

## CERTIFICATE OF SERVICE

**I CERTIFY** that on January 19, 2016, a true and correct copy of the foregoing was served by transmission of Notice of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below.


/s/Jamie Z. Isani
Jamie Zysk Isani

## SERVICE LIST

Carlos Nunez-Vivas
can@wnflaw.com
Daniel Foodman
df@wnflaw.com
Dennis J. Wouters
djw@wnflaw.com
John G. Marfoe
jgm@wnflaw.com
WNF Law, P.L. - Waserstein Nunez & Foodman
1111 Brickell Avenue, Suite 2200
Miami, Florida 33131
Tel.: (305) 760-8500
Fax: (305) 760-8510

*Attorneys for Plaintiff WREAL, LLC*