UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 14-CV-21385-LENARD/GOODMAN

WREAL, LLC, a Florida Limited
Liability Company,

    Plaintiff,
v.

AMAZON.COM, INC., a Delaware
Corporation,

    Defendant.
_____/

**WREAL'S RESPONSE TO AMAZON'S MOTION TO
STRIKE AND THE COURT'S ORDER TO SHOW CAUSE**

Wreal, LLC ("Wreal") hereby files its Response to Amazon.com, Inc.'s ("Amazon") Motion to Strike Wreal's Response to Amazon's Objection to Report and Recommendation (ECF 329) and Response to the Court's Order to Show Cause (ECF 330), and states as follows:

Wreal's Response to Amazon's Objections to Omnibus Report and Recommendation Concerning Various Daubert Motions (the "Response") was timely filed on January 22, 2016, pursuant to Magistrate Judge Jonathan Goodman's Sealed Omnibus Report and Recommendations Concerning Various *Daubert* Motions (the "R&R re *Daubert* Motions") and Rules 6(a) and (d), Fed. R. Civ. P. Accordingly, this Court should deny Amazon's motion and not strike the Response.

The Magistrate Judge provided the following with respect to objections and responses thereto in connection with his R&R re *Daubert* Motions:

> Under 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(b), the parties have 14 days <u>after being served</u> with a copy of this Report and Recommendations to <u>serve</u> and file written objections, if any, with the District Court. Each party may file a response to the other party's objection within 7 days of the objection.

ECF 318 at 43. (emphasis added).

1

Magistrate Judge Goodman served his R&R re *Daubert* Motions via email on December 29, 2015. Accordingly, the parties' objections to the R&R re *Daubert* Motions were due on January 15, 2016. Under the federal rules, this calculation is made as follows:

a) The date the R&R re *Daubert* Motions was served was December 29, 2015.

b) Pursuant to Rule 6(a), Fed. R. Civ. P., which applies when a time period must be computed if a filing is required "within" a given period of "days"[1] (as in this case), fourteen days from December 29, 2015, would be January 12, 2016.

c) Pursuant to Rule 6(d), Fed. R. Civ. P., one must add three days, thus making the due date on January 15, 2016. *Sicurella v. Chater*, 896 F. Supp. 121 (W.D.N.Y. 1995) (holding that party objecting to report and recommendation is entitled to an additional three days within which to file its objection pursuant to Rule 6(d)); *see also Vanderberg v. Donaldson*, 259 F.3d 1321, 1325 (11th Cir.2001) (adding three days to respond to Magistrate's Report and Recommendations pursuant to former Rule 6(e)).

Specifically, Rule 6(d) provides in pertinent part that:

> **(d) Additional Time After Certain Kinds of Service.** When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C),

---

[1] See Rule 6, Fed. R. Civ. P., Advisory Committee Notes ("The time-computation provisions of subdivision (a) apply only when a time period must be computed. They do not apply when a fixed time to act is set. The amendments thus carry forward the approach taken in *Violette v. P.A. Days, Inc.*, 427 F.3d 1015, 1016 (6th Cir. 2005) (holding that Civil Rule 6(a) "does not apply to situations where the court has established a specific calendar day as a deadline"), and reject the contrary holding of *In re American Healthcare Management, Inc.*, 900 F.2d 827, 832 (5th Cir. 1990)(holding that Bankruptcy Rule 9006(a) governs treatment of date-certain deadline set by court order). If, for example, the date for filing is "no later than November 1, 2007," subdivision (a) does not govern. ***But if a filing is required to be made "within 10 days" or "within 72 hours," subdivision (a) describes how that deadline is computed.***") (emphasis added).

>   (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).

