**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 1:14-cv-21385-JAL

WREAL, LLC, a Florida Limited Liability
Company,

       Plaintiff,

v.

AMAZON.COM, INC., a Delaware
corporation,

       Defendant.

**AMAZON'S RESPONSE**
**TO THE COURT'S ORDER TO SHOW CAUSE (ECF NO. 333)**

Defendant Amazon.com, Inc. ("Amazon") submits this response to the Court's January 28, 2016, Order to Show Cause. ECF No. 333.

Amazon does not believe the pending interlocutory appeal by Plaintiff Wreal, LLC ("Wreal") affects matters before this Court: that ruling will not change the undisputed facts, which support summary judgment in Amazon's favor. ECF No. 205. Amazon does not oppose a stay of the trial date and related pretrial deadlines in light of the interlocutory appeal.  It does submit, however, that the most efficient course of action would be for the Court to grant summary judgment in Amazon's favor first so the appeals can be consolidated and the Eleventh Circuit can dispose of all appeals in this matter at once. This course would result in the most efficient use of resources for all parties, this Court, and the Eleventh Circuit. But regardless whether this Court decides to rule on summary judgment now or wait until the Eleventh Circuit decides the interlocutory appeal on the preliminary injunction order, the Court should vacate the fast-approaching deadlines due in the next few weeks and the currently-scheduled trial date.

As a threshold matter, this Court retains jurisdiction over the merits (including a ruling on Amazon's summary judgment motion) notwithstanding the interlocutory appeal. Although an appeal from a final judgment divests a district court of jurisdiction over matters involved in the appeal, a district court may proceed with litigation (including granting summary judgment) while an appellate court considers an interlocutory appeal from a preliminary injunction ruling. *State of Ala. v. U.S. E.P.A.*, 871 F.2d 1548, 1553-54 (11th Cir. 1989) ("The district court had jurisdiction to grant summary judgment and to dismiss the suit despite the pending interlocutory appeal [of the preliminary injunction ruling].").

Amazon respectfully requests that entering summary judgment in Amazon's favor now would be appropriate for three reasons. *First*, Wreal's interlocutory appeal will not affect the

pending summary judgment motion. Indeed, summary judgment for Amazon would be appropriate regardless of how the Eleventh Circuit rules on the preliminary injunction appeal. The material facts are not in dispute on the summary judgment record and were not disputed even at the preliminary injunction proceeding. They demonstrated overwhelmingly that consumers do not in fact believe Amazon is responsible for Wreal's hardcore pornographic streaming FyreTV service or Fyre BoXXX product. Neither Magistrate Judge Goodman's Report and Recommendations (ECF No. 133) nor this Court's order adopting the Report and Recommendations and denying the preliminary injunction motion (ECF No. 177) rested on any particularly novel legal conclusions; rather, both decisions were a simple matter of applying well-established trademark law and preliminary injunction standards to a largely undisputed record. Especially on an abuse of discretion standard, the Eleventh Circuit will have no occasion either to alter the governing law in any significant way (no significant legal issue is truly in dispute) or to order this Court to revise its understanding of the facts (the facts were not disputed then and are not disputed now). The Eleventh Circuit's decision will therefore add little if anything to the Court's ability to rule on the pending summary judgment motion.

*Second*, granting summary judgment in Amazon's favor now would relieve the parties of the burden and expense of the upcoming pretrial deadlines, including motions in limine (due 13 days from today) and preparing the Joint Pretrial Stipulation (due 13 days thereafter). ECF No. 49. Those tasks are substantial, and summary judgment in Amazon's favor would render them unnecessary. Of course, the Court also has authority to vacate these upcoming deadlines pending a ruling on Amazon's summary judgment motion, which would have a similar effect. *Postel Erection Grp., L.L.C. v. Travelers Cas. & Ins. Co. of Am.*, No. 6:12-CV-182-ORL-37, 2012 WL 2505674, at *1 (M.D. Fla. June 28, 2012) ("This Court has broad authority to stay proceedings

incident to its power to control its own docket.").

