**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 1:14-cv-21385-JAL

WREAL, LLC, a Florida Limited Liability Company,

  Plaintiff,

v.

AMAZON.COM, INC., a Delaware corporation,

  Defendant.

**MEMORANDUM IN SUPPORT OF AMAZON'S BILL OF COSTS**

Amazon.com, Inc. ("Amazon") files this memorandum in support of its Bill of Costs, pursuant to Local Rule 7.3, Fed. R. Civ. P. 54(d), and 28 U.S.C. §§ 1920, 1924. Ex.1.

### 1. Introduction

On July 26, 2019, this Court adopted United States Magistrate Judge Goodman's Report and Recommendation ("Report") granting summary judgment in favor of Amazon dismissing Wreal's claims for trademark infringement under the Lanham Act and Florida law. ECF No. 1, 381. This Court entered final judgment in favor of Amazon. ECF No. 382. Amazon, as the prevailing party, now seeks for this Court to tax all costs against Wreal that Amazon is entitled to under 28 U.S.C. § 1920. *See Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1292 (S.D. Fla. 2015) ("Upon granting [the defendant's] motion for summary judgment, judgment was entered in favor of [the defendant] on all counts. Thus, Defendant is the prevailing party in this action and is entitled to costs."). Amazon sustained over $60,000 in taxable costs plus interest defending against Wreal's meritless claims that should be taxed against Wreal.[1] Ex. 1.

---

[1] Although the Court may stay the determination of Amazon's to-be-filed Motion for Attorneys'

2. **Taxation of Costs**

Federal Rule of Civil Procedure 54(d) provides that "costs—other than attorney's fees—should be awarded to the prevailing party." Fed. R. Civ. P. 54(d)(1). "[T]here is a strong presumption that the prevailing party will be awarded costs" that must be overcome by the non-prevailing party. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007); *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). Costs that are permitted to be taxed to the non-prevailing party are identified in 28 U.S.C. § 1920. Pertinent to the Bill of Costs submitted to this Court by Amazon, 28 U.S.C. § 1920 provides that a judge or clerk may tax costs against the non-prevailing party for: "(1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." 28 U.S.C. § 1920.

3. **Specific Items of Costs**

Wreal should be taxed for all costs permitted under the statutory authority of 28 U.S.C. § 1920. Amazon should be able to recover the following costs:

- Fees of the Clerk: $375.00
- Fees for printed or electronically recorded transcripts: $49,744.29
- Fees and disbursements for printing (black and white prints): $2,303.60

---

Fees and Non-Taxable Costs pending the exhaustion of any appeals because FDUTPA provides for recovery of fees after "the exhaustion of all appeals, if any," Fla. Stat. § 501.2105(1), this logic does not apply to taxable costs under 28 U.S.C. § 1920. *See Procaps S.A. v. Patheon Inc.*, 157 F. Supp. 3d 1199, 1200 (S.D. Fla. 2016).

- Fees and disbursements for printing (color prints): $2,685.00

- Fees for the costs of making copies of any materials where the copies are necessarily obtained for use (black and white photocopies): $292.10

- Fees for the costs of making copies of any materials where the copies are necessarily obtained for use (color photocopies): $186.00

- Fees for the costs of making copies of any materials where the copies are necessarily obtained for use (outside photocopy services): $7,528.43

- Compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services: $650.00

- Plus 1.95% Interest applied to total costs[2]

Ex. 1.

> a. *Fees of the Clerk – 28 U.S.C. § 1920(1)*

Amazon first seeks to recover fees paid to the Clerk in the amount of $375.00. 28 U.S.C. § 1920(1). Pursuant to § 1920(1), "[f]ees of the clerk and marshal" may be taxed as costs. This includes any filing fees. *Marler v. U-Store-It Mini Warehouse Co.*, No. 09-60613-CIV, 2011 WL 13174437, at *2 (S.D. Fla. May 26, 2011), *report and recommendation adopted*, No. 09-60613-CV, 2011 WL 13174767 (S.D. Fla. July 5, 2011) (citing *Jackson v. Grupo Indus. Hotelero, S.A.*, No. 07-22046-CIV, 2010 WL 750301, at *6 (S.D. Fla. Mar. 3, 2010)). Amazon should be able to recover costs for fees associated with filing *pro hac vice* applications. The Eleventh Circuit has not explicitly addressed whether *pro hac vice* application fees are recoverable as taxable costs under § 1920(1). *See Daniel-Rivera v. Everglades Coll.*, No. 16-60044-CIV, 2017 WL 5197509,

