UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 14-CV-21385-LENARD/GOODMAN

WREAL, LLC, a Florida Limited
Liability Company,

    Plaintiff,

vs.

AMAZON.COM, INC., a Delaware
Corporation,

    Defendant.
_____/

## WREAL'S OPPOSITION TO AMAZON'S BILL OF COSTS

Plaintiff, Wreal, LLC ("Wreal"), by and through counsel, respectfully submits this opposition to Defendant, Amazon.com, Inc. ("Amazon") Bill of Costs. As explained below, Amazon's Bill should be significantly reduced because it seeks non-taxable costs incurred for convenience of counsel, made an excessive and unnecessary number of photocopies and color prints, and failed to show the necessity of its exorbitant costs.

### I.    Background

On July 26, 2019, the Court granted summary judgment in favor of Amazon. On August 23, 2019, Amazon filed a Bill of Costs (the "Bill") pursuant to Local Rule 7.3, Rule 54(d) of the Federal Rules of Civil Procedure, and 28 U.S.C. §§ 1920, 1924. Amazon seeks to tax $63,764.42 in costs against Wreal; however, $32,462.78 are not taxable under the statute.

### II.    Legal Standard

Federal Rule of Civil Procedure 54(d) provides that a prevailing party is entitled to costs other than attorney's fees unless a statute or the court otherwise directs. Fed. R. Civ. P. 54(d).

The power granted to the courts under Rule 54(d) is enumerated in 28 U.S.C. § 1920. Section 1920 of Title 28 allows courts to award certain taxable costs such as fees for the clerk and marshal, fees for printed or electronically recorded transcripts necessarily obtained for use in this case, disbursements for printing and witnesses, docket fees, and costs of making copies of any materials where the copies are necessarily obtained for use in the case. 28 U.S.C. § 1920.

Amazon goes well beyond what the statute authorizes, and indeed requests what has been explicitly denied by other courts in this circuit by seeking unnecessary costs incurred for the convenience of counsel.

For example, Amazon requests non-taxable costs associated with filing fees for *pro hac vice* applications, costs for deposition videos and other services unnecessarily obtained, printing and copying costs lacking supporting documentation and proof of necessity. *See Eagle Ins. Co. v. Johnson*, 982 F. Supp. 1456, 1459-60 (M.D. Ala. 1997), aff'd, 162 F.3d 98 (11th Cir. 1998) (holding that *pro hac vice* fees are not taxable); *Spatz v. Microtel Inns & Suites Franchising, Inc.*, No. 11-60509-CIV, 2012 WL 1587663, at *6 (S.D. Fla. May 4, 2012) (explaining that depositions unnecessarily obtained are not taxable); *People for Ethical Treatment of Animals, Inc. v. Miami Seaquarium & Festival Fun Parks, LLC*, No. 15-22692-CIV, 2017 WL 7513237, at *6 (S.D. Fla. May 31, 2017) (denying the recovery of printing costs due to lack of documentation and necessity); *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 1328, 1340–41 (M.D. Fla. 2002) (denying all photocopying costs for failure to sufficiently describe which photocopies obtained were necessarily used in the case).

As detailed further below, the Court should deny Amazon all its non-taxable costs.

### III.     Arguments and Authorities

A. <u>The Court Should Deny Amazon's Costs Associated with the Filing Fees for *Pro Hac Vice* Applications.</u>

Amazon seeks a total of $375.00 in costs associated with the filing of five *pro hac vice* applications for counsel. Amazon correctly acknowledges that the Eleventh Circuit has not explicitly addressed whether these fees are recoverable. *See* ECF No. 383 at 3 citing *Daniel-Rivera v. Everglades Coll.*, No. 16-60044-CIV, 2017 WL 5197508, at *2 (S.D. Fla. June 6, 2017), *report and recommendation adopted*, No. 0:16-CV-60044-WPD, 2017 WL 5197510 (S.D. Fla. June 21, 2011).

