UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-21385-CIV-LENARD/GOODMAN

WREAL, LLC,

      Plaintiff,

v.

AMAZON.COM, INC.,

      Defendant.

_____/

## REPORT AND RECOMMENDATIONS ON DEFENDANT'S MOTION FOR BILL OF COSTS

In this trademark-infringement case, Plaintiff Wreal, LLC sued Defendant Amazon.com, Inc., alleging that Amazon's Fire TV product launch infringed on Wreal's FyreTV and FyreTV.com trademarks, which Wreal uses to identify its hardcore pornography services. Alleging that consumers would mistakenly believe that Amazon (the junior user) is the source, affiliate, or sponsor of Wreal's (the senior user) FyreTV services, Wreal initiated this suit against Amazon. [ECF No. 1].

After United States District Judge Joan A. Lenard referred Amazon's Motion for Summary Judgment [ECF Nos. 205; 224; 341], the Undersigned entered a Report and Recommendations recommending that the District Court grant summary judgment in favor of Amazon [ECF No. 378]. On July 26, 2019, the District Court adopted the Report

and Recommendations, granting summary judgment in favor of Amazon, and dismissing Wreal's claims for trademark infringement under the Lanham Act and Florida law. [ECF No. 381]. On the same day, the District Court entered Final Judgment in favor of Amazon. [ECF No. 382].

On August 23, 2019, Amazon filed its Motion for Bill of Costs and Supporting Memorandum of Law, seeking $63,764.42 in allegedly taxable costs comprised of fees of the Clerk, fees for printed or electronically recorded transcripts, fees for black and white printing, fees for color printing, fees for the cost of black and white copying, fees for the cost of color copying, fees for necessary copies (outside of photocopy services), fees for interpreter services, and a 1.95% interest applied to total costs. [ECF No. 383].

On September 6, 2019, Wreal filed its Opposition to Amazon's Bill of Costs, arguing that Amazon's Bill of Costs should be significantly reduced by $32,462.78 (leaving Amazon with $32,656.02 in costs) because Amazon seeks non-taxable *pro hac vice* costs, deposition transcript costs incurred for the convenience of counsel, fees for excessive and unnecessary prints and photocopies, and because it fails to show the necessity of the printing and copying costs. [ECF No. 393]. Amazon filed its Reply in Opposition to Wreal's Response on September 13, 2019. [ECF No. 396].

For the reasons stated below, the Undersigned **respectfully recommends** that the District Court **grant in part** and **deny in part** Amazon's motion for bill of costs and award Amazon **$43,497.34** in taxable costs ($20,267.08 less than the requested amount) with a

post-judgment interest rate of 1.95% applied.

## I.     Legal Standard

Absent a federal statute, civil procedure rule, or order to the contrary, a prevailing party is entitled to an award of its costs. Fed. R. Civ. P. 54(d)(1). The prevailing party must file a bill of costs, adhering to the guidelines outlined in Local Rule 7.3(c), which specifically references 28 U.S.C. § 1920. Under § 1920, the following costs are taxable against the losing party:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Although a prevailing party is entitled to taxable costs, the court can still exercise discretion in awarding the costs that § 1920 enumerates. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). When challenging whether costs are taxable, "the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009) (internal citations omitted). Nevertheless, the court is still limited to taxing only those

costs specifically authorized by statute. *E.E.O.C v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co.*, 482 U.S. at 445).

## II.   Analysis

As the prevailing party in this case, Amazon is requesting that the Court award it costs under 28 U.S.C. § 1920; *see, e.g., Katz v. Chevaldina,* 127 F. Supp. 3d 1285, 1292 (S.D. Fla. 2015) ("Upon granting Defendant's motion for summary judgment, judgment was entered in favor of Defendant on all counts. Thus, Defendant is the prevailing party in this action and is entitled to costs under Fed. R. Civ. P. 54(d)."); *Powell v. Carey Int'l, Inc.*, 548 F. Supp. 2d 1351, 1355 (S.D. Fla. 2008) (citing *Fireman's Fund Ins. Co. v. Tropical Shipping and Constr. Co., Ltd.*, 254 F.3d 987, 1012 (11th Cir. 2001)) ("The Eleventh Circuit consistently supports shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced.").