In turn, Rule 5(b)(2)(E), Fed. R. Civ. P., provides for service by electronic means, which is complete upon transmission. Thus, because Magistrate Judge Goodman served the R&R re *Daubert* Motions via electronic means, the due date for the objections was January 15, 2016, pursuant to Rules 5 and 6, Fed. R. Civ. P.  However, the parties filed their respective objections early, on January 12, 2016.  Thus, the time for the responses started running from January 13, 2016, inclusive, per Rule 6(a), Fed. R. Civ. P. ("When the period is stated in days or a longer unit of time: **(A)** *exclude* the day of the event that triggers the period;…") (emphasis added).

As to the responses, Magistrate Judge Goodman provided in his R&R re *Daubert* Motions that "[e]ach party may file a response to the other party's objection ***within* 7 *days*** of the objection." Under the federal rules, this calculation is made as follows:

(a)  Amazon's Objections to the R&R re *Daubert* Motions was served via electronic means on January 12, 2016.

(b)  Pursuant to Rule 6(a), Fed. R. Civ. P., which applies when a time period must be computed if a filing is required "within" a given period of "days" (as in this case), seven days from January 12, 2016, would be January 19, 2016.

(c)  Pursuant to Rule 6(d), Fed. R. Civ. P., one must add three days, thus making the due date on **January 22, 2016**, which is when Wreal timely filed its Response to Amazon's Objection to the R&R re *Daubert* Motions. *Indyne, Inc. v. Abacus Tech. Corp.*, 2014 WL 1400658, at *4 (M.D. Fla. 2014) (denying motion to strike party's response to objections to the report and recommendations as untimely because party had three additional days

pursuant to Rule 6(d) after the period of service of the objection when service was made by electronic means, where the rule stated that "any party desiring to oppose such objections shall have fourteen (14) days thereafter within which to file and serve written response.");

Amazon takes the mistaken position that Rule 6(d) should not apply to Wreal's response to its objection, apparently based on the last sentence of the above-quoted section of the R&R re *Daubert* Motions, which sets the deadline to respond "within 7 days of the objection." But Amazon ignores the critical issue of how the objection is made. The order makes this clear – the parties must "serve and file" the objection. Thus, any response had to be filed seven days after service of any objection.[2] This is consistent with *Indyne,* where the pertinent rule allowed parties to "file and serve" objections, triggering the deadline for responses "fourteen (14) days thereafter." *Indyne*, 2014 WL 1400658, at *4. Thus, in *Indyne*, the three additional days pursuant to Rule 6(d) applied. *Id.* Likewise, in our case, the three additional days apply, as the response was due ***within*** a number of days from when Amazon ***served*** its objections.

Significantly, the Magistrate Judge did not set a date-certain deadline to file the response to an objection, as he did with respect to the response to any objection to his report and recommendation concerning the motion for a preliminary injunction. *See* ECF 131. The Magistrate Judge did not use the words "from the entry" of an objection. Instead, he used the word "serve" when stating that a party had fourteen (14) days to serve and file its objections. Thus, it logically follows that the parties had seven (7) days to file their responses to the objection from the date

---

[2]The fact that the objection also had to be filed does not change this. Rule 5(d)(1) requires a party to file any papers that must be served (other than certain discovery papers) *after* service. Of course, in practice, papers are simultaneously served and filed through the Court's ECF system. And any other interpretation would mean that Rule 6(d) applies only to deadlines triggered by discovery papers that are served but not filed, which is clearly not the case.

they were *served* with the objections. Thus, Rule 6(d) would be triggered if service was made by electronic means, as it was done in this case ("a party may or must act within a specified time *after service* and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).")..

Amazon mistakenly suggests that, somehow, Rule 6(d) does not apply now because the Magistrate Judge set a date-certain deadline to file the response to an objection to an *earlier and entirely separate* Report and Recommendation related to Wreal's Motion for Preliminary Injunction. *See* ECF 131 ("Objections, if any, are due by 2/13/2015. Any response shall be due within five days of the objection being filed, or, if the fifth day falls on a weekend or business holiday, the next business day. Therefore, for example, a response to an objection filed on 2/13/2015 must be filed on or before 2/18/2015."). Amazon fails to explain why that order somehow still applies, as the Magistrate Judge never stated that such ruling a year ago applied to the R&R re *Daubert* Motions, especially as it related to any responses to any objections.