*Third*, granting summary judgment in Amazon's favor now would permit the Eleventh Circuit to consolidate the appeals. "Judicial economy is served by merging an appeal from denial of a preliminary injunction with the appeal from final judgment in a case where an appeal from the final judgment is taken prior to a decision on the interlocutory appeal." *Weaver v. University of Cincinnati*, 970 F.2d 1523, 1529 (6th Cir.1992). In *Alabama v. EPA*, 871 F.2d at 1551, the Eleventh Circuit "granted defendants' motion to consolidate the appeal from the preliminary injunction with the appeal from the grant of summary judgment." Similarly, in *Community Maritime Park Associates Inc. v. Maritime Park Dev. Partners LLC*, 606 F. App'x 482, 485 (11th Cir. Mar. 25, 2015), the Eleventh Circuit took this exact path as well, consolidating the two appeals: "MPDP then appealed from the final judgment, and we consolidated that appeal with the interlocutory appeal of the preliminary injunction." *See also Dex Media West, Inc. v. City of Seattle*, 696 F.3d 952, 956 (9th Cir. 2012) ("Because the district court ruled on summary judgment before this court reached a decision on the preliminary injunction, and the Yellow Pages Companies also appealed the final judgment to this court, the appeals have been consolidated."); *Harris v. City of Houston*, 151 F.3d 186, 188 (5th Cir. 1998) ("The appellants subsequently filed a second notice of appeal, and on their unopposed motion we consolidated the first appeal from the district court's denial of a preliminary injunction with the second appeal from the district court's final judgment in favor of the City.").

This course is particularly appropriate here, where the preliminary injunction motion and Amazon's summary judgment motion overlap on many of the same basic principles of trademark law and undisputed material facts—facts that have not changed in any material way in Wreal's favor between the preliminary injunction proceedings and the close of discovery, and in some

ways have actually become <u>worse</u> for Wreal. For example, Wreal has now apparently taken the position that consumers are not mistakenly believing Amazon to be responsible for Wreal's hardcore pornographic offerings because consumers are not aware of Amazon's Fire TV—a position both inconsistent with Wreal's own allegations that Amazon "saturated" the market with advertising for the Amazon Fire TV (ECF No. 1, ¶¶ 33-34, 59) and with the theory of reverse confusion. *See* J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 23:10 (2014) ("When few of the senior user's customers will be exposed to or familiar with the junior user's mark, there will be no 'overwhelming' or 'swamping' effect on the senior user's mark and good will. <u>In that case, reverse confusion will be unlikely.</u>") (emphasis added).

Given the overlap between the preliminary injunction and summary judgment motions in both law and fact, it would conserve the Eleventh Circuit's resources to consider and dispose of appeals from both motions at once. Should this Court wish to rule now on the summary judgment, the parties can inform the Eleventh Circuit that a summary judgment order is imminent and ask to consolidate the two appeals.

Amazon does not object if the Court wishes to stay proceedings entirely during the pendency of the interlocutory appeal. However, for the foregoing reasons, Amazon respectfully submits that it would be most efficient to grant summary judgment in Amazon's favor—if necessary, after vacating all upcoming deadlines while the Court prepares a summary judgment ruling. Moreover, regardless of whether this Court rules on summary judgment now, vacating all upcoming deadlines is the most efficient use of the parties' and the Court's resources.

Dated: February 3, 2016           Respectfully submitted,

By: /s/ Jamie Zysk Isani
     Jamie Zysk Isani (Florida Bar No. 728861)
     HUNTON & WILLIAMS LLP
     1111 Brickell Avenue, Suite 2500
     Miami, Florida 33131
     Telephone: (305) 810-2500
     Facsimile: (305) 810-1675
     jisani@hunton.com

     Justin A. Nelson *(pro hac vice)*
     SUSMAN GODFREY L.L.P.
     1000 Louisiana Street, Suite 5100
     Houston, Texas 77002-5096
     Telephone:  (713) 651-9366
     Fax: (713) 654-6666
     jnelson@susmangodfrey.com

     Drew D. Hansen *(pro hac vice)*
     Edgar Sargent *(pro hac vice)*
     Patrick C. Bageant *(pro hac vice)*
     SUSMAN GODFREY L.L.P.
     1201 Third Ave, Suite 3800
     Seattle, Washington 98101
     Telephone: (206) 516-3880
     Facsimile: (206) 516-3883
     dhansen@susmangodfrey.com
     esargent@susmangodfrey.com
     pbageant@susmangodfrey.com

     *Counsel for Defendant Amazon.com*

## CERTIFICATE OF SERVICE

**I CERTIFY** that on February 3, 2016, a true and correct copy of the foregoing was served by transmission of Notice of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below.



_____
/s/ Jamie Zysk Isani
Jamie Zysk Isani

## SERVICE LIST

Carlos Nunez-Vivas
can@wnflaw.com
Daniel Foodman
df@wnflaw.com
Dennis J. Wouters
djw@wnflaw.com
John G. Marfoe
jgm@wnflaw.com
WNF Law, P.L. - Waserstein Nunez & Foodman
1111 Brickell Avenue, Suite 2200
Miami, Florida 33131
Tel.: (305) 760-8500
Fax: (305) 760-8510

*Attorneys for Plaintiff WREAL, LLC*

6