---

[2] Amazon as the prevailing party is statutorily entitled to post-judgment interest and § 1961 determines that the post-judgment interest rate is calculated "from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding" the date of final judgment. 28 U.S.C. § 1961(a); *see also Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1339 (S.D. Fla. 2009). 1.95% in interest should be applied to the total costs for this case.

at *6 (S.D. Fla. June 16, 2017), *report and recommendation adopted*, No. 0:16-CV-60044-WPD, 2017 WL 5197949 (S.D. Fla. June 30, 2017). But, other circuits have explicitly held that "*pro hac vice* fees are recoverable as fees of the clerk under § 1920." *Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 898 (8th Cir. 2009). This makes sense because the "[p]laintiff selected the forum and compelled [the defendant] to defend itself in this district." *Id.* (citing *Davis v. Puritan-Bennett Corp.*, 923 F. Supp. 179, 181 (D. Kan. 1996)).

Amazon's costs associated with filing the following *pro hac vice* applications for its counsel to defend it against Wreal's baseless claims should be taxed against Wreal:

- *Pro hac vice* application for Justin Nelson: $75
- *Pro hac vice* application for Drew Hansen: $75
- *Pro hac vice* application for Edgar Sargent: $75
- *Pro hac vice* application for Patrick Bageant: $75
- *Pro hac vice* application for Armstead Lewis: $75

Ex. 1 at 1.

### b. Fees for Printed or Electronically Recorded Transcripts – 28 U.S.C. § 1920(2)

Amazon incurred $49,744.29 of costs for obtaining transcripts or videos of depositions, and transcripts of hearings that were necessary for this case. Ex.1; *see U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000). Section 1920(2) awards costs for fees paid "for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2).

Hearing transcripts "fall squarely under 28 U.S.C. § 1920(2)." *United Food Mart, Inc. v. Motiva Enterprises, LLC*, No. 04-60539CIV, 2006 WL 3068821, at *3 (S.D. Fla. July 10, 2006); *see also Procaps v. Patheon Inc.*, No. 12-24356-CIV, 2016 WL 411017, at *3 (S.D. Fla. Feb. 2, 2016) ("Costs for hearing transcripts are also taxable."). When a hearing transcript is related to the

claims of the parties, it is deemed "necessarily for use in the case" under § 1920(2). *Ashkenazi v. S. Broward Hosp. Dist.*, No. 11-61403-CIV-COHN, 2014 WL 3673308, at *3 (S.D. Fla. July 23, 2014).

Additionally, "[t]axation of deposition costs is authorized by § 1920(2)." *U.S. E.E.O.C.*, 213 F.3d at 621. "If a deposition was taken by the non-prevailing party, the prevailing party may recover the costs associated with obtaining a copy of a deposition transcript." *Procaps*, 2016 WL 411017, at *3. "Transcripts are 'necessarily obtained for use in the case' where testimony was used in motions or needed for impeachment at trial, . . . or the deposition was necessary to the issues when taken, even if use of a deposition is minimal or not critical to that party's ultimate success." *Id.*; *see also Vasconcelo v. Miami Auto Max*, No. 17-21765-CV, 2018 WL 5020486, at *4 (S.D. Fla. July 6, 2018), *report and recommendation adopted sub nom. Vasconcelo v. Miami Auto Max, Inc.*, No. 17-21765-CIV, 2019 WL 275946 (S.D. Fla. Jan. 22, 2019). The authorization to recover costs "for all or any part of the stenographic transcript necessarily obtained for use in the case" includes costs for "printed or electronically recorded transcripts necessarily for use in the case." *DuChateau v. Camp Dresser & McKee, Inc.*, No. 10-60712-CIV, 2012 WL 1069166, at *2 (S.D. Fla. Mar. 29, 2012). Importantly, the non-prevailing party bears the burden of showing that specific deposition costs are not necessary for use in the case. *Procaps*, 2016 WL 411017, at *2.

Amazon "necessarily obtained for use" each of the deposition transcripts in this case. *See U.S. E.E.O.C.*, 213 F.3d at 621; *see also Joseph*, 950 F. Supp. 2d at 1258 ("[A] deposition taken within the proper bounds of discovery will normally be deemed to be 'necessarily obtained for use in the case' and its costs will be taxed unless the opposing party interposes a specific objection that the deposition was improperly taken or unduly prolonged."). Depositions taken by the defendant of the plaintiff, or to support of their motion for summary judgment are taxable under §

5

1920(2). *Joseph*, 950 F. Supp. 2d at 1258.  Even where a deposition is not ultimately used as part of a prevailing party's case at trial or request for summary judgment, the court has held that the costs of the deposition are taxable under § 1920 where no evidence shows that the deposition was unrelated to an issue in the case at the time it was taken." *U.S. E.E.O.C.*, 213 F.3d at 622.