Amazon's reliance on *Daniel-Rivera* is misplaced because that court held, along with its sister courts in this circuit, that *pro have vice* application fees are not recoverable. *Id.* at *6. Indeed, the *Daniel-Rivera* court agreed that a party "ought not to bear a cost resulting from [anothers'] choosing an out of state attorney to defend themselves when competent in-state attorneys were available." *Id. citing Exhibit Icons, LLC v. XP Companies, LLC,* 2009 WL 3877667 at *1 (S.D. Fla. Nov. 18, 2009).* And while the court explained the Eleventh Circuit hadn't explicitly published an opinion on point, the court noted that it had affirmed a district court's refusal to *tax pro hac vice* costs. *Id.* citing *Eagle* Ins., 162 F.3d at 98, affirming *Eagle Ins.*, 982 F. Supp. at 1456.

Amazon puts forth no reason for this Court to deviate from precedent from within this Circuit, particularly when, like in *Daniel Rivera*, Amazon "was represented by competent counsel from within the district as well as by out-of-district counsel." *Daniel-*Rivera, 2017 WL 5197508, at *2. Accordingly, Amazon's *pro hac vice* fees in the amount of **$375.00** should be denied by this court because they are not taxable.

B. <u>The Courts Should Reduce or Deny Costs for Deposition Transcripts Unnecessarily Obtained – 28 U.S.C. § 1920 (2).</u>

Amazon seeks reimbursement of $49,744.29 for costs associated with obtaining transcripts or videos of depositions, and transcripts of hearings. Taxation of such costs is authorized under Section 1920, when the transcripts were necessarily obtained for use in the case. *U.S.E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620-1 (11th Cir. 2000); 28 U.S.C. § 1920. Wreal does not object to Amazon obtaining stenographic transcripts of court hearings, depositions it took, or copies of stenographic copies of deposition transcripts Wreal took in this case. Wreal objects to all other transcript-related costs sought by Amazon, including unnecessary video copies of transcripts, and other costs incurred merely for the convenience of counsel.

As to video depositions, while the Eleventh Circuit has allowed the cost of videotaping depositions as taxable, with respect to obtaining the actual videotapes, the threshold for recovery is proof of necessity. *Castillo v. Teledyne Cont'l Motors, Inc.*, 08-21850-CV, 2011 WL 1343051, at *2 (S.D. Fla. Mar. 16, 2011), *report and recommendation adopted*, 08-21850-CIV, 2011 WL 1337232 (S.D. Fla. Apr. 7, 2011) (*emphasis added*). Indeed, the prevailing party must explain why it was necessary to obtain both regular transcripts and videotaped copies. *See Morrison v. Reichhold Chemicals, Inc.,* 97 F.3d 460, 465 (11th Cir. 1996) (noting that the prevailing party failed to explain why it was necessary to obtain video copies for use in the case); *see also Ferguson v. Bombardier Services, Corp.,* No. 8:03-CV-1380-T-30, 2007 WL 601921, at *3 (M.D. Fla. Feb. 21, 2007); *Perfect Web Techs., Inc. v. Infousa, Inc.,* No. 07–80286–Civ, 2009 WL 2407689, at *9 (S.D. Fla. Aug.4, 2009) (declining to award costs for videotaped depositions because the movant failed to explain why both stenographically transcribed and videotaped copies of the deposition

were necessary) (*citations omitted*); *Utopia Provider Systems, Inc. v. Pro–Med Clinical Systems, L.L.C.,* No. 07–60654–Civ, 2009 WL 1210998, at *3 (S.D. Fla. May 1, 2009) (*same*).

Amazon does not show proof of any need to obtain videotaped copies, particularly when this case never went to trial. In fact when this Court lifted the stay in place while Wreal's interlocutory appeal was under consideration by the Eleventh Circuit Court of Appeals, Amazon specifically asked the Court *not* to set a pretrial schedule in this case as it would be "inefficient." ECF 339 at 2. Thus, Amazon does not explain why it would need videotaped copies of depositions without any trial-date set, and the Court should not permit Amazon to recover unnecessary costs for failing to take "the more efficient course" it previously encouraged. *Id.*

In addition to unnecessary video-related fees, Amazon also seeks various additional transcript-related conveniences, such as condensed transcripts, mini-transcripts, ASCII versions, CDs and DVDs, expedited services, priority fees, and copies of exhibits and transcripts. Courts have explained these types of costs are for the convenience of counsel and not taxable. *Spatz*, 2012 WL 1587663, at *6; *see also Attea v. Univ. of Miami Miller Sch. of Med.,* No. 12-23933-CIV, 2015 WL 5921853, at *4 (S.D. Fla. Aug. 25, 2015), *report and recommendation adopted*, No. 12-23933-CIV, 2015 WL 5934607 (S.D. Fla. Sept. 11, 2015).