Amazon seeks the following costs that it alleges are taxable: (1) fees of the clerk for five *pro hac vice* applications for counsel, totaling $375; (2) fees for printed or electronically recorded transcripts, totaling $49,744.29; (3) fees and disbursements for black and white printing, totaling $2,303.60; (4) fees and disbursements for color printing, totaling $2,685; (5) fees for the costs of necessary black and white copies, totaling $292.10; (6) fees for the costs of making copies of necessary color copies, totaling $186; (7) fees for the costs of making copies of necessary "outside photocopy services," totaling $7,528.43; (8) interpreters and special interpretation services, totaling $650; and (9) 1.95% interest

4

applied to the total costs. [ECF No. 383-1, pp. 2-3].

In its opposition, Wreal argues that the following requested fees are non-taxable and should not be awarded to Amazon: (1) fees for *pro hac vice* applications ($375); (2) deposition transcript expenses for video transcripts, storage and synchronization, expedited shipping and handling, color exhibits, mini/condensed transcripts, ASCII versions, and realtime expenses ($17,738.27); (3) costs for printing ($4,988.60); and (4) costs for copying ($9,360.91). [ECF No. 393, pp. 3-8].

The Undersigned will discuss each of the categories of requested costs below, on an item-by-item basis:

1.   ***Pro Hac Vice* Application Costs**

First, Amazon seeks reimbursement in the amount of $375 for *pro hac vice* filing fees for five attorneys ($75 fee for each attorney). Since "fees of the clerk and marshal" are permissible under 28 U.S.C. § 1920(1), Amazon argues that the *pro hac vice* fees are taxable. [ECF No. 383-1, p. 3].

In response, Wreal contends that the Court should disallow the fees for the *pro hac vice* filings since a party "ought not to bear a cost resulting from [anothers'] choosing an out of state attorney to defend themselves when competent in-state attorneys were available." [ECF No. 393, p. 3]; *Exhibit Icons, LLC v. XP Companies, LLC*, No. 07-80824-CIV, 2009 WL 3877667, at *1 (S.D. Fla. Nov. 18, 2009). Amazon argues that the *pro hac vice* filing

fees should be recovered because Wreal selected the forum and compelled Amazon to defend itself in Florida. [ECF No. 383-1, p. 4].

For the denial of these fees, Wreal cites *Eagle Ins. Co. v. Johnson*, 982 F.Supp. 1456, 1459-60 (M.D. Ala. 1997), *aff'd*, 162 F.3d 98 (11th Cir. 1998), where the Eleventh Circuit affirmed the denial of the cost of *pro hac vice* applications on the ground that it was not a statutory fee. Additionally, Wreal also relies on *Exhibit Icons, LLC*, where the court followed *Johnson* in determining that "the *pro hac vice* fee[s] [are] an expense of counsel, not the client, and is thus not properly recoverable under 28 U.S.C. § 1920 as fees of the clerk." 2009 WL 3877667, at *1. The *Exhibit Icons* Court further explained that the plaintiff "ought not to bear a cost resulting from the Defendants choosing an out of state attorney to defend themselves when competent in-state attorneys were available." *Id.*

The Undersigned is persuaded by the reasoning in *Johnson* and *Exhibit Icons*, where the courts determined that *pro hac vice* fees are <u>not</u> recoverable under Section 1920. The Undersigned **respectfully recommends** that the District Court **deny** the requested $375 *pro hac vice* filing fees.

### 2.    Deposition Transcript Costs

Amazon seeks $49,744.29 for the deposition transcript costs for 22 deponents. [ECF No. 383-1, pp. 4-6]. In its motion, Amazon states that these depositions were "necessarily obtained for use in this case" and are taxable costs. [ECF No. 383-1, p. 5]. Six of the depositions were used in support of Amazon's summary judgment motion. [ECF No. 383-

1, p. 6].