Indeed, while it is clear that Rule 6(d) does not apply with respect to the parties' objections and responses to *that* Report and Recommendation, that is only because the Magistrate Judge specifically ordered objections to be filed on a specific date, made filing (but not service) the trigger date for any response, and specifically illustrated that Rule 6(d) is inapplicable. *See* ECF 131. But that order was also clearly limited to objections and responses to that specific Report and Recommendations only. If anything, the absence of such a specific order here further supports the obvious: Rule 6(d) applies, and Wreal's objections were timely.[3]

---

[3] On January 26, 2016, the Court issued an order to show cause requiring Wreal to explain why its "untimely" filing should not be stricken. This presupposed that Wreal's timing was untimely, but as Wreal explains here, Wreal's response *was timely*. Thus, Wreal does not need to show "excusable neglect" under Rule 6(b)(2). But, to comply with the Court's order, assuming Amazon's tortured interpretation of the Magistrate Judge's order is correct (and it is not), Wreal's

Accordingly, the Court should deny Amazon's motion to strike.

Respectfully submitted,

WNF LAW, P.L.
*Attorneys for WREAL, LLC*
1111 Brickell Avenue, Suite 2200
Miami, Florida 33131
Phone: (305) 760-8500
Fax: (305) 760-8510

By: /s   *John G. Marfoe*
    Carlos Nunez-Vivas
    Florida Bar No. 128181
    can@wnflaw.com
    Daniel Foodman
    Florida Bar No. 337160
    df@wnflaw.com
    Dennis J. Wouters
    Florida Bar No. 28692
    djw@wnflaw.com
    John G. Marfoe
    Florida Bar No. 101535
    jgm@wnflaw.com

**CERTIFICATE OF SERVICE**

I certify that on January 26, 2016, this document was served by the Court's ECF filing system on all counsel of record on the Service List below.

By: /s   *John G. Marfoe*

---

January 22, 2016, filing is excusable given that Amazon's only argument against Rule 6(d)'s application is the fact that the Magistrate Judge did not unnecessarily repeat the word "service" in the last sentence of his order. Giving Amazon the benefit of the doubt, at best it identified an ambiguity in the Magistrate Judge's order. And ambiguity excuses any (non-existent) delay. *See Spear, Leeds & Kellogg v. Pub. Serv. Co. of New Hampshire*, 700 F. Supp. 791, 794 (S.D.N.Y. 1988) ("[A]mbiguity creates excusable neglect for the delay under Rule 6(b)(2).") (citing *Clements v. Florida East Coast Ry.*, 473 F.2d 668, 670 (5th Cir.1973). Moreover, Wreal acted in good faith based on the only reasonable interpretation of the Magistrate Judge's order and the Rules, and Amazon does not (and could not) claim any prejudice. *See id.* Thus, while Wreal's response was timely, even if it were not, it would be excusable.

6

## SERVICE LIST

Justin A. Nelson, Esq.
Drew D. Hansen, Esq.
Patrick C. Bageant, Esq.
*Co-counsel for Defendant*
Susman Godfrey L.L.P.
1201 Third Avenue
Suite 3800
Seattle, WA 98101
Tel. 206-516-3880
Fax 206-516-3883
jnelson@susmangodfrey.com
dhansen@susmangodfrey.com
pbageant@susmangodfrey.com

Jamie Z. Isani, Esq.
Shannon Shaw, Esq.
*Co-counsel for Defendant*
Hunton & Williams LLP
1111 Brickell Avenue
Suite 2500
Miami, FL 33131
Tel. 305-810-2500
Fax 305-810-2460
jisani@hunton.com
sshaw@hunton.com