Amazon incurred costs because of obtaining deposition transcripts for the following individuals: Elizabeth Baicy; Fan Jin; Anthony Martinelli, Nathaniel Fuller, Sundeep Gupta, Raul Plaza, Rodrigo Franco, Malachy Moynihan, Neil Lindsay, Ferdinand Toro, Fabio Vasco, Charlotte Maines, Kinley Pearsall, Linda Williams, Estefano Isaias, Amitabh Singh, Kevin Keith, Dan Sarel, Patrick Gannon, Peter Lehman, Jesse David, and Thomas Maronick. Ex. 1 at 2–6.

Notably, six deposition transcripts – Ferdinand Toro, Estefano Isaias, Rodrigo Franco, Linda Williams, Jesse David – were used by Amazon when Amazon successfully moved for summary judgment to dismiss Wreal's claims. *See* ECF No. 206-1 (Bageant Decl.); *see also U.S. E.E.O.C.*, 213 F.3d at 621 ("A district court may tax costs associated with the depositions submitted by the parties in support of their summary judgment motions.").

The remainder of the depositions were taken within the proper bounds of discovery and "related to an issue that was present in the case at the time the deposition was taken." *Rocket Real Estate, LLC v. Maestres*, No. 15-62488-CIV, 2016 WL 11503949, at *3 (S.D. Fla. Nov. 29, 2016), *report and recommendation adopted*, No. 15-62488-CIV, 2016 WL 11503948 (S.D. Fla. Dec. 20, 2016) ("The costs of depositions are taxable if the testimony sought was related to an issue that was present in the case at the time the deposition was taken . . . fees for printed or electronically recorded transcripts necessarily obtained for use in the case are taxable."). Accordingly, this Court should tax Wreal for Amazon's costs for hearing and deposition transcripts.

     c. *Fees and Disbursements for Printing (Black and White Prints) – 28 U.S.C. § 1920(3)*

Section § 1920(3) authorizes the taxation of costs for "[f]ees and disbursements for printing." 28 U.S.C. § 1920(3). Amazon incurred costs by printing black and white and color documents that were necessarily obtained for this case. Specifically, Amazon incurred the following costs for printing:

- Black and white prints: $2,303.60
- Color prints: $2,685.00

Ex. 1.

Amazon was required to print materials in this case that related to either discovery, pleadings, depositions, or hearings that occurred. Amazon has also provided an itemized chart that shows its printing costs incurred throughout this litigation that commenced over five years ago. Ex. 1. The charts that Amazon provided break down its print costs by providing the number of pages that it printed and the monetary rate that it paid per page. Amazon paid $0.10 per page for black and white printing, which is reasonable. *See Procaps*, 2016 WL 411017, at *6 ("Rates between $0.10 and $0.25 per page are recoverable."). Additionally, Amazon paid a reasonable rate of $1.00 per page for color printing. *See id.* ("Color copying rates as high as $1.25 per page are reasonable."). Thus, this Court should allow Amazon to recover its printing costs and tax them to Wreal. *See Gorczyca v. MSC Cruises*, S.A., No. 15-61734-CIV, 2016 WL 10879388, at *3 (S.D. Fla. Dec. 15, 2016) (concluding that the defendant may recover its printing costs after the defendant attached "an exhibit breaking down its printing costs" including the number of pages it printed per month with the monetary cost per page).

> d. *Fees for the Costs of Making Copies of Any Materials Where the Copies are Necessarily Obtained for Use – 28 U.S.C. § 1920(4)*

Amazon additionally seeks to recover costs under § 1920(4) for photocopying costs. 28 U.S.C. § 1920(4). Amazon has incurred $9,360.91 in costs when making necessary black and white and color photocopies for this case. Amazon sustained the following costs for making photocopies:

- Black and white photocopies: $292.10
- Color photocopies: $186.00
- Outside photocopy services: $7,528.43

Ex. 1.

"Photocopying is a taxable cost pursuant to 28 U.S.C. § 1920(4)." *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 651 (S.D. Fla. 2007). "Copies of documents used for the purposes of discovery" and "costs of copies of pleadings, correspondence, documents tendered to the opposing party and documents prepared for the court's consideration are recoverable." *Procaps*, 2016 WL 411017, at *6. Amazon is not required to provide specific explanations for "the need for, or use of, each particular copy." *Barrera v. Weiss & Woolrich S.*, 900 F. Supp. 2d 1328, 1334 (S.D. Fla. 2012); *Bourne v. Sch. Bd. of Broward Cty.*, No. 10-60942-CIV, 2012 WL 12894236, at *3 (S.D. Fla. May 9, 2012) (taxing costs for copies when the defendant only stated in a reply brief that the costs "were related to discovery" and included the length, date and time of when the copy was made). A specific explanation of the need for and use of each of the particular copies is not required when trying to recover costs for photocopies because "that would make it impossible economically to recover those expenses." *Bourne*, 2012 WL 12894236, at *3.