Likewise, court-reporter fees, costs for binders, tabs, technical labor and realtime expenses, are conveniences, and not taxable expenses. *Shire Dev., LLC v. Mylan Pharm., Inc.*, No. 8:12-CV-1190-T-36AEP, 2018 WL 6311472, at *5 (M.D. Fla. Nov. 9, 2018), *report and recommendation adopted in part,* No. 8:12-CV-1190-T-36AEP, 2018 WL 6304868 (M.D. Fla. Dec. 3, 2018) (citing *Faucette v. Nat'l Hockey League,* No. 8:04–cv–2185–T–24EAJ, 2006 U.S. Dist. LEXIS 49645, at *5) (M.D.Fla. July 19, 2006) (holding realtime expenses as non-taxable).

Amazon appears to have simply dumped every deposition-related invoice and demanded reimbursement for all costs, without explaining why many seemingly unnecessary conveniences should be taxable. Thus, Wreal objects to all of Amazon's expenses for video deposition transcripts (as opposed to merely stenographic copies), storage, and synchronization, expedited shipping and handling, and color exhibit fees, mini/condensed transcript, ASCII versions, and realtime expenses as they were merely for the convenience of counsel.

In order to ease the burden on the Court, Wreal is submitting an annotated version of Amazon's own chart where Amazon listed the invoices it expects to be paid in full. For each invoice, Wreal did what Amazon failed to do, and deducted costs that are non-taxable. *See* Exhibit 1, Column 6. Accordingly, Wreal requests that **$17,738.27** be reduced from Amazon's request for reimbursement associated with these fees.

C. <u>The Court Should Deny Amazon's Printing Costs 28 U.S.C. § 1920 (3).</u>

Amazon seeks to recover $4,988.60 in printing costs and tax them. Section 1920(3) authorizes the taxation for fees and disbursements for printing. 28 U.S.C. § 1920(3). The prevailing party has the burden of showing supporting documentation for its printing costs in order for the Court to evaluate these costs. *People for Ethical Treatment of Animals, Inc.*, 2017 WL 7513237, at *6 (denying the recovery of printing costs not supported by "backup documentation"). If such documentation is shown, then the costs are recoverable if the copies were "necessarily obtained for use in the case." *See Patsalides v. City of Fort Pierce*, No. 15-14431-CIV, 2017 WL 10402989, at *8 (S.D. Fla. Sept. 20, 2017), *report and recommendation adopted*, No. 15-14431-CIV, 2017 WL 10402991 (S.D. Fla. Nov. 22, 2017).

Amazon has failed to provide any supporting documents in regard to either its black and white or color printing materials. Amazon has failed to indicate the use of the printed documents

or whether they were necessary for the use in the case. For example, on page 11 of Amazon's Exhibit 1, it provides a chart stating "color print charges" as the description of the prints. This is vague and the only verification of what the documents were used for is a single sentence in its Memorandum in Support, stating that the print materials were "related to either discovery, pleadings, depositions, or hearings that occurred."

It is impossible for the Court, Wreal or anyone else to evaluate such costs. And indeed, it is difficult to imagine why, for example, Amazon had to generate 1,298 color prints on May 3, 2016, when this case was stayed from February 2016 to November 2016, and the only issue really involving color in this case was the relative colors of the marks themselves. ECF Nos. 336, 340. Indeed, Amazon has failed to provide any support for its use of $2,600+ in color prints.

Amazon should be denied the recovery of **$4,988.60** for its printing costs based on the vague itemized chart and lack of supporting documents.