"The taxation of deposition costs is authorized by § 1920(2)." *W&O, Inc.*, 213 F.3d at 620. The factual question of whether specific deposition and transcript costs are taxable depends on whether the deposition was "necessarily obtained for use in the case." *Id.* at 621; *see also Rodriguez v. Marble Care Int'l, Inc.*, 862 F. Supp. 2d 1316, 1320 (S.D. Fla. 2012). If a deposition cost was incurred merely for convenience, to aid in thorough preparation, or for purposes of investigation only, then the cost is not recoverable. *W&O, Inc.*, 213 F.3d at 620 (internal citations omitted); *see also Rodriguez v. M.I. Quality Lawn Maint., Inc.*, No. 10-21031-CIV, 2012 WL 664275, at *4 (S.D. Fla. Feb. 9, 2012). It is the losing party's burden to show that "specific deposition costs . . . [are] not necessary for use in the case[.]" *Monelus*, 609 F. Supp. 2d at 1337 (citing *W&O, Inc.*, 213 F.3d at 621).

In reviewing the history of this heavily contested, multi-year litigation, the Undersigned does not find this amount of depositions (22) to be unreasonable. However, after analyzing the deposition transcript invoice, the Undersigned finds that the requested $49,744.29 amount includes certain fees associated with the transcript costs, including expedited shipping and handling fees, condensing of the transcript into a "mini" transcript, ASCII versions, color exhibits, costs for tabs, and realtime expenses. [ECF No. 393, p. 5].

Wreal objects to these additional costs, arguing that where such extra services are only for the convenience of counsel, they are not reimbursable. [ECF No. 393, pp. 4-6]; *see,*

7

*e.g., Johnson v. Communs. Supply Corp.*, No. 05-60510-CIV, 2006 WL 3709620, at *2 (S.D. Fla. Dec. 14, 2006) ("[C]onsistent with the weight of authority, the cost of [mini] transcripts is not recoverable."); *Goodwall Const. Co. v. Beers Const. Co.*, 824 F. Supp. 1044, 1066 (N.D. Ga. 1992) ("[W]here the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable."); *Suarez v. Tremont Towing, Inc.*, No. 07-21430-CIV, 2008 WL 2955123, at *3 (S.D. Fla. Aug. 1, 2008) (denying courier handling and delivery fees); *Spatz v. Microtel Inns & Suites Franchising, Inc.*, No. 11-60509-CIV, 2012 WL 1587663, at *6 (S.D. Fla. May 4, 2012) (internal citation omitted) (denying costs such as "mini-transcripts, CDs and DVDs, and shipping and handling" where "Defendants have not shown they incurred these costs for any reason other than counsel's convenience"); *Shire Dev., LLC v. Mylan Pharm., Inc.*, No. 8:12-CV-1190-T-36AEP, 2018 WL 6311472, at *5 (M.D. Fla. Nov. 9, 2018) (finding that "expedited or condensed transcripts, scanning, CD litigation packages, summaries, shipping and handling, delivery costs, and express mail . . . court-reporter fees, shipment of depositions, costs for binders, tab, technical labor, and realtime expenses" are costs for convenience under § 1920); *Responsible Me, Inc. v. Evenflo Co., Inc.*, No. 06-61736, 2009 WL 528247, at *8 (S.D. Fla. Mar. 2, 2009) ("[M]ost courts have found that the costs for shipping, exhibit scanning, disk copies and mini-scripts are not taxable as costs."); *Waste Servs., Inc. v. Waste Mgmt. Inc.*, No. 6:05-cv-320, 2007 WL 1174116, at *4 (M.D. Fla. Apr. 18, 2007) (finding text to video synchronization not taxable); *Feinschreiber v. United States*, No. 01-

8

3628, 2002 WL 31084156, at *2 (S.D. Fla. Aug. 12, 2002) (denying recovery for ASCII draft transcripts and manuscripts).

Wreal argues that "Amazon appears to have simply dumped every deposition-related invoice and demanded reimbursement for all costs, without explaining why many seemingly unnecessary conveniences should be taxable." [ECF No. 393, p. 6].