The photocopies in this case were related to court pleadings, discovery, or preparation for hearings in this case. *Barrera*, 900 F. Supp. 2d at 1334 (concluding that it is not required for the defendants to "specifically explain[] the need for, or use of, each particular copy"). Amazon paid

8

$0.10 per page for each black and white copy, and $1.00 per page for each color copy, which is reasonable. *See Procaps*, 2016 WL 411017, at *6 ("Rates between $0.10 and $0.25 per page are recoverable. . . . [c]olor copying rates as high as $1.25 per page are reasonable."). Thus, all of Amazon's costs for photocopies should be taxed against Wreal.

> e. *Compensation of Interpreters, and Salaries, Fees, Expenses, and Costs of Special Interpretation Services – 28 U.S.C. § 1920(6)*

28 U.S.C. § 1920 provides that the court may tax as costs "[c]ompensation for court appointed experts, compensation of interpreters . . . salaries, fees, expenses, and costs of special interpretation services . . . ." 28 U.S.C. § 1920(6). *Quinto v. Universal Parking of Fla., LLC*, No. 15-21055-CIV, 2016 WL 8740232, at *3 (S.D. Fla. June 10, 2016), *report and recommendation adopted*, No. 15-21055-CV, 2016 WL 8739322 (S.D. Fla. June 30, 2016) ("28 U.S.C. § 1920 clearly provides that the court may tax costs of special interpretation services.").

Amazon incurred costs for Spanish interpretation services for a deposition taken of Wreal's Fabio Vasco on May 22, 2015. Wreal should be taxed for these interpreting services under § 1920(6) for the cost of the services, which is $650.00. Ex. 1.

> f. *Interest*

Amazon further seeks interest pursuant to 28 U.S.C. § 1961 on the total costs taxed against Wreal. "When a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment." *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1052 (11th Cir. 1994). Amazon as the prevailing party is statutorily entitled to post-judgment interest and § 1961 determines that the post-judgment interest rate is calculated "from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding" the date of final judgment. 28 U.S.C. § 1961(a); *see also Monelus v.*

*Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1339 (S.D. Fla. 2009). Accordingly, the interest rate for Amazon's award of costs should be at 1.95% and should be applied to the costs taxed against Wreal.[3]

Dated: August 23, 2019         Respectfully submitted,

By:   /s/Jamie Z. Isani
Jamie Zysk Isani
Florida Bar No. 728861
jisani@HuntonAK.com
HUNTON ANDREWS KURTH LLP
1111 Brickell Avenue, Suite 2500
Miami, Florida  33131
Telephone: (305) 810-2500
Facsimile: (305) 810-1675

Justin A. Nelson *(pro hac vice)*
jnelson@susmangodfrey.com
Armstead Lewis *(pro hac vice)*
alewis@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile:  (713) 654-6566

Drew D. Hansen *(pro hac vice)*
dhansen@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Ave, Suite 3800
Seattle, Washington 98101
Telephone: (206) 516-3880
Facsimile:  (206) 516-3883

***Counsel for Defendant Amazon.com***

---

[3] *See* Ex. 2; *see also* Board of Governors of the Federal Reserve System, https://www.federalreserve.gov/datadownload/Chart.aspx?rel=H15&series=bf17364827e3870242a58cf8eaa3f78&lastobs=&from=&to=&filetype=csv&label=include&layout=seriescolumn&type=package&pp=Download.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), counsel for Amazon and WREAL have conferred. Wreal has agreed that the translation costs sought by Amazon are taxable under 28 U.S.C. § 1920. Wreal opposes, at least in part, the other categories of taxable costs that Amazon is seeking under § 1920.

/s/Jamie Z. Isani
Jamie Zysk Isani

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 23, 2019, a true and correct copy of the foregoing was served by transmission of Notice of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below.

/s/Jamie Z. Isani
Jamie Zysk Isani

## SERVICE LIST

Carlos Nunez-Vivas
can@wnflaw.com
Daniel Foodman
df@wnflaw.com
John G. Marfoe
jgm@wnflaw.com
WNF Law, P.L. - Waserstein Nunez & Foodman
1111 Brickell Avenue, Suite 2200
Miami, Florida 33131
Tel.: (305) 760-8500
Fax: (305) 760-8510
*Attorneys for Plaintiff WREAL, LLC*