D. <u>The Court Should Reduce or Deny Amazon's Copying Costs 28 U.S.C. § 1920 (4).</u>

Amazon is also seeking to recover fees associated with photocopying costs in the amount of $9,360.91. Again, Amazon goes well-beyond what is recoverable by statute, and tries to recover non-taxable costs for the convenience of counsel, not those necessarily used in the case. 28 U.S.C. § 1920(4). To that end, Amazon provides no useful description of its photocopying costs - perhaps because it believes it doesn't have to. In its Memorandum in Support, Amazon misstates the standard by declaring it is "not required to provide specific explanations for the need for, or use of, each particular copy…" and calling it a day. ECF No. 383 at 8 citing *Barrera v. Weiss & Woolrich* S., 900 F. Supp. 2d 1328, 1334 (S.D. Fla. 2012).

Amazon does not have to go through page-by-page, of course, but it must "do more than direct the Court to a hundred of pages of invoices and leave it to determine whether those costs are

necessary." *A.T.O. Golden Constr. Corp. v. Allied World Ins. Co.*, 17-24223-CIV, 2019 WL 2245507, at *4 (S.D. Fla. Apr. 17, 2019) (denying recovery because the prevailing party failed "(1) to describe any categories of documents, (2) why those copies are necessary, or (3) the prices per page that are attributable to the internal photocopies versus the external copies"); *see also*, *Scelta*, 203 F. Supp. 2d at 1340–41 (denying all photocopying costs because prevailing party failed to sufficiently describe which photocopies obtained were necessarily used in the case); *Cullens v. Georgia Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994) (holding that the lower court did not err in disallowing photocopying costs due to failure to present required evidence regarding the documents copied, including their use or intended use).

Amazon fails to sufficiently describe the categories of documents copied and why such copies were necessary. There is no indication as to the necessity of such a large number of copies, especially the colored copies, when, again, the only issue in this case involving color was the slight differences in the ways the parties presented Wreal's mark.

Like *Scelta*, where any description of the nature or purpose of the photocopying was "conspicuously missing" from the billing records, Amazon failed to provide such information. *Scelta*, 203 F. Supp. 2d at 1341. Although some documents provide an unclear description, the Court should deny all costs because Amazon failed to explain the necessity of those photocopies.

Amazon should be denied the recovery of **$9,360.91**, or in the alternative reduced the recovery, for its copying costs because due to failure to sufficiently describe the necessity or use for such photocopies.

### IV. Conclusion

For all of the foregoing reasons, Wreal respectfully request that Amazon's Bill of Costs be reduced by **$32,462.78**.

CASE NO.: 14-cv-21385/Lenard/Goodman

Dated: September 6, 2019.

                                WNF LAW, P.L.
                                *Attorneys for WREAL, LLC*
                                1111 Brickell Avenue Suite 2200
                                Miami, Florida 33131
                                Phone: (305) 760-8500 / Fax: (305) 760-8510

                                By:   /s/  John G. Marfoe
                                      Carlos Nunez-Vivas (FL. Bar No.: 128181)
                                      can@wnflaw.com
                                      Daniel Foodman (FL. Bar No.: 337160)
                                      df@wnflaw.com
                                      John G. Marfoe (FL. Bar No.: 101535)
                                      jgm@wnflaw.com

CASE NO.: 14-cv-21385/Lenard/Goodman

## **CERTIFICATE OF SERVICE**

I certify that on September 6, 2019, this document was served by the Court's CM/ECF filing system and E-mail upon the following:

| | |
|---|---|
| Justin A. Nelson, Esq.<br>Drew D. Hansen, Esq.<br>*Co-counsel for Appellee*<br>Susman Godfrey L.L.P.<br>1201 Third Avenue<br>Suite 3800<br>Seattle, WA 98101<br>Tel. 206-516-3880<br>Fax 206-516-3883<br>jnelson@susmangodfrey.com<br>dhansen@susmangodfrey.com | Jamie Z. Isani, Esq.<br>*Co-counsel for Appellee*<br>Hunton Andrews Kurth L.L.P<br>1111 Brickell Avenue<br>Suite 2500<br>Miami, FL 33131<br>Tel. 305-810-2500<br>Fax 305-810-2460<br>jisani@hunton.com |
| Justin A. Nelson, Esq.<br>Armstead Lewis, Esq.<br>Co-counsel for Appellee<br>Susman Godfrey L.L.P<br>1000 Louisiana Street<br>Suite 5100<br>Houston, TX 77002<br>Tel. 713-653-7806<br>jnelson@susmangodfrey.com<br>alewis@susmangodfrey.com | |