A review of Amazon's charts of costs [ECF Nos. 383-3] and each of Amazon's submitted invoices [ECF No. 383-5] informs the discussion of whether the specific costs associated with each of the videotaped depositions are recoverable. The analysis is outlined below:

a.   *Costs of transcribing and videotaping the depositions*

Wreal contends that Amazon should not be permitted to recover the costs of videotaping the depositions since the case never made it to trial. [ECF No. 393, p. 5]. Nevertheless, "[t]he prevailing party may recover the costs of transcribing and videotaping a deposition under § 1920 if the notice of deposition indicated that the deposition would be recorded by stenographic and nonstenographic means, the opposing party did not object to the method of recordation prior to the deposition, and the prevailing party explains why it was necessary to obtain both a transcript and video recording of the deposition." *Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 465 (11th Cir. 1996).

Wreal argues that Amazon should not be permitted to obtain the cost of obtaining

the actual videotapes from the videotaped deposition. [ECF No. 393, p. 4]. Amazon contends that Wreal never objected to its notices of taking <u>videotaped</u> depositions and that the inherent purpose of a videotaped deposition is to be able to use the footage at trial. [ECF No. 396, p. 3].

Contrary to Wreal's position, a prevailing party **can** "recover the costs of transcribing and videotaping a deposition under § 1920 if the notice of deposition indicated that the deposition would be recorded by stenographic and nonstenographic means, the opposing party did not object to the method of recordation prior to the deposition, and the prevailing party explains why it was necessary to obtain both a transcript and video recording of the deposition." *Shire Dev., LLC v. Mylan Pharm., Inc.*, No. 8:12-CV-1190-T-36AEP, 2018 WL 6311472, at *4 (M.D. Fla. Nov. 9, 2018); *see also Bourne v. Sch. Bd. of Broward Cty.*, No. 10-60942-CIV, 2012 WL 12894236, at *2 (S.D. Fla. May 9, 2012) ("The depositions were noticed by the Defendant, who could not have presumed at that time that the case would not go to trial, when the video depositions might well have been utilized for the effect proposed in the reply. The Court is satisfied with the Defendant's explanation that the video depositions were necessarily obtained for use in the case, and not merely obtained for the convenience of counsel.").

Amazon's notices of deposition specifically mentioned that the depositions would be videotaped and Wreal never objected to the notices. [ECF No. 396, p. 3]. In fact, Wreal also titled each of its notices as "Notice of Taking Videotaped Deposition," eliminating

any doubt that defense counsel did not understand that strategy behind videotaping a deposition for the possibility of using the video at trial. *Id.*

Because the costs of videotaped depositions, including the costs of the transcripts and videos, are taxable, the Undersigned **recommends** that that the costs of the videotaped depositions should be **granted**.

### b.   ASCII versions, rough drafts, and condensed or "mini" transcripts

Courts routinely hold that the ASCII versions, rough drafts, and condensed or "mini" transcripts are for the convenience of counsel and should **not** be taxable costs. *See, e.g., Klayman v. Freedom's Watch, Inc.*, No. 07-22433-CIV-HUCK, 2008 WL 4194881, at \*7 (S.D. Fla. Sept. 12, 2008) ("The costs for ASCII disks, expedited shipping charges, CD's, electronic files, miniscript, VHS encoding, and videographer appearance fee are not recoverable."); *Feinschreiber*, 2002 WL 31084156, at \*2 ("The undersigned finds that the costs for ASCII and mini-u-script were incurred solely for the convenience of defense counsel and are thus unrecoverable."); *Selma Hous. Dev. Corp. v. Selma Hous. Auth.*, No. CV 04-0449-WS-B, 2005 WL 8158927, at \*5 (S.D. Ala. Oct. 24, 2005) (finding that ASCII versions or "minuscripts" are not recoverable because they are "unquestionably not necessary" and "epitomize costs merely incurred for convenience").[1]

---

[1]      The Court cited *Harkins v. Riverboat Services, Inc.*, 286 F. Supp. 2d 976, 980-81 (N.D. Ill. 2003) for the rule that "minuscripts" and other ancillary services concerning depositions are not recoverable.

Accordingly, the Undersigned **recommends** that Amazon's request for the costs of ASCII versions of transcripts, rough drafts, and "mini" transcripts be **denied**; a reduction of the requested costs in an amount totaling **$2,720.75**.

### c. *Video synchronization*

Wreal also argues that "synchronization" should be excluded from Amazon's claimed costs because it is "merely for the convenience of counsel." [ECF No. 393, p. 6]. With regard to video synchronization, "video synchronization fees may [ ] be awarded where they help the jury and the Court and conserve time." *Procaps v. Patheon Inc.*, No. 12-24356-CIV, 2016 WL 411017, at *3 (S.D. Fla. Feb. 2, 2016) (citing *Frasca v. NCL (Bahamas) Ltd.*, No. 12-20662, 2014 WL 4206697, at *5 (S.D. Fla. Aug. 25, 2014)).

With the potential for trial looming in this case, video synchronization would help the Court run the trial in an efficient manner if the case made it to that point. Synchronization is "critical" in "assist[ing] the Court in ruling on the parties' designations of the exact excerpts to be played." *Cordell Consultant, Inc. v. Abbott*, No. 11-80416-CIV, 2017 WL 8794778, at *7 (S.D. Fla. Dec. 15, 2017), *report and recommendation adopted*, No. 9:11-CV-80416, 2018 WL 1795450 (S.D. Fla. Jan. 31, 2018). "Even though this case did not go to trial and therefore the video synchronization was not used by the Court, . . . it seems reasonable to allow these costs." *Id.*

Accordingly, the Undersigned **recommends** that the video synchronization costs be **granted**.

### d. *Express or expedited shipping and handling costs*

Amazon's deposition transcript invoices contain expedited shipping and handling costs. Wreal argues that "expedited shipping and handling" should be excluded from Amazon's recovery of costs. [ECF No. 393, p. 6].

Courts regularly find that expedited shipping or delivery fees are **not** recoverable. *See, e.g.*, *Klayman*, 2008 WL 4194881, at *7 ("The costs for . . . expedited shipping charges . . . are not recoverable."); *Responsible Me, Inc.*, 2009 WL 528247, at *8 ("With regard to the additional charges included in the five deposition transcripts, most courts have found that the costs for shipping, exhibit scanning, disk copies and mini-scripts are not taxable as costs."); *Spatz*, 2012 WL 1587663, at *6 ("Defendants seek reimbursement for miscellaneous costs associated with the four transcribed depositions, including mini-transcripts, CDs and DVDs, and shipping and handling. . . The costs of such additional services, when incurred solely for the convenience of counsel, are not reimbursable."); *Shire Dev., LLC*, 2018 WL 6311472, at *5 ("Costs for convenience under § 1920 include . . . shipping and handling, delivery costs, and express mail . . . shipment of depositions . . . which are incurred for the convenience and not necessity of counsel, are not taxable.").

While Amazon generally argues that the expedited costs were incurred because of "extreme deadline pressure" [ECF No. 396, p. 4], Amazon has not presented sufficient evidence demonstrating that several of its deposition transcripts were needed on an expedited basis.

13

The Undersigned is not convinced that the expedited delivery fees were truly necessary and **recommends** that expedited shipping and handling fees be **denied;** a reduction of the requested costs in an amount totaling **$378.64**.

### e.   *Realtime expenses*

Wreal argues that Amazon should not be entitled to reimbursement for realtime costs. [ECF No. 393, p. 6]. In its reply, Amazon does not explain why the realtime costs listed on the transcript invoices were necessary.

Courts have found that realtime expenses are **not** recoverable since they are for the convenience of counsel. *See, e.g., Shire Dev., LLC*, 2018 WL 6311472, at *5 (finding that "realtime expenses, which are incurred for the convenience and not necessity of counsel, are not taxable"); *Lehman Bros. Holdings v. Hirota*, No. 8:06-CV-2030-T-24MSS, 2010 WL 3043653, at *4 (M.D. Fla. July 30, 2010) ("[C]osts incurred for the convenience of counsel, such as for realtime, are not taxable.").

Accordingly, the Undersigned **recommends** that the realtime expenses be **denied**; a reduction of the requested costs in an amount totaling **$4,806.80**.

### f.   *Color exhibits and tabbing fees*

Wreal argues that the costs of color exhibits on the deposition transcript invoices should be excluded from recoverable costs because they were "merely for the convenience of counsel." [ECF No. 393, p. 6]. The invoices also show charges for exhibit tabs. [ECF No. 383-5]. In its reply, Amazon does not provide a compelling reason to

support the recovery of color exhibits or tabs from the deposition transcripts. Amazon vaguely notes that color copies for the deposition transcripts were necessary because of "extreme deadline pressure" and to help counsel "better prepare their case" [ECF No. 396, p. 4]; however, the Undersigned does not see how deadline pressure necessitates color or tabbed exhibits. Indeed, extra expenses such as tabbed or color exhibits have been found to be "for the convenience of counsel." *See Marler v. U-Store-It Mini Warehouse Co.*, No. 09-60613-CIV, 2011 WL 13174437, at *4 (S.D. Fla. May 26, 2011), *report and recommendation adopted*, No. 09-60613-CV, 2011 WL 13174767 (S.D. Fla. July 5, 2011).

Amazon has not met its burden in providing sufficient detail to justify the costs related to the color and tabbed deposition exhibits, and the Undersigned is unable to determine whether the fees were for the convenience of counsel. In the absence of a cogent explanation from Amazon in support of their request for color and tabbed deposition exhibits, the Undersigned **recommends** that costs for color and tabbed deposition exhibits be **denied**; a reduction of the requested costs in an amount totaling **$718.88**.

### g. *Litigation packages costs*

Several of the invoices for the deposition transcripts also list "Litigation Package" as a fee, which Amazon is requesting from Wreal. [ECF No. 383-5]. "The party seeking costs must provide sufficient detail and documentation regarding the requested costs so the opposing party may challenge the costs and the court may conduct a meaningful review of the costs." *Johnston v. Borders*, No. 615CV936ORL40DCI, 2017 WL 1968352, at

*5 (M.D. Fla. Apr. 24, 2017), *report and recommendation adopted*, No. 615CV936ORL40DCI, 2017 WL 1957278 (M.D. Fla. May 11, 2017) (citing *Lee v. Am. Eagle Airlines, Inc.*, 93 F. Supp. 2d 1322, 1335-36 (S.D. Fla. 2000)). "Failure to provide sufficient detail or supporting documentation verifying the costs incurred and the services rendered can be grounds for denial of costs." *Id.* As previously stated, "where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *W&O Inc.*, 213 F.3d at 620.

Amazon has not met its burden in providing sufficient detail to justify the costs related to the "Litigation Package" fees, and the Undersigned is unable to determine whether the fees were for the convenience of counsel. Accordingly, the Undersigned **recommends** that Litigation Package fees be **denied**; a reduction of the requested costs in an amount totaling **$565.50**.

### h.  *Cloud storage costs*

Wreal argues that the cloud or storage costs delineated on Amazon's deposition transcript invoices should not be recoverable because they were "merely for the convenience of counsel." [ECF No. 393, p. 6]; *see Garden-Aire Vill. S. Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 10-61985-CIV, 2013 WL 12086655, at *2 (S.D. Fla. June 13, 2013) (finding storage costs to be non-recoverable) (citing *Klayman*, 2008 WL 4194881, at *5-6 (denying requested storage costs)).

In its reply, Amazon does not address Wreal's argument regarding cloud storage costs for the deposition transcripts. With the printed and video deposition transcripts delivered to defense counsel, the Undersigned cannot think of a good reason (besides the convenience of counsel) why Amazon would *require* these transcripts to be stored in the cloud storage systems of the respective court reporting companies.

Since Amazon has not met its burden to provide sufficient detail to justify the costs related to the cloud storage fees and the Undersigned is unable to determine whether the cloud storage fees were for the convenience of counsel, the Undersigned **recommends** that cloud storage fees be **denied**; a reduction of the requested costs in an amount totaling **$572.00**.

### i.  *Summary of recommended video deposition costs*

Accordingly, the Undersigned **respectfully recommends** that the costs of obtaining the videotaped depositions should be permitted, but the costs incurred merely for counsel's convenience (i.e., costs of expedited shipping and handling, color and tabbed exhibits, litigation packages, mini transcripts, ASCII formatting, rough draft transcripts, realtime fees, and cloud storage) should be **denied**.

The Undersigned has analyzed Amazon's deposition transcript records and **respectfully recommends** that $9,762.57 of the $49,744.29 requested fees for the video depositions should be **denied**, reducing the amount to **$39,981.72**.

### 3.      Printing Costs

Amazon seeks to recover $4,988.60 in printing costs under 28 U.S.C. § 1920(3); however, Amazon has the burden of demonstrating how these costs were necessarily incurred in the case. *C.f. Nolasco v. AKS Cartage Corp.*, No. 17-21728-CIV, 2018 WL 4905873, at *3 (S.D. Fla. Sept. 5, 2018) (not awarding printing costs under § 1920(3) because "the plaintiff does not provide an explanation for why these printing costs were necessarily incurred in this case"); *People for Ethical Treatment of Animals, Inc. v. Miami Seaquarium & Festival Fun Parks, LLC*, No. 15-22692-CIV, 2017 WL 7513237, at *6 (S.D. Fla. May 31, 2017), *report and recommendation adopted*, No. 1:15-CV-22692-UU, 2017 WL 7411187 (S.D. Fla. July 24, 2017) (denying printing costs where no "backup documentation" was provided for the printing, only invoices for copying, and "[a]bsent supporting documentation, Defendant has failed to provide sufficient evidence for the undersigned to evaluate the printing costs").

Since Amazon failed to provide any supporting documentation for its color or black and white printing costs besides a vague itemized chart [ECF No. 383-3, pp. 8-12], and failed to give convincing reasoning for why these prints were necessary, the Undersigned **respectfully recommends denying** Amazon's printing costs in full.

4.      Copying Costs

Amazon seeks to recover $9,360.91 for in-house and outside copying costs under

28 U.S.C. § 1920(4). Once again, Amazon has the burden of demonstrating the necessity

of these copying costs and that the costs were not simply for the convenience of counsel.

*a.  In-house copying costs (black & white and color copies)*

In its first set of copying costs, Amazon points the Undersigned to two charts (one

for black and white copies and one for color copies) of in-house copying costs totaling

$478.10. [ECF No. 393-3, pp. 13-14]. Out of the charts' collective eight entries of copying

costs, <u>only one</u> entry describes the purpose of the copying charge ("Job Id -- 3620;

Amazon's response to the motion for preliminary injunction and declarations with

exhibits"). [ECF No. 383-3, p. 13]. The remainder of the entries merely state "Photo Copy;

Reproduction Copy Charges," or a similarly vague description, as the description in the

charts' narrative section. [ECF No. 393-3, pp. 13-14].

It is not enough to claim that the copies are necessary, a party must explain <u>why</u>

the copies were necessary. *A.T.O. Golden Constr. Corp. v. Allied World Ins. Co.*, No. 17-

24223-CIV, 2019 WL 2245507, at *4 (S.D. Fla. Apr. 17, 2019) ("Here, we are unconvinced

that Plaintiff is entitled to the full amount of copying costs requested because Plaintiff

never articulates how each category of documents were used or intended to be used.");

*see also Cullens v. Georgia Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994) ("The court

did not err in disallowing the photocopying costs. Plaintiffs did not present required

evidence regarding the documents copied including their use or intended use."). Besides one entry, Amazon's copying costs charts are unhelpful and do not explain why the copy charges were necessary.

Accordingly, the Undersigned **recommends** that **$17.20** of Amazon's copying costs reflected in the charts be **granted**; the Undersigned recommends that the remaining $460.90 be **denied**.

### b. *Outside photocopy services*

In its second set of copying costs, outside photocopy services from copying vendors, Amazon provides a chart and the invoices from the copying vendors with costs totaling $7,528.43. [ECF Nos. 383-3, pp. 15-17; 383-5, pp. 97-138]. From the chart and the invoices, there are only six out of 38 entries (or listed copy jobs) that provide rough descriptions of the copies. [ECF No. 383-5, pp. 16-17]. These entries describe the copies as being made in preparation for certain depositions or hearings. *Id.* (*see* entry numbers 24, 25, 32, 33, 36, and 38). The remaining 32 entries provide no discernable description of the copied documents except for the following examples of vague descriptions: "Documents for attorney review," "Blowbacks; color copies; tabs; red wells," or "Documents requested by JNEL." *Id.* at pp. 15-17. The 32 chart entries with vague descriptions link up to similarly vague invoices. [ECF No. 383-5, pp. 97-138].

While courts do not require parties to "articulate the specific reasons for each photocopy – [a party] must do more than direct the Court to a hundred pages of invoices

and then leave it to the Court to determine whether those costs are necessary." *A.T.O. Golden Constr. Corp.,* 2019 WL 2245507, at *4 (denying the copying costs where the party failed to describe the categories of documents and provide explanation for why the copies were necessary); *Perez v. Saks Fifth Ave., Inc.,* 2011 WL 13172510, at *10 (S.D. Fla. Feb. 14, 2011) ("The undersigned will not rummage further through the photocopying invoices . . . in an attempt to guess whether the copies were necessarily produced.").

Amazon's failure to meets its burden for the vast majority of its copying costs is a sufficient basis to deny the costs requested. *See A.T.O. Golden Constr. Corp.,* 2019 WL 2245507, at *4; *Perez,* 2011 WL 13172510, at *10 ("Defendant's conclusory claim that it was necessary to make copies of the documents is insufficient to permit recovery.").

For the six copy jobs with adequate descriptions (entry numbers 24, 25, 32, 33, 36, and 38), the total fees amount to $2,982.72. For the corresponding invoices, the six invoices contain fees for the sole convenience of counsel (i.e., "custom tabs," file folders, and red wells). The Undersigned **recommends** deducting these convenience fees from the amounts on the six invoices, making the revised total of fees for the six copy jobs **$2,848.42**.

### c. *Summary of recommended copy costs*

Accordingly, the Undersigned **respectfully recommends** that **$17.20** of Amazon's in-house copying costs be **granted** as well as **$2,848.42** of Amazon's outside copying service fees, totaling **$2,865.62**.

### 5.      Interpreter Services

Amazon requests $650 in fees for Spanish language interpretation services under

28 U.S.C. § 1920(6) for interpretation services during the deposition of Wreal's Fabio

Vasco. [ECF No. 383-1, p. 9]; 28 U.S.C. § 1920(6) ("A judge or clerk of any court of the

United States may tax as costs the following: . . . compensation of interpreters, and

salaries, fees, expenses, and costs of special interpretation services under section 1828 of

this title.").

Because interpretation services are costs are permitted under § 1920(6) and Wreal

does not object to the requested costs, the Undersigned **recommends granting** the **$650**

in costs for Spanish interpretation services to Amazon.

### 6.      Interest

Finally, Amazon seeks interest on the total costs taxed against Wreal pursuant to

28 U.S.C. § 1961. *See, e.g., BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045,

1052 (11th Cir. 1994) ("When a district court taxes costs against a losing party, the award

of costs bears interest from the date of the original judgment.") (citing *Kaiser Aluminum &*

*Chemical Corp. v. Bonjorno*, 494 U.S. 827, 835 (1990) (pursuant to section 1961, "post-

judgment interest properly runs from the date of the entry of judgment"). Wreal does not

object to Amazon's contention that it is entitled to post-judgment interest at a rate of

1.95%.

Amazon is the prevailing party in this action, so the Undersigned **recommends** that the District Court find that it is statutorily entitled to post-judgment interest "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding [ ] the date of the judgment." 28 U.S.C. § 1961(a). The Undersigned **recommends** that the interest rate for Amazon's award of costs should be at the rate of 1.95%. [ECF No. 383-4].

### III.    Conclusion

For the reasons stated above, the Undersigned **respectfully recommends** that the District Court **grant in part** and **deny in part** Amazon's motion and award it **$43,497.34** in taxable costs ($20,267.08 less than the requested amount) with a post-judgment interest rate of 1.95% applied.

### IV.    Objections

The parties will have 14 days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the United States District Judge. Each party may file a response to the other party's objection within 14 days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of

justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

      **RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, on December 26, 2019.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

<u>Copies furnished to</u>:
The Honorable Joan A. Lenard
All Counsel of Record

24